# In The United States Court of Federal Claims

## Cover Sheet

Plaintiff(s) or Petitioner(s) 06-852 T

______________________________

______________________________

**If this is a multi-plaintiff case, pursuant to RCFC 20(a), please attach an alphabetized, numbered list of all plaintiffs.**

Name of the attorney of record: [See RCFC 83.1(c)] Thomas E. Redding

Firm Name: Redding & Associates

Post Office Box:

Street Address: 2914 W.T.C. Jester

City-State-Zip: Houston, Texas

Telephone & Facsimile Numbers: 713-965-9244 713-621-5227

E-mail address:

Is the attorney of record admitted to the Court of Federal Claims Bar? Yes

If **NO**, please call (202) 219-9630 for admission papers and instructions.

Nature of suit code: 2 1 2

**Select only one [three digit] nature of suit code from attached sheet and if numbers 118, 134, 226, 312, 356, or 528 are used, please explain.**

______________________________

______________________________

Government Agency Involved: T R E

**See attached Sheet for three digit code.**

Amount Claimed: $

**If to be determined, put the phrase "to be determined" in Amount Claimed Space.**

Vaccination Date: **(Vaccine Cases Only)**

If this is case related to any pending or previous case you are **required** to file a separate notice of related case(s). See RCFC 40.2

April 25, 2003

ORIGINAL

FILED
DEC 13 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RUTH C. LUCAS, Executrix of the Estate of Marvin C. Park, and | § | |
| BONNIE S. MURPHY, Executrix of the Estate of Mildred L. Park, Plaintiffs, | § | CIVIL NO. 06-852 T |
| v. | § | JUDGE ________ |
| UNITED STATES OF AMERICA, Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

1. Plaintiffs Ruth C. Lucas, Executrix of the Estate of Marvin C. Park and Bonnie S. Murphy, Executrix of the Estate of Mildred Park ("Plaintiffs" s") were citizens of the United States of America who lived at 1171 O'Ma 60047.

2. The Defendant is the United Sta

Orig

3. This is a suit arising under Sectio 402, 6230, 6404, and 6621(c) of the Internal Revenue Code[1] and the laws o States for the refund of income taxes collected from Plaintiffs.

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.



R:\DOCS\TAXCONT.T\tywd126.pa1.wpd

4. Jurisdiction is conferred upon the Court by Title 28, §§1346(a)(1) and 1491(a)(1) of the United States Code.

**COUNT ONE**
**(Calendar Year 1985)**

5. Marvin Park and Mildred Park filed a timely joint federal income tax return for calendar year 1985 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-8176 and XXX-XX-9852, respectively.

6. For 1985, Mr. Parks was a limited partner in the Crystal Star Eagle ("CSE") partnership.

7. A dispute arose between the IRS and CSE as to certain partnership items reported on the partnership's 1985 tax return and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

8. The Tax Matters Partner and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

9. On March 11, 2002, the Parks submitted an cash bond in the amount of $25,000.00 for 1985. The Parks subsequently paid their 1985 tax liability in full.

10. On May 28, 2002, Separate Forms 4810 Request for Prompt Assessment Under Internal Revenue Code Section 6501(d) for tax year 1985 were filed for Mr. and Mrs. Park.

11. On November 18, 2002, the IRS assessed tax liability of $5,153.00 against the Parks for 1985 based upon that Tax Court decision. On November 18, 2002, the IRS also assessed interest and §6621(c) penalty interest of $23,514.31 against the Parks for 1985.

12. On or about November 11, 2004, the Parks filed with the IRS claims in the amount of $5,153.00 for refund of tax and $23,714.59 for refund of interest and penalty interest described above. Copies of those refund claims are attached as Exhibits "1" and "2."

13. On December 13, 2004, the IRS notified the Parks that the 1985 claim for tax had been disallowed. A copy of the notice of disallowance is attached as Exhibit "3."

14. On September 26, 2005, the IRS notified the Parks that the 1985 claim for interest and penalty interest had been disallowed. A copy of the notice of disallowance is attached as Exhibit "4."

15. As grounds for recovery, the Parks restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1985:

A. The 1985 assessments of tax and interest and subsequent interest assessments made on and after November 18, 2002 are invalid and the amounts paid pursuant to those assessments are fully refundable to the taxpayer. The United States Court of Appeals for the Second Circuit, in *Callaway v. Commissioner*, 231 F.3d 106 (2nd Cir. 2000) has clearly ruled that in the case of deceased taxpayers, a request for prompt assessment converts partnership items to non-partnership items and an assessment thereafter by the Internal Revenue Service without the issuance of a statutory notice of deficiency is an invalid assessment and any collections made on such assessment are refundable to the taxpayers. The 1985 tax and interest assessments were made on November 18, 2002 with subsequent interest assessments thereafter. Each of these assessments was made by the Internal Revenue Service as a computational

adjustment resulting from adjustments to partnership items of the CSE partnership. Requests for Prompt Assessment on Forms 4810 covering the 1985 tax years were filed with the Internal Revenue Service by Express Mail on May 28, 2002. Both Mr. and Mrs. Park had died prior to that time. Pursuant to *Callaway v. Commissioner*, 231 F.3d 106 (2nd Cir. 2000) and all the legal authorities contained therein, the entire amounts assessed for 1985 were improperly assessed and are fully refundable.

B. Although 1985 was filed as a joint return, the refund claim was filed and signed solely on behalf of Mildred L. Park, deceased, as both the surviving spouse and the sole payor of the amounts sought to be recovered because the entire amount of the payments was made from her estate and she is entitled to this refund as the source of the tax payments under IRC §6402(a) and Revenue Rulings 74-611 and 80-8.

C. The suit is timely. It is being filed within two years from the date of disallowance.

D. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling case is the very recent Fifth Circuit Court of Appeals opinion in *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004) in which the Fifth Circuit clearly held that where the tax liability resulted from a settlement in a TEFRA partnership proceeding where the original FPAA asserted both "tax motivated" grounds for the adjustments and non-tax motivated grounds, §6621(c) penalty interest cannot be imposed! The 1985 FPAA clearly contain numerous grounds for adjustment, most of which are not "tax

motivated transaction" grounds. This case followed the Tax Court case, *McCrary v. Commissioner,* 92 T.C. 827 (1989), and its progeny. This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

E. In the alternative, even if the assessments were valid, the taxpayer(s) are not liable for the penalty portion of the interest paid under I.R.C. §6621(c). To the extent the tax deficiencies upon which the I.R.C. §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under I.R.C. §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an I.R.C. §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA.

There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in I.R.C. §6621(c) or the relevant regulations.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of I.R.C. §6621(c), no portion of the underlying tax liability was attributable to any event defined in I.R.C. §6621(c) or the regulations thereunder as a tax motivated transaction.

G. The alternative claims for partial interest refunds in paragraphs "D" through "G" are $7,443.09 for 1985.

16. Ruth C. Lucas, Executrix of the Estate of Marvin C. Park, and Bonnie S. Murphy, Executrix of the Estate of Mildred L. Park are the sole owners of the claims asserted herein against the Defendant and have made no assignment of said claim.

**COUNT TWO**
**(Calendar Year 1986)**

17. Marvin Park and Mildred Park filed a timely joint federal income tax return for calendar year 1986 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-8176 and XXX-XX-9852, respectively.

18. For 1986, Mr. Parks was a limited partner in the CSE partnership.

19. A dispute arose between the IRS and CSE as to certain partnership items reported on the partnership's 1986 tax return and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

20. The TMP and the IRS filed an agreed decision with respect to those partnership items in that Tax Court action.

21. On March 11, 2002, the Parks submitted an cash bond in the amount of $75,000.00 for 1986. The Parks subsequently paid their 1986 tax liability in full.

22. On May 28, 2002, Separate Forms 4810 Request for Prompt Assessment Under Internal Revenue Code Section 6501(d) for tax year 1986 were filed for Mr. and Mrs. Park.

23. On November 18, 2002, the IRS assessed tax liability of $16,531.00 against the Parks for 1986 based upon that Tax Court decision. On November 18, 2002, the IRS also assessed interest and §6621(c) penalty interest of $65,652.97 against the Parks for 1986.

24. On July 9, 2004, the Parks filed with the IRS a claims in he amount of $16,531.00 for refund of tax and $66,126.35 for refund of interest and penalty interest described above. Copies of those refund claims are attached as Exhibits "5" and "6."

25. On September 26, 2005, the IRS notified the Parks that the 1986 claim for interest and penalty interest had been disallowed. A copy of the notice of disallowance is attached as Exhibit "4."

26. As grounds for recovery, the Parks restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1986:

A. The 1986 assessments of tax and interest and subsequent interest assessments made on and after November 18, 2002 are invalid and the amounts paid pursuant to those assessments are fully refundable to the taxpayer. The United States Court of Appeals for the Second Circuit, in *Callaway v. Commissioner*, 231 F.3d 106 (2nd Cir. 2000)

has clearly ruled that in the case of deceased taxpayers, a request for prompt assessment converts partnership items to non-partnership items and an assessment thereafter by the Internal Revenue Service without the issuance of a statutory notice of deficiency is an invalid assessment and any collections made on such assessment are refundable to the taxpayers. The 1986 tax and interest assessments were made on November 18, 2002 with subsequent interest assessments thereafter. Each of these assessments was made by the Internal Revenue Service as a computational adjustment resulting from adjustments to partnership items of the CSE partnership. Requests for Prompt Assessment on Forms 4810 covering the 1986 tax years were filed with the Internal Revenue Service by Express Mail on May 28, 2002. Both Mr. and Mrs. Park had died prior to that time. Pursuant to *Callaway v. Commissioner*, 231 F.3d 106 (2nd Cir. 2000) and all the legal authorities contained therein, the entire amounts assessed for 1986 were improperly assessed and are fully refundable.

B. Although 1986 was filed as a joint return, the refund claim was filed and signed solely on behalf of Mildred L. Park, deceased, as both the surviving spouse and the sole payor of the amounts sought to be recovered because the entire amount of the payments was made from her estate and she is entitled to this refund as the source of the tax payments under IRC §6402(a) and Revenue Rulings 74-611 and 80-8.

C. The suit is timely. It is being filed within two years from the date of disallowance.

D. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that

would have constituted a "tax motivated transaction." The controlling case is the very recent Fifth Circuit Court of Appeals opinion in *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004) in which the Fifth Circuit clearly held that where the tax liability resulted from a settlement in a TEFRA partnership proceeding where the original FPAA asserted both "tax motivated" grounds for the adjustments and non-tax motivated grounds, §6621(c) penalty interest cannot be imposed! This case followed the Tax Court case, *McCrary v. Commissioner,* 92 T.C. 827 (1989), and its progeny. This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

E. In the alternative, even if the assessments were valid, the taxpayer(s) are not liable for the penalty portion of the interest paid under I.R.C. §6621(c). To the extent the tax deficiencies upon which the I.R.C. §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under I.R.C. §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the

extent the deficiency is based on an I.R.C. §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in I.R.C. §6621(c) or the relevant regulations.

F. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of I.R.C. §6621(c), no portion of the underlying tax liability was attributable to any event defined in I.R.C. §6621(c) or the regulations thereunder as a tax motivated transaction.

G. The alternative claims for partial interest refunds in paragraphs "D" through "G" is $19,969.52 for 1986.

27. Ruth C. Lucas, Executrix of the Estate of Marvin C. Park, and Bonnie S. Murphy, Executrix of the Estate of Mildred L. Park are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs Ruth C. Lucas, Executrix of the Estate of Marvin C. Park, and Bonnie S. Murphy, Executrix of the Estate of Mildred L. Park pray for judgment against the Defendant the United States of America in the amount of $111,524.94 or such amount allowed by law, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as

the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
TRIAL ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)