IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-852 T

(Judge Robert H. Hodges, Jr.)

RUTH C. LUCAS, Executrix of the Estate of Marvin C. Park, and
BONNIE S. MURPHY, Executrix of the Estate of Mildred L. Park,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

ANSWER

Defendant, the United States, through its attorneys, hereby answers plaintiffs' complaint. Defendant respectfully denies each and every allegation contained therein that is not admitted below. In response to particular paragraphs of the complaint, defendant further:

1. Admits the allegations in ¶ 1 that Ruth C. Lucas and Bonnie S. Murphy are plaintiffs, that Ruth C. Lucas is the executrix of the estate of Marvin C. Park, and that Bonnie S. Murphy is the executrix of the estate of Mildred Park; and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 1.

2. Admits the allegation in ¶ 2.

3. States that the allegations in ¶ 3 represent plaintiffs' characterization of the legal basis of this suit, to which no response is necessary.

4. States that jurisdiction, to the extent it exists, is conferred by 28 U.S.C. § 1491(a).

COUNT ONE
(Calendar Year 1985)

5. Admits the allegations in ¶ 5.

6. Admits the allegations in ¶ 6 that, for 1985, Marvin Park was a partner in the Crystal Star Eagle ("CSE") partnership; and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 6.

7. Admits the allegations in ¶ 7 that a dispute arose between the IRS and CSE as to partnership items reported on CSE's 1985 tax return and that suit was filed in the United States Tax Court (Docket No. 16434-96) to contest the IRS's proposed adjustments to that return; and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 7.

8. With respect to the allegations in ¶ 8, admits that, on December 7, 2001, the United States Tax Court entered a decision in Docket No. 16434-96, the body of the text of which is as follows:

**DECISION**

Pursuant to I.R.C. § 6224(c)(2), this Court's order of June 12, 1998, the agreement of the parties, and Tax Court Rule 248(b), it is

ORDERED AND DECIDED: That the following statement shows the adjustments to the partnership items of Crystal Star Eagle for the taxable years 1985 and 1986:

**1985**

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Ordinary loss | $2,733,064.00 | $1,620,000.00 |
| Tax preference item: | | |
| Accelerated depreciation | 1,460,037.00 | - 0 - |

**1986**

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Ordinary loss | $3,570,696.00 | - 0 - |
| Tax preference item: | | |
| Accelerated depreciation | 1,587,467.00 | - 0 - |

That the reason for the disallowance of ordinary loss and accelerated depreciation for 1985 and 1986 is that the partnership did not have an objective profit motive for entering into the transactions which gave rise to the disallowed deductions, and the transactions lacked economic substance.

States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 8.

9. With respect to the allegations in the first sentence of ¶ 9, admits that, on March 11, 2002, an advance remittance in the amount of $25,000 was posted to the Parks' 1985 tax account; states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of ¶ 9; with respect to the allegations in the second sentence of ¶ 9, admits that, with a remittance in the amount of $3,867.59 and posted to the Parks' 1985 tax account on March 28, 2004, the Parks fully paid all then existing tax liability for their 1985 tax year.

10. Admits the allegations in ¶ 10.

11. Admits the allegations in the first sentence of ¶ 11 that, on November 18, 2002, the IRS assessed tax of $5,153.00 against the Parks for 1985 based on the decision entered on December 7, 2001 in United States Tax Court Docket No. 16434-96; admits the allegations in the second sentence of ¶ 11 that, on November 18, 2002, the IRS also assessed interest and tax motivated interest of $23,514.31 against the Parks for 1985; and denies the remaining allegations in the second sentence of ¶ 11.

12. With respect to the allegations in the first sentence of ¶ 12, admits that, on or about November 15, 2004, the Parks filed with the IRS claims in the amount of $5,153.00 for refund of tax and $23,714.59 for refund of interest and tax motivated interest, part of the assessment of which is described *supra* (in this answer) ¶ 11; denies the remaining allegations in the first sentence of ¶ 12; with respect to the allegations in the second sentence of ¶ 12, admits that copies of components of the Parks' 1985 refund claims are attached to plaintiffs' original complaint as exhibits; and denies the remaining allegations in the second sentence of ¶ 12.

13. With respect to the allegations in the first sentence of ¶ 13, admits that, on December 13, 2004, the IRS mailed a letter to the Parks (at an address provided by the Parks' executrixes), notifying them that the IRS was unable to process their claim for refund of 1985 taxes in the amount of $5,153; denies the remaining allegations in the first sentence of ¶ 13; and denies the allegations in the second sentence of ¶ 13.

14. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of ¶ 14; and denies the allegations in the second sentence of ¶ 14.

15. With respect to the allegations in ¶ 15, admits that the Parks restate a majority of the averments set forth in the Explanation to their refund claims for 1985.

15.A. States that the allegations in the first and second sentences of ¶ 15.A. constitute conclusions of law to which no response is required; admits the allegations in the third sentence of ¶ 15.A. that assessments of 1985 taxes and corresponding interest were made on November 18, 2002 and that additional corresponding interest assessments were made subsequent to November 18, 2002; admits the allegations in the fourth sentence of ¶ 15.A. that assessments of

1985 taxes and corresponding interest made on or after November 18, 2002 were made by the Internal Revenue Service as computational adjustments based on adjustments of CSE's 1985 partnership items; admits the allegations in the fifth and sixth sentences of ¶ 15.A.; states that the allegations in the seventh sentence of ¶ 15.A. constitute conclusions of law to which no response is required.

15.B. With respect to the allegations in ¶ 15.B, admits that the Parks' 1985 tax return was a joint return, denies that the Parks' 1985 refund claims were signed solely on behalf of Mildred L. Park, states that the Parks' 1985 refund claims state that they are "filed on behalf of Mildred L. Park, Deceased as the surviving spouse of Marvin C. Park and as the sole payor of the amounts sought to be refunded, which were paid after the death of Marvin C. Park," states that its attorneys currently lack knowledge and information sufficient to form a belief as to the truth of the allegations that "the entire amount of the payments was made from her estate", and states that the remainder of the allegations constitute conclusions of law to which no response is required.

15.C. States that the allegation in the first sentence of ¶ 15.C. constitutes a conclusion of law to which no response is required; with respect to the allegations in the second sentence of ¶ 15.C., admits that this suit was filed within two years of the IRS's mailing of a letter to the Parks on December 13, 2004, notifying them that the IRS was unable to process their claim for refund of 1985 taxes in the amount of $5,153, and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of ¶ 15.C.

15.D. States that the allegations of the first and second sentences of ¶ 15.D. constitute

conclusions of law to which no response is required; with respect to the allegations in the third sentence of ¶ 15.D., admits that the FPAA issued to CSE for its 1985 taxable year determined adjustments to partnership items on multiple grounds, some of which grounds constituted tax motivated transactions under former 26 U.S.C. § 6621(c) and accompanying regulations and some of which did not; states that the allegations in the fourth, fifth, sixth, and seventh sentences of ¶ 15.D. constitute conclusions of law to which no response is required.

15.E. States that the allegations in the first and second sentences of ¶ 15.E. constitute conclusions of law and plaintiffs' characterization of the legal basis for this suit, to which no response is required; with respect to the allegation in the third sentence of ¶ 15.E., admits that the decision entered on December 7, 2001 in United States Tax Court Docket No. 16434-96 was not entered pursuant to a trial; states that the allegations in the fourth and fifth sentences of ¶ 15.E. constitute conclusions of law and plaintiffs' characterization of the legal basis for this suit, to which no response is required; states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence of ¶ 15.E. that "There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c)"; and denies the remaining allegations in the sixth sentence of ¶ 15.E.

15.F. Denies the allegations in ¶ 15.F., and states further that the allegations in ¶ 15.F. constitute conclusions of law to which no response is required.

15.G. With respect to the allegations in ¶ 15.G., admits that the Parks' 1985 refund claims included alternative claims for refund of some of the interest assessed against them for their 1985 taxable year.

16. States that its attorneys currently lack knowledge or information sufficient to

form a belief as to the truth of the allegations in ¶ 16.

**COUNT TWO**
**(Calendar Year 1986)**

17. Admits the allegations in ¶ 17.

18. Admits the allegations in ¶ 18 that, for 1986, Marvin Park was a partner in the CSE partnership, and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 18.

19. Admits the allegations in ¶ 19 that a dispute arose between the IRS and CSE as to partnership items reported on CSE's 1986 tax return and that suit was filed in the United States Tax Court (Docket No. 16434-96) to contest the IRS's proposed adjustments to that return; and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 19.

20. With respect to the allegations in ¶ 20, states that, on December 7, 2001, the United States Tax Court entered a decision in Docket No. 16434-96, the body of the text of which is as follows:

**DECISION**

Pursuant to I.R.C. § 6224(c)(2), this Court's order of June 12, 1998, the agreement of the parties, and Tax Court Rule 248(b), it is

ORDERED AND DECIDED: That the following statement shows the adjustments to the partnership items of Crystal Star Eagle for the taxable years 1985 and 1986:

**1985**

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Ordinary loss | $2,733,064.00 | $1,620,000.00 |
| Tax preference item: | | |
| Accelerated depreciation | 1,460,037.00 | - 0 - |

**1986**

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Ordinary loss | $3,570,696.00 | - 0 - |
| Tax preference item: | | |
| Accelerated depreciation | 1,587,467.00 | - 0 - |

That the reason for the disallowance of ordinary loss and accelerated depreciation for 1985 and 1986 is that the partnership did not have an objective profit motive for entering into the transactions which gave rise to the disallowed deductions, and the transactions lacked economic substance.

States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 20.

21. With respect to the allegations in the first sentence of ¶ 21, admits that, on March 11, 2002, an advance remittance in the amount of $75,000 was posted to the Parks' 1986 tax account; states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of ¶ 21; with respect to the allegations in the second sentence of ¶ 21, admits that, with a remittance in the amount of $7,576.35 and posted to the Parks' 1986 tax account on March 28, 2004, the Parks fully paid all then existing tax liability for their 1986 tax year.

22. Admits the allegations in ¶ 22.

23. Admits the allegations in the first sentence of ¶ 23 that, on November 18, 2002, the IRS assessed tax of $16,531.00 against the Parks for 1986 based on the decision entered on December 7, 2001 in United States Tax Court Docket No. 16434-96; admits the allegations in the second sentence of ¶ 23 that, on November 18, 2002, the IRS also assessed interest and tax motivated interest of $65,652.97 against the Parks for 1986; and denies the remaining allegations in the second sentence of ¶ 23.

24. With respect to the allegations in the first sentence of ¶ 24, admits that, on or about November 15, 2004, the Parks filed with the IRS claims in the amount of $16,531.00 for refund of tax and $66,126.35 for refund of interest and tax motivated interest, part of the assessment of which is described *supra* (in this answer) ¶ 23; denies the remaining allegations in the first sentence of ¶ 24; with respect to the allegations in the second sentence of ¶ 24, admits that copies of components of the Parks' 1986 refund claims are attached to plaintiffs' original complaint as exhibits; and denies the remaining allegations in the second sentence of ¶ 24.

25. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of ¶ 25; and denies the allegations in the second sentence of ¶ 25.

26. With respect to the allegations in ¶ 26, admits that the Parks restate a majority of the averments set forth in the Explanation to their refund claims for 1986.

26.A. States that the allegations in the first and second sentences of ¶ 26.A. constitute conclusions of law to which no response is required; admits the allegations in the third sentence of ¶ 26.A. that assessments of 1986 taxes and corresponding interest were made on November 18, 2002 and that additional corresponding interest assessments were made subsequent to November 18, 2002; admits the allegations in the fourth sentence of ¶ 26.A. that assessments of 1986 taxes and corresponding interest made on or after November 18, 2002 were made by the Internal Revenue Service as computational adjustments based on adjustments of CSE's 1986 partnership items; admits the allegations in the fifth and sixth sentences of ¶ 26.A.; states that the allegations in the seventh sentence of ¶ 26.A. constitute conclusions of law to which no response is required.

26.B. With respect to the allegations in ¶ 26.B, admits that the Parks' 1986 tax return was a joint return, denies that the Parks' 1986 refund claims were signed solely on behalf of Mildred L. Park, states that the Parks' 1986 refund claims state that they are "filed on behalf of Mildred L. Park, Deceased as the surviving spouse of Marvin C. Park and as the sole payor of the amounts sought to be refunded, which were paid after the death of Marvin C. Park," states that its attorneys currently lack knowledge and information sufficient to form a belief as to the truth of the allegations that "the entire amount of the payments was made from her estate", and states that the remainder of the allegations constitute conclusions of law to which no response is required.

26.C. States that the allegation in the first sentence of ¶ 26.C. constitutes a conclusion of law to which no response is required; and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of ¶ 26.C.

26.D. States that the allegations in ¶ 26.D. constitute conclusions of law to which no response is required.

26.E. States that the allegations in the first and second sentences of ¶ 26.E. constitute conclusions of law and plaintiffs' characterization of the legal basis for this suit, to which no response is required; with respect to the allegation in the third sentence of ¶ 26.E., admits that the decision entered on December 7, 2001 in United States Tax Court Docket No. 16434-96 was not entered pursuant to a trial; states that the allegations in the fourth and fifth sentences of ¶ 26.E. constitute conclusions of law and plaintiffs' characterization of the legal basis for this suit, to which no response is required; states that its attorneys currently lack knowledge or

information sufficient to form a belief as to the truth of the allegations in the sixth sentence of ¶ 26.E. that "There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c)"; and denies the remaining allegations in the sixth sentence of ¶ 26.E.

26.F. Denies the allegations in ¶ 26.F., and states further that the allegations in ¶ 26.F. constitute conclusions of law to which no response is required.

26.G. With respect to the allegations in ¶ 26.G., admits that the Parks' 1986 refund claims included alternative claims for refund of some of the interest assessed against them for their 1986 taxable year.

27. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 27.

JURISDICTIONAL DEFENSES

28. This Court lacks subject matter jurisdiction, insofar as the complaint seeks a refund of tax and interest based on failure to issue a notice of deficiency before assessment, if plaintiffs' refund claims were not filed with the IRS within the period/s of limitation prescribed in 26 U.S.C. § 6511.

29. This Court lacks subject matter jurisdiction, insofar as the complaint seeks in the alternative a refund of tax motivated interest, because plaintiffs' refund claims were filed with the IRS outside the period/s of limitation prescribed in 26 U.S.C. § 6230(c).

30. This Court lacks subject matter jurisdiction, insofar as the complaint seeks in the alternative a refund of tax motivated interest, because plaintiffs bear the burden to demonstrate that their underpayments are not attributable to tax motivated transactions, and they are barred from attempting to do so in this partner level proceeding, because it was determined at the

partnership level that plaintiffs' disallowed deductions were attributable to tax motivated partnership transactions.

AFFIRMATIVE DEFENSES

31. Plaintiffs are barred by the doctrine of *res judicata* or *collateral estoppel* from seeking a refund of tax and interest, because plaintiffs are bound by the December 7, 2001 decision of the United States Tax Court in Docket No. 16434-96.

Respectfully submitted,

s/Bart D. Jeffress
BART D. JEFFRESS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

s/Steven I. Frahm
Of Counsel

April 13, 2007