IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-852 T

(Judge Robert H. Hodges, Jr.)

RUTH C. LUCAS, Executrix of the Estate of Marvin C. Park, and
BONNIE S. MURPHY, Executrix of the Estate of Mildred L. Park,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

JOINT PRELIMINARY STATUS REPORT

Pursuant to RCFC App. A, Part III, ¶¶ 4 and 5, the parties hereby provide the following Joint Preliminary Status Report:

¶ 4

**(a) Jurisdiction**:

**Plaintiffs**: Plaintiffs assert the Court has jurisdiction pursuant to 28 U.S.C. §1346(a)(1) and 1491(a) and that the refund claims were timely filed.

**Defendant**: In defendant's view, there are several questions regarding the Court's jurisdiction over plaintiffs' complaint, including: 1) whether, insofar as the complaint seeks a refund of tax and interest based on failure to issue a notice of deficiency before assessment, plaintiffs' refund claims were filed with the IRS within the period/s of limitation prescribed in 26 U.S.C. § 6511; 2) whether, insofar as the complaint seeks in the alternative a refund of tax

motivated interest, plaintiffs' refund claims were filed with the IRS within the period/s of limitation prescribed in 26 U.S.C. § 6230(c); 3) whether, insofar as the complaint seeks in the alternative a refund of tax motivated interest, plaintiffs are barred in this partner level proceeding from proving that their underpayments are not attributable to tax motivated transactions, because it was determined at the partnership level that plaintiffs' disallowed deductions (and thus any resulting underpayment) were attributable to tax motivated partnership transactions. Related to the jurisdictional questions is whether plaintiffs are barred by statute or the doctrine of *res judicata* or *collateral estoppel* from seeking a refund of tax and interest, because plaintiffs are bound by the December 7, 2001, decision of the United States Tax Court in Docket No. 16434-96.

**(b) Consolidation**: The parties do not believe this case should be consolidated with any other cases.

**(c) Bifurcation of liability and damages**: While there are no distinct issues of "liability and damages" to be tried, the parties recommend that the Court first adjudicate plaintiffs' claim for refund of tax and interest based on failure to issue a notice of deficiency before assessment, and then, only if the resolution of that claim is in defendant's favor, adjudicate plaintiffs' alternative claim for refund of tax motivated interest. The basis of this proposal is to preserve party and judicial resources, for, if plaintiffs prevail on their deficiency notice claim, the alternative tax motivated interest claim becomes moot. A proposed schedule for the adjudication of plaintiffs' deficiency notice claim is set forth below.

**(d) Deferral of proceedings**: Further proceedings in this case should not be deferred.

**(e) Remand or suspension**: Not applicable, as this case is a tax refund action.

**(f) Additional parties**: No additional parties will be joined.

**(g) Dispositive motions**:

**Plaintiffs**: Plaintiffs believe this case can be decided on motion/s for summary judgment.

**Defendant**: Defendant believes it is likely that this case can be decided on motions to dismiss and/or for summary judgment, after a relatively brief period of discovery.

**(h) Factual and legal issues**:

**Plaintiff:** Plaintiffs assert that the estates of Marvin C. Park and Mildred L. Park filed requests for prompt assessment of tax, which converted all partnership items to nonpartnership items pursuant to 26 U.S.C. § 6231(c)(1)(e). Therefore, under 26 U.S.C. § 6230(a)(2)(A)(ii), the IRS was required to issue a notice of deficiency before an assessment could lawfully be made. No notice of deficiency was issued. In the alternative, if a notice of deficiency was not required, the decision of the United States Tax Court in docket no. 16434-96 did not determine at the partnership level that plaintiffs' disallowed deductions were attributable to tax motivated transactions and that no basis for imposing the § 6621(c) penalty rate of interest is applicable. Plaintiffs also assert that their claim for a partial refund of interest is not a claim subject to the 6

month statute of limitations under 26 U.S.C. § 6230(c) and is timely under 26 U.S.C. § 6511 or whatever statute of limitations applies.

**Defendant:** The ultimate issue in a tax refund suit is whether the taxpayers can establish that they overpaid their taxes for the year/s in suit. Factual and legal issues include the jurisdictional questions described above in defendant's statement in ¶ 4(a) and: 1) whether plaintiffs' partnership items converted to non-partnership items upon their filing of requests for prompt assessment; 2) whether issuance of a notice of deficiency was required prior to assessing taxes and interest against plaintiffs; and 3) whether plaintiffs' disallowed partnership deductions (and resulting tax underpayments) were attributable to one or more tax motivated transactions.

**(i)** **<u>Settlement</u>**: Settlement appears unlikely at this time. The parties do not contemplate alternative dispute resolution.

**(j)** **<u>Trial</u>**: As indicated *supra*, at present, the parties believe this case will be decided on one or more dispositive motions. The parties do not request an expedited trial schedule.

**(k)** **<u>Electronic case management</u>:** There are no special issues regarding electronic case management needs.

**(l)** **<u>Other information</u>:** None.

¶ 5

**Discovery Plan:**

As noted above, plaintiffs' complaint makes two types of claims: 1) a claim for refund of tax and interest based on failure to issue a notice of deficiency before assessment; and 2) an alternative claim for refund of tax motivated interest. If plaintiffs prevail on the first, the second becomes moot. Accordingly, the parties propose that a schedule for discovery and briefing of motions be entered for plaintiffs' deficiency notice claim, and, if that claim is resolved in favor of defendant, that the parties submit a joint status report within 30 days of such resolution in which they propose a schedule for further proceedings on plaintiffs' tax motivated interest claim.

In furtherance of the parties' recommendation, the parties propose the following discovery and briefing schedule, which is limited to plaintiffs' deficiency notice claim:

– Initial Disclosures, July 12, 2007

– Close of Discovery, November 16, 2007

– Plaintiffs' Summary Judgment Motion, on or before December 17, 2007

– Defendant's Cross-Motion for Summary Judgment and/or Motion to Dismiss, on or before January 21, 2008

– Response/s and Reply/ies thereafter due pursuant to RCFC 7.2(c).

Plaintiffs' attorney has consented to defendant's attorney filing and signing this Joint Preliminary Status Report on his behalf.

Respectfully submitted,

06/07/2007 s/Thomas E. Redding by s/Bart D. Jeffress
Date
THOMAS E. REDDING
Redding & Associates, P.C.
2914 W.T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (fax)

Attorney for Plaintiffs

06/07/2007 s/Bart D. Jeffress
Date
BART D. JEFFRESS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

06/07/2007 s/Steven I. Frahm
Date
Of Counsel

Attorneys for Defendant