| Name, relationship & place of residence | Age of minor | Portion of estate |
|---|---|---|
| Peter W. Murphy, Trustee of the Mildred L. Park Declaration of Trust dated November 26, 1986<br>428 Tallgrass Circle<br>Lake Zurich, Illinois 60047 | | 100% |

(c) Affiant is unaware of any dispute or potential conflict as to the heirship or will of the decedent.

11. The property described in paragraph 6 of this affidavit should be distributed as follows:

| Name | Specific sum or property to be distributed |
|---|---|
| Peter W. Murphy, Trustee of the Mildred L. Park Declaration of Trust dated November 26, 1986<br>428 Tallgrass Circle<br>Lake Zurich, Illinois 60047 | 100% |

The foregoing statement is made under penalties of perjury.*

Signature of Affiant

*(Note: A FRAUDULENT STATEMENT MADE UNDER THE PENALTIES OF PERJURY IS PERJURY, AS DEFINED IN SECTION 32-2 OF THE CRIMINAL CODE OF 1961 [720 ILCS 5/32-21]).

Prepared by:
MANETTI & GRIFFITH, LTD.
2311 West 22nd Street
Suite 217
Oak Brook, Illinois 60523
(630) 573-5300

Form **4810** (Rev. Dec 1999)

Department of the Treasury Internal Revenue Service

# Request for Prompt Assessment Under Internal Revenue Code Section 6501(d)

*(Please see instructions)*

OMB Clearance Number 1545-0430

TO

Director, Internal Revenue Service
Kansas City, MO 64999-0002

Kind of tax

Income

Tax returns for which prompt assessment of any additional tax is requested

| Form Number | Tax Period Ended | Social Security or Employer Identification Number | Name and Address Shown on Return | Internal Revenue Service Office Where Filed | Date Filed |
|---|---|---|---|---|---|
| 1040 | 1985 | | Mildred L. Park<br>230 Caroline Avenue<br>Elmhurst, IL 60126 | Kansas City, MO<br>64999 | 4-15-86 |
| 1040 | 1986 | | Mildred L. Park<br>230 Caroline Avenue<br>Elmhurst, IL 60126 | Kansas City, MO<br>64999 | 4-15-87 |
| 1040 | 1987 | | Mildred L. Park<br>230 Caroline Avenue<br>Elmhurst, IL 60126 | Kansas City, MO<br>64999 | 4-15-88 |

Remarks

*If applicable, please provide the following information* ▶

Spouse's name *(surviving or deceased)*: Marvin C. Park, deceased

Spouse's social security number:

If the forms listed above are corporation income tax returns, please check one of the boxes below

☐ Dissolution has been completed.

☐ Dissolution has begun and will be completed either before or after the 18-month period of limitation.

☐ Dissolution has not begun but is expected by the expiration of the 18-month period of limitation; dissolution will begin before the period expires and will be completed either before or after that period expires.

I have attached the following item(s) to help expedite action on my request:

☐ Letters testamentary, or

☐ Letters of administration

☐ Copies of returns listed above *(See **"What to File"** on the back)*

☒ Other: 1. Last Will and Testament
2. Small Estate Affidavit

I request a prompt assessment of any additional tax for the kind of tax and periods shown above, as provided by section 6501 (d) of the Internal Revenue Code.

Requester's name and address

Bonnie S. Murphy, Executrix for the Estate of Mildred L. Park
c/o Peter Murphy
428 Tallgrass Circle
Lake Zurich, Illinois 60047

Requester's signature: Bonnie S. Murphy

Date: 4/8/02

Title

Executrix for the Estate of Mildred L. Park



ISA
STF FED5301F

STATE OF ILLINOIS )

LAKE COUNTY ) ss

)

I, Sally D. Coffelt, Clerk of the Circuit Court of the Nineteenth Judicial Circuit of Illinois in and for said County in the State of aforesaid and keeper of the records and seal thereof , do hereby certify the foregoing to be a true perfect and complete copy of an instrument purporting to be the Last Will of,MILDRED L. PARK, deceased filed DECEMBER 19,2001.

In testimony whereof I have hereunto set my hand and affixed the seal of said Court at my office in Waukegan in said County this 21st day of December, A.D. 2001

# LAST WILL AND TESTAMENT
# OF
# MILDRED L. PARK

I, **MILDRED L. PARK**, of Lake Barrington Woods, Illinois, being of sound and disposing mind and memory, do make, publish and declare this to be my Last Will and Testament, hereby revoking and annulling any and all prior Wills and Codicils by me made.

## ARTICLE I

### Personal Effects

I give and bequeath all of my personal and household effects of every kind including but not limited to boats, automobiles, and other vehicles, household furniture and furnishings, silverware, china, glass, books, pictures, jewelry, watches, and wearing apparel which I own at the date of my death, together with all insurance policies which are in force at the date of my death insuring any of the herein bequeathed property against any loss or liability, to my children who shall survive me by thirty (30) days, to be divided among them as they shall agree. If my children do not agree to the division of the said property among themselves, my Executor shall make such division among them, the division by my Executor to be in all respects binding upon my issue. There shall be no adjustment among my then living children in the event any child shall receive under this provision property of greater value than another child. I may leave a memorandum listing some or all of the items provided in this Article I that I wish certain persons to have and request that my wishes as set forth in the memorandum be observed.

## ARTICLE II

### Debts, Expenses and Taxes

I direct my Executor to pay out of the principal of my estate passing hereunder, after satisfaction of any gifts made pursuant to Article I, all my just debts (except such of them as shall be secured by any mortgage, lien or other encumbrance and/or which shall not have become due and payable at the date of my death), funeral expenses and costs of administration, including ancillary administration. My Executor shall also pay out of the principal of my estate after satisfaction of any gifts made in Article

I, or make deposits therefrom to secure such payments, all estate, inheritance, transfer and succession taxes including any penalties thereon, which may be assessed in any way by reason of my death, except that amount, if any, by which such taxes shall be increased as a result of the inclusion of property in which I may have a qualifying income interest for life or over which I may have a power of appointment, which shall be paid by the person holding or receiving that property. Interest and penalties concerning any tax shall be paid and charged in the same manner as the tax. I authorize my Executor to take such action as may be necessary to collect payments for these items from the legatees and beneficiaries responsible therefor, and my Executor may withhold such amounts from any property otherwise distributable to any legatee or beneficiary hereby made responsible for such payment. My Executor shall not seek to recover any part of such payments from any other person or persons. My Executor shall not reimburse any person interested in any insurance policy on account of the application of any of the proceeds or surrender value of such policy in satisfaction of any indebtedness to which such policy is subject, nor shall said person be subrogated to the rights of the creditor in any collateral because of such indebtedness. If my Executor shall be compelled at any time to pay any tax, interest or penalty with respect to my estate, my Executor shall be entitled to be reimbursed from the property of my estate, or if the property of my estate be then insufficient or if my estate be then distributed, my Executor shall be reimbursed by the person or persons to whom such property shall have been distributed to the extent of the amount received by each such person. My Executor, before making any distribution of either income or principal from my estate, may accordingly require an undertaking by said person or persons in form satisfactory to my Executor to reimburse her for all such taxes and penalties, or my Executor may withhold distribution pending release of any tax lien or the determination of any tax controversy.

## ARTICLE III

## Residuary Estate

§1 **Pour-Over to Revocable Trust.** I give, devise and bequeath all the rest, residue and remainder of my estate, of whatever kind and character, whether real, personal or mixed, and wheresoever located, of which I shall be seized or possessed or to which I shall be entitled in any way at the date of my death (excluding any property over which I may have a power of appointment, it being my intention not to exercise any such power, but including any lapsed bequest hereunder) all of which is hereinafter referred to as my "residuary estate," to the Trustee under a certain Trust Agreement, as heretofore executed on the 26th day of July, 2001, by and between myself as Grantor and Trustee, which created the FIRST AMENDMENT TO THE FIRST RESTATEMENT OF THE MILDRED L. PARK REVOCABLE TRUST DATED NOVEMBER 26, 1986, to be added to and become a part of the trust estate of said trust, and to be held, administered





01W2901147

and distributed pursuant to the provisions of said Trust Agreement as it shall have been last amended prior to my death.

§2 **Alternative Disposition**. If, prior to the date of my death, the said MILDRED L. PARK REVOCABLE TRUST shall have been revoked or otherwise terminated, or if for any other reason the gift, devise and bequest to the Trustee under said Trust Agreement shall fail or shall be legally ineffective, I give, devise and bequeath my residuary estate to PETER W. MURPHY of Lake Zurich, Illinois, or his named successor, as Trustee, to be held and disposed of pursuant to the terms and conditions of said Trust Agreement as they exist as of the date of this instrument, which terms and conditions are hereby expressly incorporated herein by this reference.

## ARTICLE IV

### Executor

§1 **Appointment of Executor**. I hereby nominate and appoint BONNIE S. MURPHY of Lake Zurich, Illinois as Executor of this my Last Will. In the event of the death, resignation, refusal, failure, or inability of BONNIE S. MURPHY to act as Executor, then the following, one at a time and in the order named, shall act as successor Executor in her place and stead:

(a) DAWN M. HOFFMAN of Cincinnati, Ohio; and

(b) PETER W. MURPHY of Lake Zurich, Illinois.

§2 **Meaning of Executor**. Wherever reference is made herein to my "Executor," such reference shall be deemed to include any and all successor Executors and Co-Executors at any time qualified to act and acting as Executor of this my Last Will and Testament and shall also include any Administrator with the Will Annexed and the time being in office, and each such successor Executor and Administrator with the Will Annexed shall, immediately upon qualification as such, be vested with all the powers, rights and duties as if originally named as the Executor hereof.

§3 **Exculpatory Clause**. My Executor shall not be liable for any loss to my estate occasioned by acts in good faith in the administration of my estate, or in reliance on an opinion of counsel, and in any event my Executor shall be liable only for willful wrongdoing, or gross negligence, but not for honest errors of judgment.

§4 **Executor's Compensation and Expenses**. My Executor shall be entitled to receive from my estate a fair and just compensation for services rendered as Executor,

and my Executor shall also be reimbursed for all reasonable expenses incurred in the management, protection and distribution of my estate.

§5 **Executor's Powers.** In addition to the powers confirmed by the law upon executors, and not by way of limitation thereof, my Executor is hereby authorized, in her sole discretion to exercise, the following powers without approval by or authorization of any court:

(a) to make any division or distribution of my estate in kind, or partly in kind and partly in money, and to determine the value of any property so divided or distributed;

(b) to hold, manage, improve, repair and control all property, real or personal, at any time forming a part of my estate;

(c) to continue to hold any or all property (real or personal) owned by me, even though same be of a kind not usually considered suitable for executors to select or hold, or be a larger proportion in one or more investments than my Executor should hold;

(d) to sell at public or private sale, to grant options to purchase, and to convey any and all of the property at any time forming a part of my estate for such price and upon such terms as my Executor shall determine;

(e) to lease any tangible personal property at any time forming a part of my estate upon such terms as my Executor shall determine;

(f) to open accounts, margin or otherwise, with brokerage firms, banks or others, and to invest the funds of my estate in, and to conduct, maintain and operate these accounts for the purchase, sale and exchange of stocks, bonds, and other securities, and in connection therewith to borrow money, obtain guarantees, and engage in all other activities necessary or incidental to conducting, maintaining and operating these accounts;

(g) to determine whether receipts shall constitute principal or income, and whether expenses are properly chargeable to principal or income (except as otherwise provided herein, my Executor shall be governed in such determinations by the provisions of the Uniform Principal and Income Act where applicable and from time to time existing, but in all cases not governed by such Act, my Executor is hereby authorized to determine what shall be charged or credited to income and what to principal, and the determination of my Executor shall be conclusive upon all persons); to establish out of income and credit to principal reasonable reserves for the

depreciation of tangible property; to amortize premiums paid on the purchase of securities or other property; provided, however, any capital gain dividends from investments in mutual funds, common trust funds or real estate investment trusts shall be deemed principal;

(h) to borrow money from any source (including my Executor), to extend or renew any existing indebtedness, and to mortgage, or pledge any property at any time forming a part of my estate;

(i) to settle, compromise, contest or abandon claims or demands in favor of or against my estate;

(j) to sell, convey, release, mortgage, encumber, lease, partition, improve, manage, protect and subdivide any real estate, interests therein or parts thereof;

(k) to invest and reinvest my estate wholly or partially in common stocks or in any other type or types of assets, including but not limited to bonds, notes, debentures, mortgages, preferred stocks, or other property, real or personal, either within or without the state of Illinois as my Executor may deem advisable without being limited by any statute or rule of law regarding investments by executors;

(l) to employ and pay reasonable compensation to such agents, accountants, attorneys, investment counsel and others, as may be reasonably necessary or desirable in managing, settling and protecting my estate;

(m) to cause any securities or other property which may at any time form a part of my estate to be issued, held, or registered in the name of my Executor without indication of any fiduciary capacity, or in the name of a nominee, or in such form that title will pass by delivery;

(n) to make loans in such amounts, upon such terms, at such rates of interest, and to such persons, partnerships, corporations, trusts or estates as my Executor may deem advisable; to own and pay premiums on insurance on the life of any person; and

(o) to claim any expenses of administration of my estate either as deductions upon an income tax return or returns or as deductions from my gross estate upon an estate tax return, and to exercise any other elections available under any tax law, in such manner as in the sole judgment of my Executor will achieve an overall reduction in income and death taxes for the benefit of my estate, and I hereby direct that no adjustment between income and

principal or in the amount of any bequest under this my Last Will shall be required or made as a result of any such election.

§6 **Bond of Executor**. I direct that no Executor herein designated shall be required to give any bond, and if notwithstanding this direction, any bond is required by any law, statute or rule of court I direct that no surety be required thereon.

## ARTICLE V

## Construction

§1 **Pronouns**. As used herein, the pronouns "he" "his" and "him" shall include the feminine, neuter and plural thereof wherever the context and facts require such construction.

§2 **Headings**. The headings, titles and subtitles herein are inserted for convenience of reference only and are to be ignored in any construction of the provisions hereof.

§3 **Children**. As used herein, the terms "child," "children" or "child or children" are intended to include my two (2) children now living, namely: DAWN M. HOFFMAN and BONNIE S. MURPHY.

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed my seal to this my Last Will and Testament, consisting of seven (7) pages, this page included for purposes of attestation, and for purposes of identification I have placed my initials at the foot of each preceding page, all this 26th day of July, 2001.

Mildred L Park

MILDRED L. PARK

We hereby certify that the foregoing instrument was in the presence of us on the date last above written, signed, sealed, published, and declared by MILDRED L. PARK to be her Last Will and Testament, and requested us to act as witnesses thereto, and we in her presence, and in the presence of each other, believing her then to be of sound mind and memory, acting voluntarily and not under duress or constraint of any kind, saw her sign the said instrument as aforesaid, and thereupon hereunto subscribed our names as attesting witnesses to said Last Will and Testament.

Missy Hale residing at 1531 S Prospect Wheaton IL 60187

Judith Ann Glatzak residing at 318 W Jackson Elmhurst IL 60126

Margaret Neuman residing at 27W266 Jefferson Ct. Winfield IL 60190



01W2901152

**STATE OF ILLINOIS** )
) ss.
**COUNTY OF DU PAGE** )

## AFFIDAVIT

We, the attesting witnesses to the Will of MILDRED L. PARK on oath state that each of us was present on this 26th day of July, 2001, and saw the Testator sign the Will, to which this affidavit is attached, in our presence; that the Will was attested by each of us in the presence of the Testator; and that each of us believed the Testator to be of sound mind and memory at the time the Will was signed.

SUBSCRIBED AND SWORN to
before me this 26$^{h}$ day
of July, 2001.

Notary Public

"OFFICIAL SEAL"
KIMBERLY S. COOGAN
Notary Public, State of Illinois
My Commission Expires Mar. 10, 2002



01W2901153

F:\DOCS\NONLITIG\ESTATE\EstParkMildred\AffidavitSmallEst.wpd

State of Illinois )
) ss
County of Lake )

**SMALL ESTATE AFFIDAVIT**

I, Bonnie S. Murphy, on oath state:

(1) (a) my post office address is 428 Tallgrass Circle, Lake Zurich, Illinois;

(b) my residence address is 428 Tallgrass Circle, Lake Zurich, Illinois;

(c) I submit myself to the jurisdiction of Illinois courts for all matters related to the preparation and use of this Affidavit. My agent for service of process is: Kimberly S. Coogan, Manetti & Griffith, Ltd., 2311 West 22nd Street, Suite 217, Oak Brook, Illinois, 60523.

I understand that if no person is named above as my agent for service, or if for any reason, service on the named person cannot be effectuated, the attorney who prepared this Affidavit on my behalf is recognized by Illinois law as my agent for the service of process.

(2) The decedent's name is Mildred L. Park;

(3) The date of decedent's death was November 13, 2001, and I have attached a copy of the death certificate hereto.

(4) The decedent's place of residence immediately before death was 22320 Classic Ct., Apt. 451, Lake Barrington Woods, Illinois, 60010;

(5) No letters of office are now outstanding on the decedent's estate and no petition for letters is contemplated or pending in Illinois or in any other jurisdiction, to my knowledge.

(6) The gross value of the decedent's entire personal estate, including the value of all property passing to any party either by intestacy or under a will, does not exceed $50,000.00:

| | |
|---|---|
| Harris Bank Cary-Grove<br>Checking account number 0700466670 | $31,848.00 |
| Regions Bank, Hot Springs, AR<br>Certificate of Deposit number 679315970 | 11,100.00 |
| Total | $42,948.00 |

(7) (a) All of the decedent's funeral expenses have been paid; or

~~(b) The amount of the decedent's unpaid funeral expenses and the name and post office address of each person entitled thereto are as follows:~~

(Strike either 7(a) or 7(b).)

(8) There is no known, unpaid claimant or contested claim against the decedent, except as stated in paragraph 7.

(9) (a) The names and places of residence of any surviving spouse, minor children and adult dependent children of the decedent as follows:

| Name and Relationship | Place of Residence | Age of Minor Children |
|---|---|---|
| None | | |

(b) The award allowable to the surviving spouse of a decedent who was an Illinois resident is $ N/A ($10,000.00 plus $5,000.00 multiplied by the number of minor children and adult dependent children who reside with the surviving spouse at the time of the decedent's death. If any such child did not reside with the surviving spouse at the time of the decedent's death, so indicate).

(c) If there is no surviving spouse, the award allowable to minor children and adult dependent children of a decedent who was an Illinois resident is $ N/A ($10,000.00 plus $5,000.00 multiplied by the number of minor children and adult dependent children) to be divided among them in equal shares.

10. ~~(a) The decedent left no will. The names, places of residence and relationship of the decedent's heirs, and the portion of the estate to which each heir is entitled under the law where decedent died intestate are as follows:~~

| ~~Name, relationship & place of residence~~ | ~~Age of minor~~ | ~~Portion of estate~~ |
|---|---|---|

(or)

(b) The decedent left a will, which has been filed with the clerk of an appropriate court. A certified copy of the will on file is attached. To the best of my knowledge and belief, the will on file is the decedent's last will and was signed by the decedent and attesting witnesses as required by law and would be admissible to probate. The names and places of residence of the legatees and the portion of the estate, if any, to which each legatee is entitled are as follows:

| Name, relationship & place of residence | Age of minor | Portion of estate |
|---|---|---|
| Peter W. Murphy, Trustee of the Mildred L. Park Declaration of Trust dated November 26, 1986<br>428 Tallgrass Circle<br>Lake Zurich, Illinois 60047 | | 100% |

(c) Affiant is unaware of any dispute or potential conflict as to the heirship or will of the decedent.

11. The property described in paragraph 6 of this affidavit should be distributed as follows:

| Name | Specific sum or property to be distributed |
|---|---|
| Peter W. Murphy, Trustee of the Mildred L. Park Declaration of Trust dated November 26, 1986<br>428 Tallgrass Circle<br>Lake Zurich, Illinois 60047 | 100% |

The foregoing statement is made under penalties of perjury.*

Bonnie S. Murphy
Signature of Affiant

*(Note: A FRAUDULENT STATEMENT MADE UNDER THE PENALTIES OF PERJURY IS PERJURY, AS DEFINED IN SECTION 32-2 OF THE CRIMINAL CODE OF 1961 [720 ILCS 5/32-21]).

Prepared by:
MANETTI & GRIFFITH, LTD.
2311 West 22nd Street
Suite 217
Oak Brook, Illinois 60523
(630) 573-5300