010

Form **4549A** Department of the Treasury - Internal Revenue Service

# Income Tax Examination Changes

Page 1 of 2

| Name and Address of Taxpayer | SS or EI Number | Return Form No: |
|---|---|---|
| MARVIN C DECD & MILDRED L DECD PARK<br>BONNIE MURPHY EXEC<br><br>428 TALL GRASS CIR<br>LAKE ZURICH IL 60047-2835-28 | [redacted]0-8176 | 1040 |
| | Person with whom examination changes were discussed. | Name and Title: |

| | Period End 12/31/1986 | Period End | Period End |
|---|---|---|---|
| **1. Adjustments to Income** | | | |
| a. ORDINARY INCOME, #13-3558089 | 33,062.00 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| 2. **Total Adjustments** | 33,062.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 200,913.00 | | |
| 4. **Corrected Taxable Income** | 233,975.00 | | |
| Tax Method | TAX RATE | | |
| Filing Status | Joint | | |
| 5. **Tax** | 96,916.00 | | |
| 6. Additional Taxes / Alternative Minimum Tax | | | |
| 7. Corrected Tax Liability | 96,916.00 | | |
| 8. **Less Credits** a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| 9. **Balance** (Line 7 less total of lines 8a through 8d) | 96,916.00 | | |
| 10. Plus Other Taxes a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| 11. **Total Corrected Tax Liability** (line 9 plus line 10a - 10d) | 96,916.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 80,385.00 | | |
| 13. Adjustments to: a. Special Fuels Credit | | | |
| b. | | | |
| c. | | | |
| 14. **Deficiency-Increase in Tax** or (Overassessment Decrease in Tax) (Line 11 less 12 adjusted by 13) | 16,531.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. **Balance Due or (Overpayment)** (Line 14 adjusted by Line 15) ( Excluding interest and penalties) | 16,531.00 | | |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

RGS Version 3.10.02

Form CG-4549A

Exhibit C Pg. 3

Name of Taxpayer: MARVIN C DECD & MILDRED L DECD PARK 10/23/2002
Identification Number: [redacted]8176 Total 3.10.02

## HOW TO PAY YOUR TAXES

If you agree with our examination, pay now by sending a check or money order and your signed agreement. The enclosed report does not reflect any balance currently due on your account.

Why it is to your advantage to pay now:

- Decreases future interest charges
- Prevents assessment of failure to pay penalty
- Reduces payment of nondeductible interest
- Eliminates further contact with us

If you agree with our examination and cannot pay now:

1) Can you pay the full amount within 120 days? [ ] Yes [ ] No
   - If yes, send in the signed agreement now and submit the balance due when you receive a bill.
   - If no, you may be eligible for a payment plan.

2) If you would like us to consider an installment agreement, submit your written request or check the box below and return this flyer with your signed agreement.

   [ ] I would like to pay $ ____________ per month.

   (We encourage you to make your payments as large as possible to limit penalty and interest charges.)

   I would like my payment to be due on the ______ of the month.

   (Please indicate a date between the 1st and 28th of the month.)

   You will be charged a $43 fee if your request is approved. DO NOT include the fee with this flyer. We will send you a bill for the fee when we approve your request.

   Please provide a telephone number where we can contact you regarding your request.

   Home: ( ) ____________________

   Work: ( ) ____________________

ALSO, if you agree with our examination, PLEASE SIGN PAGE 2 OF THE REPORT (Form 4549) and return pages 1 and 2 to us.

* Interest and applicable penalties will continue to accrue until your balance is paid in full.

Exhibit C Pg. 4

**MILDRED L. PARK, DECEASED**
**(SSN [redacted]-9852)**
**EXPLANATION - 1985 and 1986 REFUND CLAIMS**

This refund claim, as it relates to tax and interest assessed relative to adjustments to partnership items and affected items related to the Crystal Star Eagle partnership (referred to in this explanation as "the Partnership") for 1985 and 1986, is filed based upon the following grounds:

1. The 1985 and 1986 assessments of tax and interest and subsequent interest assessments made on and after November 18, 2002 are invalid and the amounts paid pursuant to those assessments are fully refundable to the taxpayer. The United States Court of Appeals for the Second Circuit, in *Callaway v. Commissioner*, has clearly ruled that in the case of deceased taxpayers, a request for prompt assessment converts partnership items to non-partnership items and an assessment thereafter by the Internal Revenue Service without the issuance of a statutory notice of deficiency is an invalid assessment and any collections made on such assessment are refundable to the taxpayers. Enclosed as Exhibit "A" is a complete copy of the *Callaway* opinion. The 1985 tax and interest assessments were made on November 18, 2002 with subsequent interest assessments thereafter. Copies of transcripts of account provided by the Internal Revenue Service are attached as Exhibit "B," including both years. Each of these assessments was made by the Internal Revenue Service as a computational adjustment resulting from adjustments to partnership items of a partnership called Crystal Star Eagle. Copies of the Forms 4549 for 1985 and 1986 are attached hereto as Exhibit "C." Requests for Prompt Assessment on Forms 4810 covering the 1985 and 1986 tax years were filed with the Internal Revenue Service by Express Mail on May 28, 2002. Copies of those filings are attached hereto as Exhibits "D" and "E," respectively. Obviously both Mr. and Mrs. Park had died prior to that time. Pursuant to the *Callaway* case and all the legal authorities contained therein, the entire amounts assessed for both 1985 and 1986 were improperly assessed and are fully refundable.

2. Although 1985 and 1986 were filed as joint returns, this claim is filed and signed solely on behalf of Mildred L. Park, deceased, as both the surviving spouse and the sole payor of the amounts sought to be recovered because the entire amount of the payments was made from her estate and she is entitled to this refund as the source of the tax payments under IRC §6402(a) and Revenue Rulings 74-611 and 80-8.

3. The claim is timely. It is being filed within two years from the date of payment. Additionally, even if any of the periods under I.R.C. §6230 apply to any portion of this claim, it is timely under those provisions as well.Weiner v. US, 389 F.3d 152 (5th Cir. 2004)

4. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." **The controlling case is the very recent Fifth Circuit Court of Appeals opinion in *Weiner v. United States,* 389 F.3d 152 (5th Cir. 2004), Exhibit "F," in which the Fifth Circuit clearly held that where the tax liability resulted from a settlement in a TEFRA partnership proceeding where the original FPAA asserted both "tax motivated" grounds for the adjustments and non-tax motivated grounds, §6621(c) penalty interest cannot**

R:\DOCS\CORRESP.Q\REFUND.CLM\QSTEN084.PA1.wpd

**be imposed!** Copies of the 1985 and 1986 FPAAs are attached as Exhibits "H" and "I" and clearly contain numerous grounds for adjustment, most of which are not "tax motivated transaction" grounds. This case followed the Tax Court case, *McCrary v. Commissioner,* 92 T.C. 827 (1989), and its progeny. This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

5. In the alternative, even if the IRS refuses to acknowledge the assessments were invalid, the taxpayer(s) are not liable for the penalty portion of the interest paid under I.R.C. §6621(c). To the extent the tax deficiencies upon which the I.R.C. §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under I.R.C. §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an I.R.C. §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in I.R.C. §6621(c) or the relevant regulations.

6. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of I.R.C. §6621(c), no portion of the underlying tax liability was attributable to any event defined in I.R.C. §6621(c) or the regulations thereunder as a tax motivated transaction.

7. The alternative claims for partial interest refunds in paragraphs 4 through 7 are $7,443.09 for 1985 and $19,969.52 for 1986. See Exhibit "G," interest recomputations.

Exhibits:
A - *Callaway v. Commissioner*
B - Transcripts for 1985 and 1986
C - Forms 4549
D - Marvin C. Park requests for prompt assessment
E - Mildred L. Park requests for prompt assessment
F - *Weiner v. United States*
G - Alternative interest computations removing only §6621(c) penalty
H - 1985 FPAA
I - 1986 FPAA

REDDING & ASSOCIATES, P.C.
ATTORNEYS AT LAW
2914 West T.C. Jester
Houston, Texas 77018-7010
Telephone: (713) 965-9244 • Telecopier: (713) 621-5227

Thomas E. Redding, J.D.
Sallie W. Gladney, J.D.

Teresa J. Womack, J.D.
Brett A. Thompson, J.D., C.P.A.

May 28, 2002

**EXPRESS MAIL**
**RETURN RECEIPT REQUESTED**

EL498528492US

Director, Internal Revenue Service
Kansas City, MO 64999-0002

Re: Marvin C. Park, Deceased; SSN [redacted]-8176

Dear Sir:

Enclosed please find Forms 4810 Requests for Prompt Assessment Under Internal Revenue Code Section 6501(d), with attachments, for tax years 1982 through 1990, inclusive, for the above referenced taxpayer. A copy of my Form 2848 Power of Attorney is also enclosed.

Should you have any questions on this matter please call me at (713) 965-9244.

Very Truly Yours,

REDDING & ASSOCIATES, P.C.

Sallie W. Gladney

Sallie W. Gladney

Enclosures: Forms 4810 w/ attachments (3)
Form 2848 Power of Attorney

FILE

EXHIBIT "D" Pg. 1

B-44

R:\DOCS\CORRESP.Q\QGGL5282.PA1.wpd

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Director
Internal Revenue Service
Kansas City, MO 64999-0002

Marvin C. Park

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X E.B. Mabbott ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) E.B. Mabbott
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type
X ☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

2. Article Number
(*Transfer from service label*) EL 498528492 US

PS Form 3811, August 2001 Domestic Return Receipt 102595-01-M-2509

EXHIBIT "D" Pg. 2

Form **4810** (Rev. Dec 1999)

Department of the Treasury Internal Revenue Service

# Request for Prompt Assessment Under Internal Revenue Code Section 6501(d)

*(Please see instructions)*

OMB Clearance Number 1545-0430

TO

Director, Internal Revenue Service
Kansas City, MO 64999-0002

Kind of tax: Income

Tax returns for which prompt assessment of any additional tax is requested

| Form Number | Tax Period Ended | Social Security or Employer Identification Number | Name and Address Shown on Return | Internal Revenue Service Office Where Filed | Date Filed |
|---|---|---|---|---|---|
| 1040 | 1982 | [redacted]-8176 | Marvin C. Park<br>230 Caroline Avenue<br>Elmhurst, IL 60126 | Kansas City, MO 64999 | 4-15-83 |
| 1040 | 1983 | [redacted]8176 | Marvin C. Park<br>230 Caroline Avenue<br>Elmhurst, IL 60126 | Kansas City, MO 64999 | 4-15-84 |
| 1040 | 1984 | [redacted]-8176 | Marvin C. Park<br>230 Caroline Avenue<br>Elmhurst, IL 60126 | Kansas City, MO 64999 | 4-15-85 |

Remarks

*If applicable, please provide the following Information* ▶

Spouse's name *(surviving or deceased)*: Mildred L. Park, deceased

Spouse's social security number: 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

If the forms listed above are corporation income tax returns, please check one of the boxes below

☐ Dissolution has been completed.

☐ Dissolution has begun and will be completed either before or after the 18-month period of limitation.

☐ Dissolution has not begun but is expected by the expiration of the 18-month period of limitation; dissolution will begin before the period expires and will be completed either before or after that period expires.

I have attached the following item(s) to help expedite action on my request:

☒ Letters testamentary, or

☐ Letters of administration

☐ Copies of returns listed above *(See "What to File" on the back)*

☐ Other:

Requester's name and address

Ruth Lucas, Executrix for the Estate of Marvin C. Park
c/o Peter Murphy
428 Tallgrass Circle
Lake Zurich, Illinois 60047

Requester's signature: Ruth Lucas

Date: 4/6/02

Title: Executrix for the Estate of Marvin C. Park

I request a prompt assessment of any additional tax for the kind of tax and periods shown above, as provided by section 6501 (d) of the Internal Revenue Code.

ISA
STF FED5301F

B-46

EXHIBIT "D" No. 3

IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
PROBATE DIVISION - __________ DIVISION

IN THE MATTER OF THE ESTATE OF

NO. 2002-014

MARVIN C. PARK, DECEASED

LETTERS TESTAMENTARY

BE IT KNOWN:

That RUTH LUCAS, whose address is 10828 E. Betony Dr., Scottsdale, Arizona 85259, having been duly appointed Executrix of the Estate of MARVIN C. PARK, who died on July 12, 2000, and having qualified as such Executrix, is hereby authorized to act as such Executrix for and in behalf of the estate and to take possession of the property thereof as authorized by law.

ISSUED the 9 day of Jan, ~~2001~~ 2002.

Freddy Burton Probate Clerk

BY: Joan Babbitt
Deputy Clerk

STATE OF ARKANSAS
COUNTY OF SALINE
I HEREBY CERTIFY THIS TO BE A TRUE COPY OF THE ORIGINAL INSTRUMENT FILED IN THIS OFFICE
ON THE 9 day of Jan, 2002
Freddy Burton COUNTY CLERK
Joan Babbitt Deputy Clerk

@PFDesktop\::ODMA/GRPWISE/LR.PO.Tax_Library:55773.1

B-47

EXHIBIT "D" Pg. 4

Form **4810**
(Rev. Dec 1999)

Department of the Treasury Internal Revenue Service

# Request for Prompt Assessment Under Internal Revenue Code Section 6501(d)

*(Please see instructions)*

OMB Clearance Number 1545-0430

TO

Director, Internal Revenue Service
Kansas City, MO 64999-0002

Kind of tax

Income

Tax returns for which prompt assessment of any additional tax is requested

| Form Number | Tax Period Ended | Social Security or Employer Identification Number | Name and Address Shown on Return | Internal Revenue Service Office Where Filed | Date Filed |
|---|---|---|---|---|---|
| 1040 | 1985 | [redacted]-8176 | Marvin C. Park<br>230 Caroline Avenue<br>Elmhurst, IL 60126 | Kansas City, MO<br>64999 | 4-15-86 |
| 1040 | 1986 | [redacted]-8176 | Marvin C. Park<br>230 Caroline Avenue<br>Elmhurst, IL 60126 | Kansas City, MO<br>64999 | 4-15-87 |
| 1040 | 1987 | [redacted]-8176 | Marvin C. Park<br>230 Caroline Avenue<br>Elmhurst, IL 60126 | Kansas City, MO<br>64999 | 4-15-88 |

Remarks

*If applicable, please provide the following Information* ▶

Spouse's name *(surviving or deceased)*: Mildred L. Park, deceased

Spouse's social security number: 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

If the forms listed above are corporation income tax returns, please check one of the boxes below

☐ Dissolution has been completed.

☐ Dissolution has begun and will be completed either before or after the 18-month period of limitation.

☐ Dissolution has not begun but is expected by the expiration of the 18-month period of limitation; dissolution will begin before the period expires and will be completed either before or after that period expires.

I have attached the following item(s) to help expedite action on my request:

☒ Letters testamentary, or

☐ Letters of administration

☐ Copies of returns listed above *(See "What to File" on the back)*

☐ Other:

I request a prompt assessment of any additional tax for the kind of tax and periods shown above, as provided by section 6501 (d) of the Internal Revenue Code.

Requester's name and address

Ruth Lucas, Executrix for the Estate of Marvin C. Park
c/o Peter Murphy
428 Tallgrass Circle
Lake Zurich, Illinois 60047

Requester's signature: Ruth Lucas

Date: 4/6/02

Title

Executrix for the Estate of Marvin C. Park

B-48

ISA
STF FED5301F

EXHIBIT "D" Pg. 5

IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
PROBATE DIVISION - ___________ DIVISION

IN THE MATTER OF THE ESTATE OF

NO. 2002-014

MARVIN C. PARK, DECEASED

# LETTERS TESTAMENTARY

BE IT KNOWN:

That RUTH LUCAS, whose address is 10828 E. Betony Dr., Scottsdale, Arizona 85259, having been duly appointed Executrix of the Estate of MARVIN C. PARK, who died on July 12, 2000, and having qualified as such Executrix, is hereby authorized to act as such Executrix for and in behalf of the estate and to take possession of the property thereof as authorized by law.

ISSUED the 9 day of Jan, ~~2001~~ 2002.

Freddy Burton Probate Clerk

BY: Joan Babbitt
Deputy Clerk

STATE OF ARKANSAS
COUNTY OF SALINE
I HEREBY CERTIFY THIS TO BE A TRUE COPY OF THE ORIGINAL INSTRUMENT FILED IN THIS OFFICE ON THE 9 day of Jan, 2002
Freddy Burton COUNTY CLERK
Joan Babbitt Deputy Clerk

@PFDesktop\::ODMA/GRPWISE/LR.PO.Tax_Library:55773.1

EXHIBIT "D" Pg. 6

Form **4810**
(Rev. Dec 1999)

Department of the Treasury Internal Revenue Service

# Request for Prompt Assessment Under Internal Revenue Code Section 6501(d)

*(Please see instructions)*

OMB Clearance Number 1545-0430

TO

Director, Internal Revenue Service
Kansas City, MO 64999-0002

Kind of tax

Income

Tax returns for which prompt assessment of any additional tax is requested

| Form Number | Tax Period Ended | Social Security or Employer Identification Number | Name and Address Shown on Return | Internal Revenue Service Office Where Filed | Date Filed |
|---|---|---|---|---|---|
| 1040 | 1988 | 4[redacted]0-8176 | Marvin C. Park<br>230 Caroline Avenue<br>Elmhurst, IL 60126 | Kansas City, MO<br>64999 | 4-15-89 |
| 1040 | 1989 | 4[redacted]-8176 | Marvin C. Park<br>230 Caroline Avenue<br>Elmhurst, IL 60126 | Kansas City, MO<br>64999 | 4-15-90 |
| 1040 | 1990 | [redacted]-8176 | Marvin C. Park<br>230 Caroline Avenue<br>Elmhurst, IL 60126 | Kansas City, MO<br>64999 | 4-15-91 |

Remarks

*If applicable, please provide the following Information* ▶

Spouse's name *(surviving or deceased)*

Mildred L. Park, deceased

Spouse's social security number

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

If the forms listed above are corporation income tax returns, please check one of the boxes below

☐ Dissolution has been completed.

☐ Dissolution has begun and will be completed either before or after the 18-month period of limitation.

☐ Dissolution has not begun but is expected by the expiration of the 18-month period of limitation; dissolution will begin before the period expires and will be completed either before or after that period expires.

I have attached the following item(s) to help expedite action on my request:

☒ Letters testamentary, or

☐ Letters of administration

☐ Copies of returns listed above *(See **"What to File"** on the back)*

☐ Other:

I request a prompt assessment of any additional tax for the kind of tax and periods shown above, as provided by section 6501 (d) of the Internal Revenue Code.

Requester's name and address

Ruth Lucas, Executrix for the Estate of Marvin C. Park
c/o Peter Murphy
428 Tallgrass Circle
Lake Zurich, Illinois 60047

Requester's signature

Date 4/6/02

Title

Executrix for the Estate of Marvin C. Park

B-50

ISA
STF FED5301F

EXHIBIT "D" Pg. 7

IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
PROBATE DIVISION - ____________ DIVISION

IN THE MATTER OF THE ESTATE OF

NO. 2002-014

MARVIN C. PARK, DECEASED

LETTERS TESTAMENTARY

BE IT KNOWN:

That RUTH LUCAS, whose address is 10828 E. Betony Dr., Scottsdale, Arizona 85259, having been duly appointed Executrix of the Estate of MARVIN C. PARK, who died on July 12, 2000, and having qualified as such Executrix, is hereby authorized to act as such Executrix for and in behalf of the estate and to take possession of the property thereof as authorized by law.

ISSUED the 9 day of Jan, ~~2001~~ 2002.

Freddy Burton Probate Clerk

BY: Joan Babbitt
Deputy Clerk

STATE OF ARKANSAS
COUNTY OF SALINE
I HEREBY CERTIFY THIS TO BE A TRUE COPY
OF THE ORIGINAL INSTRUMENT FILED IN THIS OFFICE
ON THE 9 day of Jan, 2002
Freddy Burton COUNTY CLERK
Joan Babbitt Deputy Clerk

@PFDesktop\::ODMA/GRPWISE/LR.PO.Tax_Library:55773.1

EXHIBIT "D" Pg. 8

B-51

Form **2848**
(Rev. December 1995)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ For Paperwork Reduction and Privacy Act Notice, see the Instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ______
Telephone ______
Function ______
Date ______

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer Information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| Marvin C. and Mildred L. Park<br>17 Tenerife Way<br>Hot Springs Village, AR 71909 | [redacted]-8176<br>[redacted]-9852 | |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>515 Post Oak Boulevard, Suite 500<br>Houston, Texas 77027-9408-150 | CAF No. ______<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>515 Post Oak Boulevard, Suite 500<br>Houston, Texas 77027-9408-150 | CAF No. ______<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| | CAF No. ______<br>Telephone No. ______<br>Fax No. ______<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax Matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 | Tax Periods Ending December 31 |
| | | 1985, 1986, 1987, 1988, 1989, 1990, |
| | | 1991, 1992, 1993, 1994, 1995, 1996 |

**4 Specific Use Not Recorded on Centralized Authorization File (CAF).**—If the power of attorney is for a specific use not recorded on CAF, check this box. (See **Line 4 — Specific uses not recorded on CAF** on page 3.) . . . . . . . . . . ▶ ☐

**5 Acts Authorized.**—The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described in line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to subsitute another representative unless specifically added below, or the power to sign certain returns (see **Line 5 — Acts Authorized** on page 4).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights under I.R.C. § 6103(e)(1)(C), relative to forms 1065 for partnerships in which the taxpayer(s) is a partner.

Note: *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

Note: *The tax matters partner/person of a partnership or S corporation is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of Refund Checks.**—If you want to authorize a representative named in line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here ______ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

ISA



EXHIBIT "D" Pg. 9 B-52

7 Notices and Communications.—Original notices and other written communications will be sent to you and a copy to the first representative listed in line 2 unless you check one or more of the boxes below.

a If you also want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . . . . . . ▶ ☐

c If you do not want any notices or communications sent to your representative, check this box . . . . . . ▶ ☐

8 **Retention/Revocation of Prior Power(s) of Attorney.**—The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . . . . ▶ ☐

YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.

9 **Signature of Taxpayer(s).**—If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner/person, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.

Marvin C Park — Signature | 6/11/96 — Date | Title (if applicable)

Marvin C. Park — Print Name

Mildred L Park — Signature | 6-11-96 — Date | Title (if applicable)

Mildred L. Park — Print Name

**Part II** Declaration of Representative

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent—enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer—a bona fide officer of the taxpayer's organization.
e Full-Time Employee—a full-time employee of the taxpayer.
f Family Member—a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer—an unenrolled return preparer under section 10.7(a)(7) of Treasury Department Circular No. 230.

▶ IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.

| Designation—Insert above letter (a-h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | Thomas E. Redding | 6/28/96 |
| A | Texas | Sallie W. Gladney | 7/8/96 |
| | | | |

EXHIBIT "D" Pg. 10



STF FED4675F 2

REDDING & ASSOCIATES, P.C.
ATTORNEYS AT LAW
2914 West T.C. Jester
Houston, Texas 77018-7010
Telephone: (713) 965-9244 • Telecopier: (713) 621-5227

Thomas E. Redding, J.D.
Sallie W. Gladney, J.D.

Teresa J. Womack, J.D.
Brett A. Thompson, J.D., C.P.A.

May 28, 2002

**EXPRESS MAIL**
**RETURN RECEIPT REQUESTED**

EL498528501US

Director, Internal Revenue Service
Kansas City, MO 64999-0002

Re: Mildred L. Park, Deceased; SSN [redacted]-9852

Dear Sir:

Enclosed please find Forms 4810 Requests for Prompt Assessment Under Internal Revenue Code Section 6501(d), with attachments, for tax years 1982 through 1990, inclusive, for the above referenced taxpayer. A copy of my Form 2848 Power of Attorney is also enclosed.

Should you have any questions on this matter please call me at (713) 965-9244.

Very Truly Yours,

REDDING & ASSOCIATES, P.C.

Sallie W. Gladney

Sallie W. Gladney

Enclosures: Forms 4810 w/ attachments (3)
Form 2848 Power of Attorney

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Director
Internal Revenue Service
Kansas City, MO 64999-0002

Mildrec L. Park

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X E B Mabbott ☑ Agent ☐ Addressee

B. Received by (*Printed Name*) E B Mabbott
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type
☐ Certified Mail ☒ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

2. Article Number (*Transfer from service label*) EL 498528501 US

PS Form 3811, August 2001 Domestic Return Receipt 102595-01-M-2509

EXHIBIT "E" Pg. 2 B-55

Form **2848**

(Rev. December 1995)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ For Paperwork Reduction and Privacy Act Notice, see the instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ____
Telephone ____
Function ____
Date ____

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer Information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| Marvin C. and Mildred L. Park<br>17 Tenerife Way<br>Hot Springs Village, AR 71909 | [redacted]-8176<br>[redacted]-9852 | |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>515 Post Oak Boulevard, Suite 500<br>Houston, Texas 77027-9408-150 | CAF No. ____<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Name and address<br>Sallie W. Gladney<br>515 Post Oak Boulevard, Suite 500<br>Houston, Texas 77027-9408-150 | CAF No. ____<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Name and address | CAF No. ____<br>Telephone No. ____<br>Fax No. ____<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax Matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 | Tax Periods Ending December 31 |
| | | 1985, 1986, 1987, 1988, 1989, 1990, |
| | | 1991, 1992, 1993, 1994, 1995, 1996. |

4 **Specific Use Not Recorded on Centralized Authorization File (CAF).**—If the power of attorney is for a specific use not recorded on CAF, check this box. (See **Line 4 — Specific uses not recorded on CAF** on page 3.) . . . . . . . . . . ▶ ☐

5 **Acts Authorized.**—The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described in line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to subsitute another representative unless specifically added below, or the power to sign certain returns (see **Line 5 — Acts Authorized** on page 4).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights under I.R.C. § 6103(e)(1)(C), relative to forms 1065 for partnerships in which the taxpayer(s) is a partner.

Note: *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

Note: *The tax matters partner/person of a partnership or S corporation is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

6 **Receipt of Refund Checks.**—If you want to authorize a representative named in line 2 to receive, BUT NOT TO ENDORSE OR CASH, refund checks, initial here ________ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

ISA



EXHIBIT "E" Pg. 3 B-56

7 Notices and Communications.—Original notices and other written communications will be sent to you and a copy to the first representative listed in line 2 unless you check one or more of the boxes below.

a If you also want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative, check this box ▶ ☐

8 **Retention/Revocation of Prior Power(s) of Attorney.**—The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here ▶ ☐

YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.

9 **Signature of Taxpayer(s).**—If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner/person, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.

Marvin C Park (signature) — Signature | 6/11/96 — Date | Title (if applicable)

Marvin C. Park — Print Name

Mildred L Park (signature) — Signature | 6-11-96 — Date | Title (if applicable)

Mildred L. Park — Print Name

**Part II** Declaration of Representative

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.

b Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.

c Enrolled Agent—enrolled as an agent under the requirements of Treasury Department Circular No. 230.

d Officer—a bona fide officer of the taxpayer's organization.

e Full-Time Employee—a full-time employee of the taxpayer.

f Family Member—a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).

g Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).

h Unenrolled Return Preparer—an unenrolled return preparer under section 10.7(a)(7) of Treasury Department Circular No. 230.

▶ IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.

| Designation—Insert above letter (a-h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | Thomas E. Redding (signature) | 6/28/96 |
| A | Texas | Sallie W. Gladney (signature) | 7/8/96 |
| | | | |

EXHIBIT "E" Pg. 4 B-57

Form **4810**
(Rev. Dec 1999)

Department of the Treasury Internal Revenue Service

# Request for Prompt Assessment Under Internal Revenue Code Section 6501(d)

*(Please see instructions)*

OMB Clearance Number 1545-0430

TO

Director, Internal Revenue Service
Kansas City, MO 64999-0002

Kind of tax: Income

Tax returns for which prompt assessment of any additional tax is requested

| Form Number | Tax Period Ended | Social Security or Employer Identification Number | Name and Address Shown on Return | Internal Revenue Service Office Where Filed | Date Filed |
|---|---|---|---|---|---|
| 1040 | 1982 | [redacted]-8176 [redacted]-9852 | Mildred L. Park<br>230 Caroline Avenue<br>Elmhurst, IL 60126 | Kansas City, MO 64999 | 4-15-83 |
| 1040 | 1983 | [redacted]-8176 [redacted]-9852 | Mildred L. Park<br>230 Caroline Avenue<br>Elmhurst, IL 60126 | Kansas City, MO 64999 | 4-15-84 |
| 1040 | 1984 | [redacted]-8176 [redacted]-9852 | Mildred L. Park<br>230 Caroline Avenue<br>Elmhurst, IL 60126 | Kansas City, MO 64999 | 4-15-85 |

Remarks

*If applicable, please provide the following Information* ▶

Spouse's name *(surviving or deceased)*: Marvin C. Park, deceased

Spouse's social security number: 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

If the forms listed above are corporation income tax returns, please check one of the boxes below

☐ Dissolution has been completed.

☐ Dissolution has begun and will be completed either before or after the 18-month period of limitation.

☐ Dissolution has not begun but is expected by the expiration of the 18-month period of limitation; dissolution will begin before the period expires and will be completed either before or after that period expires.

I have attached the following item(s) to help expedite action on my request:

☐ Letters testamentary, or

☐ Letters of administration

☐ Copies of returns listed above *(See "What to File" on the back)*

☒ Other: 1. Last Will and Testament
2. Small Estate Affidavit

I request a prompt assessment of any additional tax for the kind of tax and periods shown above, as provided by section 6501 (d) of the Internal Revenue Code.

Requester's name and address

Bonnie S. Murphy, Executrix for the Estate of Mildred L. Park
c/o Peter Murphy
428 Tallgrass Circle
Lake Zurich, Illinois 60047

Requester's signature: Bonnie S. Murphy

Date: 4/8/02

Title: Executrix for the Estate of Mildred L. Park

ISA
STF FED5301F

EXHIBIT "E" Pg. 5 B-58

STATE OF ILLINOIS )

LAKE COUNTY ) ss

)

I, Sally D. Coffelt, Clerk of the Circuit Court of the Nineteenth Judicial Circuit of Illinois in and for said County in the State of aforesaid and keeper of the records and seal thereof , do hereby certify the foregoing to be a true perfect and complete copy of an instrument purporting to be the Last Will of,MILDRED L. PARK, deceased filed DECEMBER 19,2001.

In testimony whereof I have hereunto set my hand and affixed the seal of said Court at my office in Waukegan in said County this 21st day of December, A.D. 2001

EXHIBIT "E" Pg. 6

# LAST WILL AND TESTAMENT
# OF
# MILDRED L. PARK

I, **MILDRED L. PARK**, of Lake Barrington Woods, Illinois, being of sound and disposing mind and memory, do make, publish and declare this to be my Last Will and Testament, hereby revoking and annulling any and all prior Wills and Codicils by me made.

## ARTICLE I

### Personal Effects

I give and bequeath all of my personal and household effects of every kind including but not limited to boats, automobiles, and other vehicles, household furniture and furnishings, silverware, china, glass, books, pictures, jewelry, watches, and wearing apparel which I own at the date of my death, together with all insurance policies which are in force at the date of my death insuring any of the herein bequeathed property against any loss or liability, to my children who shall survive me by thirty (30) days, to be divided among them as they shall agree. If my children do not agree to the division of the said property among themselves, my Executor shall make such division among them, the division by my Executor to be in all respects binding upon my issue. There shall be no adjustment among my then living children in the event any child shall receive under this provision property of greater value than another child. I may leave a memorandum listing some or all of the items provided in this Article I that I wish certain persons to have and request that my wishes as set forth in the memorandum be observed.

## ARTICLE II

### Debts, Expenses and Taxes

I direct my Executor to pay out of the principal of my estate passing hereunder, after satisfaction of any gifts made pursuant to Article I, all my just debts (except such of them as shall be secured by any mortgage, lien or other encumbrance and/or which shall not have become due and payable at the date of my death), funeral expenses and costs of administration, including ancillary administration. My Executor shall also pay out of the principal of my estate after satisfaction of any gifts made in Article

I, or make deposits therefrom to secure such payments, all estate, inheritance, transfer and succession taxes including any penalties thereon, which may be assessed in any way by reason of my death, except that amount, if any, by which such taxes shall be increased as a result of the inclusion of property in which I may have a qualifying income interest for life or over which I may have a power of appointment, which shall be paid by the person holding or receiving that property. Interest and penalties concerning any tax shall be paid and charged in the same manner as the tax. I authorize my Executor to take such action as may be necessary to collect payments for these items from the legatees and beneficiaries responsible therefor, and my Executor may withhold such amounts from any property otherwise distributable to any legatee or beneficiary hereby made responsible for such payment. My Executor shall not seek to recover any part of such payments from any other person or persons. My Executor shall not reimburse any person interested in any insurance policy on account of the application of any of the proceeds or surrender value of such policy in satisfaction of any indebtedness to which such policy is subject, nor shall said person be subrogated to the rights of the creditor in any collateral because of such indebtedness. If my Executor shall be compelled at any time to pay any tax, interest or penalty with respect to my estate, my Executor shall be entitled to be reimbursed from the property of my estate, or if the property of my estate be then insufficient or if my estate be then distributed, my Executor shall be reimbursed by the person or persons to whom such property shall have been distributed to the extent of the amount received by each such person. My Executor, before making any distribution of either income or principal from my estate, may accordingly require an undertaking by said person or persons in form satisfactory to my Executor to reimburse her for all such taxes and penalties, or my Executor may withhold distribution pending release of any tax lien or the determination of any tax controversy.

## ARTICLE III

## Residuary Estate

§1 **Pour-Over to Revocable Trust.** I give, devise and bequeath all the rest, residue and remainder of my estate, of whatever kind and character, whether real, personal or mixed, and wheresoever located, of which I shall be seized or possessed or to which I shall be entitled in any way at the date of my death (excluding any property over which I may have a power of appointment, it being my intention not to exercise any such power, but including any lapsed bequest hereunder) all of which is hereinafter referred to as my "residuary estate," to the Trustee under a certain Trust Agreement, as heretofore executed on the 26th day of July, 2001, by and between myself as Grantor and Trustee, which created the FIRST AMENDMENT TO THE FIRST RESTATEMENT OF THE MILDRED L. PARK REVOCABLE TRUST DATED NOVEMBER 26, 1986, to be added to and become a part of the trust estate of said trust, and to be held, administered

and distributed pursuant to the provisions of said Trust Agreement as it shall have been last amended prior to my death.

§2 **Alternative Disposition.** If, prior to the date of my death, the said MILDRED L. PARK REVOCABLE TRUST shall have been revoked or otherwise terminated, or if for any other reason the gift, devise and bequest to the Trustee under said Trust Agreement shall fail or shall be legally ineffective, I give, devise and bequeath my residuary estate to PETER W. MURPHY of Lake Zurich, Illinois, or his named successor, as Trustee, to be held and disposed of pursuant to the terms and conditions of said Trust Agreement as they exist as of the date of this instrument, which terms and conditions are hereby expressly incorporated herein by this reference.

## ARTICLE IV

### Executor

§1 **Appointment of Executor.** I hereby nominate and appoint BONNIE S. MURPHY of Lake Zurich, Illinois as Executor of this my Last Will. In the event of the death, resignation, refusal, failure, or inability of BONNIE S. MURPHY to act as Executor, then the following, one at a time and in the order named, shall act as successor Executor in her place and stead:

(a) DAWN M. HOFFMAN of Cincinnati, Ohio; and

(b) PETER W. MURPHY of Lake Zurich, Illinois.

§2 **Meaning of Executor.** Wherever reference is made herein to my "Executor," such reference shall be deemed to include any and all successor Executors and Co-Executors at any time qualified to act and acting as Executor of this my Last Will and Testament and shall also include any Administrator with the Will Annexed and the time being in office, and each such successor Executor and Administrator with the Will Annexed shall, immediately upon qualification as such, be vested with all the powers, rights and duties as if originally named as the Executor hereof.

§3 **Exculpatory Clause.** My Executor shall not be liable for any loss to my estate occasioned by acts in good faith in the administration of my estate, or in reliance on an opinion of counsel, and in any event my Executor shall be liable only for willful wrongdoing, or gross negligence, but not for honest errors of judgment.

§4 **Executor's Compensation and Expenses.** My Executor shall be entitled to receive from my estate a fair and just compensation for services rendered as Executor,

and my Executor shall also be reimbursed for all reasonable expenses incurred in the management, protection and distribution of my estate.

§5 **Executor's Powers.** In addition to the powers confirmed by the law upon executors, and not by way of limitation thereof, my Executor is hereby authorized, in her sole discretion to exercise, the following powers without approval by or authorization of any court:

(a) to make any division or distribution of my estate in kind, or partly in kind and partly in money, and to determine the value of any property so divided or distributed;

(b) to hold, manage, improve, repair and control all property, real or personal, at any time forming a part of my estate;

(c) to continue to hold any or all property (real or personal) owned by me, even though same be of a kind not usually considered suitable for executors to select or hold, or be a larger proportion in one or more investments than my Executor should hold;

(d) to sell at public or private sale, to grant options to purchase, and to convey any and all of the property at any time forming a part of my estate for such price and upon such terms as my Executor shall determine;

(e) to lease any tangible personal property at any time forming a part of my estate upon such terms as my Executor shall determine;

(f) to open accounts, margin or otherwise, with brokerage firms, banks or others, and to invest the funds of my estate in, and to conduct, maintain and operate these accounts for the purchase, sale and exchange of stocks, bonds, and other securities, and in connection therewith to borrow money, obtain guarantees, and engage in all other activities necessary or incidental to conducting, maintaining and operating these accounts;

(g) to determine whether receipts shall constitute principal or income, and whether expenses are properly chargeable to principal or income (except as otherwise provided herein, my Executor shall be governed in such determinations by the provisions of the Uniform Principal and Income Act where applicable and from time to time existing, but in all cases not governed by such Act, my Executor is hereby authorized to determine what shall be charged or credited to income and what to principal, and the determination of my Executor shall be conclusive upon all persons); to establish out of income and credit to principal reasonable reserves for the

depreciation of tangible property; to amortize premiums paid on the purchase of securities or other property; provided, however, any capital gain dividends from investments in mutual funds, common trust funds or real estate investment trusts shall be deemed principal;

(h) to borrow money from any source (including my Executor), to extend or renew any existing indebtedness, and to mortgage, or pledge any property at any time forming a part of my estate;

(i) to settle, compromise, contest or abandon claims or demands in favor of or against my estate;

(j) to sell, convey, release, mortgage, encumber, lease, partition, improve, manage, protect and subdivide any real estate, interests therein or parts thereof;

(k) to invest and reinvest my estate wholly or partially in common stocks or in any other type or types of assets, including but not limited to bonds, notes, debentures, mortgages, preferred stocks, or other property, real or personal, either within or without the state of Illinois as my Executor may deem advisable without being limited by any statute or rule of law regarding investments by executors;

(l) to employ and pay reasonable compensation to such agents, accountants, attorneys, investment counsel and others, as may be reasonably necessary or desirable in managing, settling and protecting my estate;

(m) to cause any securities or other property which may at any time form a part of my estate to be issued, held, or registered in the name of my Executor without indication of any fiduciary capacity, or in the name of a nominee, or in such form that title will pass by delivery;

(n) to make loans in such amounts, upon such terms, at such rates of interest, and to such persons, partnerships, corporations, trusts or estates as my Executor may deem advisable; to own and pay premiums on insurance on the life of any person; and

(o) to claim any expenses of administration of my estate either as deductions upon an income tax return or returns or as deductions from my gross estate upon an estate tax return, and to exercise any other elections available under any tax law, in such manner as in the sole judgment of my Executor will achieve an overall reduction in income and death taxes for the benefit of my estate, and I hereby direct that no adjustment between income and

principal or in the amount of any bequest under this my Last Will shall be required or made as a result of any such election.

§6 **Bond of Executor.** I direct that no Executor herein designated shall be required to give any bond, and if notwithstanding this direction, any bond is required by any law, statute or rule of court I direct that no surety be required thereon.

## ARTICLE V

## Construction

§1 **Pronouns.** As used herein, the pronouns "he" "his" and "him" shall include the feminine, neuter and plural thereof wherever the context and facts require such construction.

§2 **Headings.** The headings, titles and subtitles herein are inserted for convenience of reference only and are to be ignored in any construction of the provisions hereof.

§3 **Children.** As used herein, the terms "child," "children" or "child or children" are intended to include my two (2) children now living, namely: DAWN M. HOFFMAN and BONNIE S. MURPHY.

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed my seal to this my Last Will and Testament, consisting of seven (7) pages, this page included for purposes of attestation, and for purposes of identification I have placed my initials at the foot of each preceding page, all this 26th day of July, 2001.

Mildred L Park
MILDRED L. PARK

We hereby certify that the foregoing instrument was in the presence of us on the date last above written, signed, sealed, published, and declared by MILDRED L. PARK to be her Last Will and Testament, and requested us to act as witnesses thereto, and we in her presence, and in the presence of each other, believing her then to be of sound mind and memory, acting voluntarily and not under duress or constraint of any kind, saw her sign the said instrument as aforesaid, and thereupon hereunto subscribed our names as attesting witnesses to said Last Will and Testament.

Missy Hale residing at 1531 S Prospect Wheaton IL 60187

Judith Ann Glatzak residing at 368 W. Jackson Elmhurst IL 60126

Marjorie Neuman residing at 27W266 Jefferson Ct. Winfield IL 60190



EXHIBIT "E" Pg. 13 B-66

01W2901152

**STATE OF ILLINOIS )**
**) ss.**
**COUNTY OF DU PAGE )**

**AFFIDAVIT**

We, the attesting witnesses to the Will of MILDRED L. PARK on oath state that each of us was present on this 26th day of July, 2001, and saw the Testator sign the Will, to which this affidavit is attached, in our presence; that the Will was attested by each of us in the presence of the Testator; and that each of us believed the Testator to be of sound mind and memory at the time the Will was signed.

[signature]

[signature]

[signature]

SUBSCRIBED AND SWORN to
before me this 26h day
of July, 2001.

[signature]
Notary Public

"OFFICIAL SEAL"
KIMBERLY S. COOGAN
Notary Public, State of Illinois
My Commission Expires Mar. 10, 2002

EXHIBIT "E" Pg. 14



01W2901153

F:\DOCS\NONLITIG\ESTATE\EstParkMildred\AffidavitSmallEst.wpd

State of Illinois )
) ss
County of Lake )

**SMALL ESTATE AFFIDAVIT**

I, Bonnie S. Murphy, on oath state:

(1) (a) my post office address is 428 Tallgrass Circle, Lake Zurich, Illinois;

(b) my residence address is 428 Tallgrass Circle, Lake Zurich, Illinois;

(c) I submit myself to the jurisdiction of Illinois courts for all matters related to the preparation and use of this Affidavit. My agent for service of process is: Kimberly S. Coogan, Manetti & Griffith, Ltd., 2311 West 22nd Street, Suite 217, Oak Brook, Illinois, 60523.

I understand that if no person is named above as my agent for service, or if for any reason, service on the named person cannot be effectuated, the attorney who prepared this Affidavit on my behalf is recognized by Illinois law as my agent for the service of process.

(2) The decedent's name is Mildred L. Park;

(3) The date of decedent's death was November 13, 2001, and I have attached a copy of the death certificate hereto.

(4) The decedent's place of residence immediately before death was 22320 Classic Ct., Apt. 451, Lake Barrington Woods, Illinois, 60010;

(5) No letters of office are now outstanding on the decedent's estate and no petition for letters is contemplated or pending in Illinois or in any other jurisdiction, to my knowledge.

(6) The gross value of the decedent's entire personal estate, including the value of all property passing to any party either by intestacy or under a will, does not exceed $50,000.00:

| | |
|---|---|
| Harris Bank Cary-Grove<br>Checking account number 0700466670 | $31,848.00 |
| Regions Bank, Hot Springs, AR<br>Certificate of Deposit number 679315970 | 11,100.00 |
| Total | $42,948.00 |

EXHIBIT "E" Pg. 15

(7) (a) All of the decedent's funeral expenses have been paid; or

~~(b) The amount of the decedent's unpaid funeral expenses and the name and post office address of each person entitled thereto are as follows:~~

(Strike either 7(a) or 7(b).)

(8) There is no known, unpaid claimant or contested claim against the decedent, except as stated in paragraph 7.

(9) (a) The names and places of residence of any surviving spouse, minor children and adult dependent children of the decedent as follows:

| Name and Relationship | Place of Residence | Age of Minor Children |
|---|---|---|
| None | | |

(b) The award allowable to the surviving spouse of a decedent who was an Illinois resident is $ N/A ($10,000.00 plus $5,000.00 multiplied by the number of minor children and adult dependent children who reside with the surviving spouse at the time of the decedent's death. If any such child did not reside with the surviving spouse at the time of the decedent's death, so indicate).

(c) If there is no surviving spouse, the award allowable to minor children and adult dependent children of a decedent who was an Illinois resident is $ N/A ($10,000.00 plus $5,000.00 multiplied by the number of minor children and adult dependent children) to be divided among them in equal shares.

10. ~~(a) The decedent left no will. The names, places of residence and relationship of the decedent's heirs, and the portion of the estate to which each heir is entitled under the law where decedent died intestate are as follows:~~

| ~~Name, relationship & place of residence~~ | ~~Age of minor~~ | ~~Portion of estate~~ |
|---|---|---|

(or)

(b) The decedent left a will, which has been filed with the clerk of an appropriate court. A certified copy of the will on file is attached. To the best of my knowledge and belief, the will on file is the decedent's last will and was signed by the decedent and attesting witnesses as required by law and would be admissible to probate. The names and places of residence of the legatees and the portion of the estate, if any, to which each legatee is entitled are as follows:

| Name, relationship & place of residence | Age of minor | Portion of estate |
|---|---|---|
| Peter W. Murphy, Trustee of the Mildred L. Park Declaration of Trust dated November 26, 1986<br>428 Tallgrass Circle<br>Lake Zurich, Illinois 60047 | | 100% |

(c) Affiant is unaware of any dispute or potential conflict as to the heirship or will of the decedent.

11. The property described in paragraph 6 of this affidavit should be distributed as follows:

| Name | Specific sum or property to be distributed |
|---|---|
| Peter W. Murphy, Trustee of the Mildred L. Park Declaration of Trust dated November 26, 1986<br>428 Tallgrass Circle<br>Lake Zurich, Illinois 60047 | 100% |

The foregoing statement is made under penalties of perjury.*

Jonnie S. Murphy
Signature of Affiant

*(Note: A FRAUDULENT STATEMENT MADE UNDER THE PENALTIES OF PERJURY IS PERJURY, AS DEFINED IN SECTION 32-2 OF THE CRIMINAL CODE OF 1961 [720 ILCS 5/32-21]).

Prepared by:
MANETTI & GRIFFITH, LTD.
2311 West 22nd Street
Suite 217
Oak Brook, Illinois 60523
(630) 573-5300

Form **4810**
(Rev. Dec 1999)

Department of the Treasury Internal Revenue Service

# Request for Prompt Assessment Under Internal Revenue Code Section 6501(d)

*(Please see instructions)*

OMB Clearance Number 1545-0430

TO

Director, Internal Revenue Service
Kansas City, MO 64999-0002

Kind of tax

Income

Tax returns for which prompt assessment of any additional tax is requested

| Form Number | Tax Period Ended | Social Security or Employer Identification Number | Name and Address Shown on Return | Internal Revenue Service Office Where Filed | Date Filed |
|---|---|---|---|---|---|
| 1040 | 1985 | ~~[redacted] 8176~~ [redacted]-9852 | Mildred L. Park<br>230 Caroline Avenue<br>Elmhurst, IL 60126 | Kansas City, MO 64999 | 4-15-86 |
| 1040 | 1986 | ~~[redacted] 8176~~ [redacted]-9852 | Mildred L. Park<br>230 Caroline Avenue<br>Elmhurst, IL 60126 | Kansas City, MO 64999 | 4-15-87 |
| 1040 | 1987 | ~~[redacted] 8176~~ [redacted]-9852 | Mildred L. Park<br>230 Caroline Avenue<br>Elmhurst, IL 60126 | Kansas City, MO 64999 | 4-15-88 |

Remarks

*If applicable, please provide the following information* ▶

Spouse's name *(surviving or deceased)*: Marvin C. Park, deceased

Spouse's social security number: 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

If the forms listed above are corporation income tax returns, please check one of the boxes below

☐ Dissolution has been completed.

☐ Dissolution has begun and will be completed either before or after the 18-month period of limitation.

☐ Dissolution has not begun but is expected by the expiration of the 18-month period of limitation; dissolution will begin before the period expires and will be completed either before or after that period expires.

I have attached the following item(s) to help expedite action on my request:

☐ Letters testamentary, or

☐ Letters of administration

☐ Copies of returns listed above *(See "What to File" on the back)*

☒ Other: 1. Last Will and Testament
2. Small Estate Affidavit

I request a prompt assessment of any additional tax for the kind of tax and periods shown above, as provided by section 6501 (d) of the Internal Revenue Code.

Requester's name and address

Bonnie S. Murphy, Executrix for the Estate of Mildred L. Park
c/o Peter Murphy
428 Tallgrass Circle
Lake Zurich, Illinois 60047

Requester's signature: Bonnie S. Murphy

Date: 4/8/02

Title

Executrix for the Estate of Mildred L. Park

B-71

ISA
STF FED5301F

EXHIBIT "E" Pg. 18

STATE OF ILLINOIS )

LAKE COUNTY ) ss

)

I, Sally D. Coffelt, Clerk of the Circuit Court of the Nineteenth Judicial Circuit of Illinois in and for said County in the State of aforesaid and keeper of the records and seal thereof , do hereby certify the foregoing to be a true perfect and complete copy of an instrument purporting to be the Last Will of,MILDRED L. PARK, deceased filed DECEMBER 19,2001.

In testimony whereof I have hereunto set my hand and affixed the seal of said Court at my office in Waukegan in said County this 21st day of December, A.D. 2001

Sally D. Coffelt

# LAST WILL AND TESTAMENT
# OF
# MILDRED L. PARK

**I, MILDRED L. PARK**, of Lake Barrington Woods, Illinois, being of sound and disposing mind and memory, do make, publish and declare this to be my Last Will and Testament, hereby revoking and annulling any and all prior Wills and Codicils by me made.

## ARTICLE I

### Personal Effects

I give and bequeath all of my personal and household effects of every kind including but not limited to boats, automobiles, and other vehicles, household furniture and furnishings, silverware, china, glass, books, pictures, jewelry, watches, and wearing apparel which I own at the date of my death, together with all insurance policies which are in force at the date of my death insuring any of the herein bequeathed property against any loss or liability, to my children who shall survive me by thirty (30) days, to be divided among them as they shall agree. If my children do not agree to the division of the said property among themselves, my Executor shall make such division among them, the division by my Executor to be in all respects binding upon my issue. There shall be no adjustment among my then living children in the event any child shall receive under this provision property of greater value than another child. I may leave a memorandum listing some or all of the items provided in this Article I that I wish certain persons to have and request that my wishes as set forth in the memorandum be observed.

## ARTICLE II

### Debts, Expenses and Taxes

I direct my Executor to pay out of the principal of my estate passing hereunder, after satisfaction of any gifts made pursuant to Article I, all my just debts (except such of them as shall be secured by any mortgage, lien or other encumbrance and/or which shall not have become due and payable at the date of my death), funeral expenses and costs of administration, including ancillary administration. My Executor shall also pay out of the principal of my estate after satisfaction of any gifts made in Article

I, or make deposits therefrom to secure such payments, all estate, inheritance, transfer and succession taxes including any penalties thereon, which may be assessed in any way by reason of my death, except that amount, if any, by which such taxes shall be increased as a result of the inclusion of property in which I may have a qualifying income interest for life or over which I may have a power of appointment, which shall be paid by the person holding or receiving that property. Interest and penalties concerning any tax shall be paid and charged in the same manner as the tax. I authorize my Executor to take such action as may be necessary to collect payments for these items from the legatees and beneficiaries responsible therefor, and my Executor may withhold such amounts from any property otherwise distributable to any legatee or beneficiary hereby made responsible for such payment. My Executor shall not seek to recover any part of such payments from any other person or persons. My Executor shall not reimburse any person interested in any insurance policy on account of the application of any of the proceeds or surrender value of such policy in satisfaction of any indebtedness to which such policy is subject, nor shall said person be subrogated to the rights of the creditor in any collateral because of such indebtedness. If my Executor shall be compelled at any time to pay any tax, interest or penalty with respect to my estate, my Executor shall be entitled to be reimbursed from the property of my estate, or if the property of my estate be then insufficient or if my estate be then distributed, my Executor shall be reimbursed by the person or persons to whom such property shall have been distributed to the extent of the amount received by each such person. My Executor, before making any distribution of either income or principal from my estate, may accordingly require an undertaking by said person or persons in form satisfactory to my Executor to reimburse her for all such taxes and penalties, or my Executor may withhold distribution pending release of any tax lien or the determination of any tax controversy.

## ARTICLE III

## Residuary Estate

§1 **Pour-Over to Revocable Trust**. I give, devise and bequeath all the rest, residue and remainder of my estate, of whatever kind and character, whether real, personal or mixed, and wheresoever located, of which I shall be seized or possessed or to which I shall be entitled in any way at the date of my death (excluding any property over which I may have a power of appointment, it being my intention not to exercise any such power, but including any lapsed bequest hereunder) all of which is hereinafter referred to as my "residuary estate," to the Trustee under a certain Trust Agreement, as heretofore executed on the 26th day of July, 2001, by and between myself as Grantor and Trustee, which created the FIRST AMENDMENT TO THE FIRST RESTATEMENT OF THE MILDRED L. PARK REVOCABLE TRUST DATED NOVEMBER 26, 1986, to be added to and become a part of the trust estate of said trust, and to be held, administered

and distributed pursuant to the provisions of said Trust Agreement as it shall have been last amended prior to my death.

§2 **Alternative Disposition**. If, prior to the date of my death, the said MILDRED L. PARK REVOCABLE TRUST shall have been revoked or otherwise terminated, or if for any other reason the gift, devise and bequest to the Trustee under said Trust Agreement shall fail or shall be legally ineffective, I give, devise and bequeath my residuary estate to PETER W. MURPHY of Lake Zurich, Illinois, or his named successor, as Trustee, to be held and disposed of pursuant to the terms and conditions of said Trust Agreement as they exist as of the date of this instrument, which terms and conditions are hereby expressly incorporated herein by this reference.

## ARTICLE IV

## Executor

§1 **Appointment of Executor**. I hereby nominate and appoint BONNIE S. MURPHY of Lake Zurich, Illinois as Executor of this my Last Will. In the event of the death, resignation, refusal, failure, or inability of BONNIE S. MURPHY to act as Executor, then the following, one at a time and in the order named, shall act as successor Executor in her place and stead:

(a) DAWN M. HOFFMAN of Cincinnati, Ohio; and

(b) PETER W. MURPHY of Lake Zurich, Illinois.

§2 **Meaning of Executor**. Wherever reference is made herein to my "Executor," such reference shall be deemed to include any and all successor Executors and Co-Executors at any time qualified to act and acting as Executor of this my Last Will and Testament and shall also include any Administrator with the Will Annexed and the time being in office, and each such successor Executor and Administrator with the Will Annexed shall, immediately upon qualification as such, be vested with all the powers, rights and duties as if originally named as the Executor hereof.

§3 **Exculpatory Clause**. My Executor shall not be liable for any loss to my estate occasioned by acts in good faith in the administration of my estate, or in reliance on an opinion of counsel, and in any event my Executor shall be liable only for willful wrongdoing, or gross negligence, but not for honest errors of judgment.

§4 **Executor's Compensation and Expenses**. My Executor shall be entitled to receive from my estate a fair and just compensation for services rendered as Executor,

and my Executor shall also be reimbursed for all reasonable expenses incurred in the management, protection and distribution of my estate.

§5 **Executor's Powers.** In addition to the powers confirmed by the law upon executors, and not by way of limitation thereof, my Executor is hereby authorized, in her sole discretion to exercise, the following powers without approval by or authorization of any court:

(a) to make any division or distribution of my estate in kind, or partly in kind and partly in money, and to determine the value of any property so divided or distributed;

(b) to hold, manage, improve, repair and control all property, real or personal, at any time forming a part of my estate;

(c) to continue to hold any or all property (real or personal) owned by me, even though same be of a kind not usually considered suitable for executors to select or hold, or be a larger proportion in one or more investments than my Executor should hold;

(d) to sell at public or private sale, to grant options to purchase, and to convey any and all of the property at any time forming a part of my estate for such price and upon such terms as my Executor shall determine;

(e) to lease any tangible personal property at any time forming a part of my estate upon such terms as my Executor shall determine;

(f) to open accounts, margin or otherwise, with brokerage firms, banks or others, and to invest the funds of my estate in, and to conduct, maintain and operate these accounts for the purchase, sale and exchange of stocks, bonds, and other securities, and in connection therewith to borrow money, obtain guarantees, and engage in all other activities necessary or incidental to conducting, maintaining and operating these accounts;

(g) to determine whether receipts shall constitute principal or income, and whether expenses are properly chargeable to principal or income (except as otherwise provided herein, my Executor shall be governed in such determinations by the provisions of the Uniform Principal and Income Act where applicable and from time to time existing, but in all cases not governed by such Act, my Executor is hereby authorized to determine what shall be charged or credited to income and what to principal, and the determination of my Executor shall be conclusive upon all persons); to establish out of income and credit to principal reasonable reserves for the

depreciation of tangible property; to amortize premiums paid on the purchase of securities or other property; provided, however, any capital gain dividends from investments in mutual funds, common trust funds or real estate investment trusts shall be deemed principal;

(h) to borrow money from any source (including my Executor), to extend or renew any existing indebtedness, and to mortgage, or pledge any property at any time forming a part of my estate;

(i) to settle, compromise, contest or abandon claims or demands in favor of or against my estate;

(j) to sell, convey, release, mortgage, encumber, lease, partition, improve, manage, protect and subdivide any real estate, interests therein or parts thereof;

(k) to invest and reinvest my estate wholly or partially in common stocks or in any other type or types of assets, including but not limited to bonds, notes, debentures, mortgages, preferred stocks, or other property, real or personal, either within or without the state of Illinois as my Executor may deem advisable without being limited by any statute or rule of law regarding investments by executors;

(l) to employ and pay reasonable compensation to such agents, accountants, attorneys, investment counsel and others, as may be reasonably necessary or desirable in managing, settling and protecting my estate;

(m) to cause any securities or other property which may at any time form a part of my estate to be issued, held, or registered in the name of my Executor without indication of any fiduciary capacity, or in the name of a nominee, or in such form that title will pass by delivery;

(n) to make loans in such amounts, upon such terms, at such rates of interest, and to such persons, partnerships, corporations, trusts or estates as my Executor may deem advisable; to own and pay premiums on insurance on the life of any person; and

(o) to claim any expenses of administration of my estate either as deductions upon an income tax return or returns or as deductions from my gross estate upon an estate tax return, and to exercise any other elections available under any tax law, in such manner as in the sole judgment of my Executor will achieve an overall reduction in income and death taxes for the benefit of my estate, and I hereby direct that no adjustment between income and

principal or in the amount of any bequest under this my Last Will shall be required or made as a result of any such election.

§6 **Bond of Executor.** I direct that no Executor herein designated shall be required to give any bond, and if notwithstanding this direction, any bond is required by any law, statute or rule of court I direct that no surety be required thereon.

## ARTICLE V

## Construction

§1 **Pronouns.** As used herein, the pronouns "he" "his" and "him" shall include the feminine, neuter and plural thereof wherever the context and facts require such construction.

§2 **Headings.** The headings, titles and subtitles herein are inserted for convenience of reference only and are to be ignored in any construction of the provisions hereof.

§3 **Children.** As used herein, the terms "child," "children" or "child or children" are intended to include my two (2) children now living, namely: DAWN M. HOFFMAN and BONNIE S. MURPHY.

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed my seal to this my Last Will and Testament, consisting of seven (7) pages, this page included for purposes of attestation, and for purposes of identification I have placed my initials at the foot of each preceding page, all this 26th day of July, 2001.

Mildred L Park
MILDRED L. PARK

We hereby certify that the foregoing instrument was in the presence of us on the date last above written, signed, sealed, published, and declared by MILDRED L. PARK to be her Last Will and Testament, and requested us to act as witnesses thereto, and we in her presence, and in the presence of each other, believing her then to be of sound mind and memory, acting voluntarily and not under duress or constraint of any kind, saw her sign the said instrument as aforesaid, and thereupon hereunto subscribed our names as attesting witnesses to said Last Will and Testament.

Missy Hale residing at 1531 S Prospect Wheaton IL 60187

Judith Ann Gatzak residing at 368 W Jackson Elmhurst IL 60126

Marjorie Neuman residing at 27W266 Jefferson Ct. Winfield IL 60190



EXHIBIT "E" Pg. 26 B-79

01W2901152