> Here, as in [McCrary] and [Rogers], the melange of alleged grounds, some of which were "tax motivated" grounds -- but others were not -- prevent us from saying, after the concession, that the underpayment was attributable to a particular ground. We are not inclined, in these circumstances, to rely on petitioners' burden of proof to show that the transaction was not tax motivated, all or in part, for the purpose of section 6621(c). The objectives of administrative efficiency and judicial economy have been well served by the closing agreement and petitioner's concession. Those objectives would not be served by requiring a trial on the substantive issues for the sole purpose of determining whether petitioner is liable for 20 percent more interest on the deficiency under section 6621(c).

Id. at *6.

The same situation is present in these cases: the taxpayers settled or conceded the disallowances and paid the delinquent taxes, thus removing the need for a trial on the merits of those issues. This court can conceive of no good reason to treat the taxpayers in this case differently from the taxpayers in Todd, McCrary, Heasley, Rogers, or Schachter. There is no way, given the multiple reasons provided for the disallowance in the FPAAs, to determine whether the underpayments are "attributable to" a tax motivated transaction. Additionally, § 6621(c) was one of the provisions enacted by Congress "to deal with the Tax Court backlog." Todd, 862 F.2d at 544 n.14. Yet, fifteen years after the statute's repeal, imposing the penalty in situations such as this does nothing to relieve the Tax Court's backlog, when the taxpayers have in fact settled with the IRS. Because, under the circumstances of these cases, the taxpayers' underpayments are not "attributable to" a tax motivated transaction as a matter of law,

EXHIBIT "F"

the IRS may not assess the additional interest against them. We thus endorse the result in Weiner, albeit on different grounds, but reverse that in Kraemer.

## Conclusion

For the foregoing reasons, we conclude that the district courts lack jurisdiction to consider the taxpayers' FPAA statute of limitations arguments. Further, § 6621(c) interest cannot be assessed against the taxpayers as a matter of law. Finally, pursuant to Beall, the district courts have jurisdiction to consider the taxpayers' § 6404(e) interest abatement claims. Accordingly, the judgments of the trial courts are

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**

EXHIBIT "F"

EVENT SUMMARY REPORT

Taxpayer name...: Park Interest recomp 85 TaxInterest Version 2004.3

Taxpayer ID#....: 11-07-04



| Events | Date | Amount | Event Date Balance (1) |
|---|---|---|---|
| Tax | 04-15-86 | 5,153.00 | 5,153.00 |
| Payment | 03-11-02 | <25,000.00> | <3,574.50> |
| Interest Computation Date | 11-18-02 | | <3,725.68> |

(1) Balance includes any interest and penalties accrued as of the Event Date

Summary as of 11-18-02

| | Amount | Payments | Deposits | Balance |
|---|---|---|---|---|
| Tax | 5,153.00 | <8,727.50> | 0.00 | <3,574.50> |
| Interest | 16,272.50 | <16,272.50> | 0.00 | 0.00 |
| Refund interest | <151.18> | 0.00 | 0.00 | <151.18> |
| Totals | 21,274.32 | <25,000.00> | 0.00 | <3,725.68> |

Prepared using: FEDERAL IRS interest rates

Table end date: 09-30-04 TVS Table

Interest charged by IRS 23,715.59

Corrected interest 16,272.50

Overcharged interest under §6621 (c) 7,443.09

Exhibit B-107 p. 1

EVENT SUMMARY REPORT
Taxpayer Name....: Park interest recomp 86
Taxpayer ID#....:

TaxInterest Version 2004.3
11-07-04
Page 1

| Events | Date | Amount | Event Date Balance (1) |
|---|---|---|---|
| Tax | 04-15-87 | 16,531.00 | 16,531.00 |
| Payment | 03-11-02 | <75,000.00> | <12,312.17> |
| Interest Computation Date | 11-18-02 | | <12,832.86> |

(1) Balance includes any interest and penalties accrued as of the Event Date

Summary as of 11-18-02

| | Amount | Payments | Deposits | Balance |
|---|---|---|---|---|
| Tax | 16,531.00 | <28,843.17> | 0.00 | <12,312.17> |
| Interest | 46,156.83 | <46,156.83> | 0.00 | 0.00 |
| Refund interest | <520.69> | 0.00 | 0.00 | <520.69> |
| Totals | 62,167.14 | <75,000.00> | 0.00 | <12,832.86> |

Prepared using: FEDERAL IRS interest rates
Table end date: 09-30-04 TVS Table

| | |
|---|---|
| Interest charged by IRS | 66,126.35 |
| Corrected interest | 46,156.83 |
| Overcharged interest under §6621(c) | 19,969.52 |

Exhibit B-108 p 2

Department of the Treasury
Internal Revenue Service

P-903-324-209

PO BOX 630 (STOP 634-1)
HOLTSVILLE NY 11742-0630

Date: 03-05-96

Refer To:
C:T:S:634-1
030596-0031

CLAUDE B AMARNICK
1515 SO FLAGLER DR APT 2201
WEST PALM BEACH FL 33401-7136156

Taxpayer Identifying Number
[redacted]-8688

Name of Partnership:
CRYSTAL STAR EAGLE
Partnership Identifying #:
13-3558089
Tax Year Ended: DEC 1985
Date FPAA Mailed To
Tax Matters Person: 03-04-96
Person To Contact/Hours:
P RIVIERE
8:00 A.M. - 4:00 P.M. EDT
Contact Telephone #:
(Not a toll-free number.)
(516)654-6668

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

As required by law, we are sending this Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership shown above and to each partner of the partnership who is entitled to such notice.

We are proposing adjustments to the partnership items of the partnership. We are sending this information to the Tax Matters Partner (TMP) of the partnership, who is the partner designated by the partnership to deal with the IRS. He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named at the top of this letter.

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments, is a summary of the proposed adjustments to the partnership return. You may compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you.

1. If you agree with the adjustments:

Sign the enclosed Form 870-P. By doing so, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. You are also waiving your rights to participate in any administrative or judicial proceeding affecting the partnership years in question. This agreement will not become effective or final until you return it and it is signed in behalf of the Commissioner of Internal Revenue. Once the agreement is final, you may not file a claim to change the items in question or file a claim for refund or credit based on a readjustment

2. If you don't agree with the adjustments:

If you are the TMP of the partnership and want to contest the adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items of the partnership with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States for the district in which the partnership's principal place of business is located.

During this 90-day period, no other partner may file a petition for judicial review, and the filing of a petition by the TMP precludes all other actions.

If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice (or any group of partners who together have an interest of five percent or more in the profits of the partnership (5 percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the TMP. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

United States Tax Court
400 Second Street, N.W.
Washington, D.C. 20217

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court can't consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

As a condition to filing a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition (including each member of a 5 percent group that files a petition) must deposit the amount by which the partner's tax liability would be increased if the treatment of the partnership items of the partnership on the partner's return were made consistent with the treatment of the partnership items under the FPAA. If you reported the partnership items of the partnership the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit this amount with IRS on or before the day you file your petition.

3. If you do nothing:

If no readjustment petition is filed in any of the courts listed in this letter, the FPAA becomes binding, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You won't be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law permits us to bill you after 150 days from the mailing date of the FPAA to the TMP. However, if a petition is filed in the Tax Court, we won't bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

B-110 Exhibit "H" P2

If you have any questions, please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

CAROL M. LANDY

DIRECTOR, SERVICE CENTER

Enclosures:
Form 870-P
Copy of this letter

Department of the Tr sury — Internal Revenue Service

Settlement Agreer ‹ For Partnership Adjustments

## Schedule of Adjustments

| | | | |
|---|---|---|---|
| Name of Partnership Crystal Star Eagle | Tax Year(s) Ended | | |
| Taxpayer Identifying Number: 13-3558089 | 12-31-85 | | |
| Detail of Adjustments To Ordinary Income | | | |
| Ordinary Loss | $2,733,064 | | |
| Total Adjustments To Ordinary ~~Income~~ Loss | $2,733,064 | | |
| Other Adjustment: Tax Preference Item: Accelerated Depreciation | | | |
| (1) Adjustment | | | |
| (2) As Reported | ($1,460,037) | | |
| (3) Corrected | 1,460,037 | | |
| Other Adjustment: | -0- | | |
| (1) Adjustment | | | |
| (2) As Reported | | | |
| (3) Corrected | | | |

Remarks

See enclosed for explanation of adjustments.

Exhibit "H" P4

B-112

Crystal Star Eagle
13-3558089

EXPLANATION OF ADJUSTMENTS
For The Taxable Year Ended December 31, 1985

It is determined from the examination of the books and records of Crystal Star Eagle that the loss for the taxable year 1985 is zero.

Since you reported a loss in the amount of $2,733,064 for the year 1985, yourordinary income is increased by $2,733,064 computed as follows:

| | 1985 |
|---|---|
| --dinary Net Income (Loss) per Partnership Return | ($2,733,064) |
| Add: Disallowed Deductions Net Of Expenses Allowed To The Extent Of Income | 2,733,064 |
| Corrected Distributable Partnership Income | $ -0- |



Exhibit "H" P5
B-113

Crystal Star Eagle
13-3558089

## EXPLANATION OF ADJUSTMENTS
### For The Taxable Year Ended December 31, 1985

I) All items of income, loss and deduction reported with respect to the partnership's equipment leasing activities for the year 1985 are disallowed. For purposes of federal income taxation, the partnership cannot be considered the owner of the equipment with respect to which said items of income, loss and deduction are reported since, after examination of all facts and circumstances, the partnership is found not to have incurred the benefits and burdens of ownership of the equipment or to have made, in substance, a true economic investment in said equipment.

Al rnatively, if it is held that the partnership was the owner of the equipment for federal income tax purposes during the years at issue, then it is determined that the acquisition and lease of said equipment was not an activity entered into for profit under Internal Revenue Code Section 183(a). Accordingly, any deductions claimed which have not been disallowed in full for the specific reasons set forth below, are only allowed to the extent of income from such activity in accordance with, and in the manner provided by, Section 183(b)(1) and 183(b)(2).

[I) It is further determined that the following deductions, to the extent :laimed, are disallowed for the specific reasons stated:

\. Depreciation

'he partnership has not established the cost or depreciable basis of the :q' pment. In addition, the method of depreciation claimed is found materially :o distort income during the year at issue.

.lternatively, it is determined that the portion of the depreciation deduction .ttributable to any notes, guarantees, or assumptions executed by the 'artnership is disallowed because such notes, guarantees, or assumptions lack conomic substance, and, therefore, cannot be added to the cost or depreciable 'asis of the equipment.

. Other Rental Expenses

t is determined that the claimed deductions for other rental expenses are isallowed because the partnership has not substantiated them or shown that hey were incurred, or that they constitute ordinary and necessary business xpenses. In addition, the amounts claimed are unreasonable and excessive.

f it is determined that these deductions were, in fact, incurred, such xpenditures are either for syndication or are capital in nature with an ndeterminable useful life and are, therefore, neither currently deductible or amortizable.



B-114 Exhibit "H" P 6

May. 02 1996 12:38PM

:rystal Star Eagle
.3-3558089

EXPLANATION OF ADJUSTMENTS
For The Taxable Year Ended December 31, 1985

[II) Since the partnership's debt obligation is contingent and lacking in true economic substance, it cannot be considered a partnership liability and no part of said note can be considered in determining each partner's basis in his or her partnership interest under Section 752(c) of the Internal Revenue Code.

[V) Alternatively, if it is decided that the disallowed partnership deductions are allowable in whole or in part, then it is determined that each partner is only entitled to deduct his or her proportionate share of the partnership loss which does not exceed his or her amount "at risk," subject to the provisions of ction 465 of the Internal Revenue Code.

/) Any amounts shown as credits are disallowed because the property does not qualify for the credits under Section 38 of the Internal Revenue Code or under any other section of the Internal Revenue Code.



Exhibit "H" P7

B-115

FOR INFORMATION ONLY

The explanation stated below is provided for your information.

IRC 6621(c)

It is determined that the partnership has improperly taken deductions and/or credits for tax motivated reasons. The increased rate of interest prescribed in IRC 6621(c) is applicable at the individual partner level after the partnership proceedings have been completed. Where the only items raised in a subsequent affected items notice of deficiency are additions to tax, the Service takes the position that the Tax Court will not have jurisdiction to consider IRC 6621(c) interest unless the interest is prepaid. IRC 6621(c) interest will be assessed and collected as regular interest in those cases.

Exhibit "H" P8

Department of the Treasury
Internal Revenue Service

P-903-324-279

Date: 03-05-96

PO BOX 630 (STOP 634-1)
HOLTSVILLE NY 11742-0630

Refer To:
C:T:S:634-1
030596-0088

CLAUDE B AMARNICK
1515 SO FLAGLER DR APT 2201
WEST PALM BEACH FL 33401-7136156

Taxpayer Identifying Number
[redacted]-8688

Name of Partnership:
CRYSTAL STAR EAGLE
Partnership Identifying #:
13-3558089
Tax Year Ended: DEC 1986
Date FPAA Mailed To
Tax Matters Person: 03-04-96
Person To Contact/Hours:
P RIVIERE
8:00 A.M. - 4:00 P.M. EDT
Contact Telephone #:
(Not a toll-free number.)
(516)654-6668

NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

As required by law, we are sending this Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership shown above and to each partner of the partnership who is entitled to such notice.

We are proposing adjustments to the partnership items of the partnership. We are sending this information to the Tax Matters Partner (TMP) of the partnership, who is the partner designated by the partnership to deal with the IRS. He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named at the top of this letter.

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments, is a summary of the proposed adjustments to the partnership return. You may compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you.

<u>1. If you agree with the adjustments:</u>

Sign the enclosed Form 870-P. By doing so, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. You are also waiving your rights to participate in any administrative or judicial proceeding affecting the partnership years in question. This agreement will not become effective or final until you return it and it is signed in behalf of the Commissioner of Internal Revenue. Once the agreement is final, you may not file a claim to change the items in question or file a claim for refund or credit based on a readjustment.

B-117

Exhibit "A" Exhibit "I" D/

2. If you don't agree with the adjustments:

If you are the TMP of the partnership and want to contest the adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items of the partnership with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States for the district in which the partnership's principal place of business is located.

During this 90-day period, no other partner may file a petition for judicial review, and the filing of a petition by the TMP precludes all other actions.

If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice (or any group of partners who together have an interest of five percent or more in the profits of the partnership (5 percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the TMP. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

United States Tax Court
400 Second Street, N.W.
Washington, D.C. 20217

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court can't consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

As a condition to filing a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition (including each member of a 5 percent group that files a petition) must deposit the amount by which the partner's tax liability would be increased if the treatment of the partnership items of the partnership on the partner's return were made consistent with the treatment of the partnership items under the FPAA. If you reported the partnership items of the partnership the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit this amount with IRS on or before the day you file your petition.

3. If you do nothing:

If no readjustment petition is filed in any of the courts listed in this letter, the FPAA becomes binding, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You won't be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law permits us to bill you after 150 days from the mailing date of the FPAA to the TMP. However, if a petition is filed in the Tax Court, we won't bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

Exhibit "I" P2

B-118

If you have any questions, please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

CAROL M. LANDY

DIRECTOR, SERVICE CENTER

Enclosures:
Form 870-P
Copy of this letter

Letter 1830(CG) (Rev. 08-93)

Exhibit "I" P3

Department of the Treasury — Internal Revenue Service

## Settlement Agreement For Partnership Adjustments

### Schedule of Adjustments

| Name of Partnership Crystal Star Eagle | Tax Year(s) Ended | | |
|---|---|---|---|
| Taxpayer Identifying Number: 13-3558089 | 12-31-86 | | |
| Detail of Adjustments To Ordinary Income | | | |
| Ordinary Loss | $3,570,696 | | |
| Total Adjustments To Ordinary ~~Income~~ Loss | $3,570,696 | | |
| Other Adjustment: Tax Preference Item: Accelerated Depreciation | | | |
| (1) Adjustment | ($1,587,467) | | |
| (2) As Reported | 1,587,467 | | |
| (3) Corrected | -0- | | |
| Other Adjustment: | | | |
| (1) Adjustment | | | |
| (2) As Reported | | | |
| (3) Corrected | | | |

Remarks

See enclosed for explanation of adjustments.

Exhibit "I" P4

Crystal Star Eagle
13-3558089

EXPLANATION OF ADJUSTMENTS
For The Taxable Year Ended December 31, 1986

It is determined from the examination of the books and records of Crystal Star Eagle that the loss for the taxable year 1986 is zero.

Since you reported a loss in the amount of $3,570,696 for the year 1986, your ordinary income is increased by $3,570,696 computed as follows:

| | 1986 |
|---|---|
| Ordinary Net Income (Loss) per Partnership Return | ($3,570,696) |
| Add: Disallowed Deductions Net Of Expenses Allowed To The Extent Of Income | 3,570,696 |
| Corrected Distributable Partnership Income | $ -0- |



Exhibit "I" P5

Crystal Star Eagle
13-3558089

EXPLANATION OF ADJUSTMENTS
For The Taxable Year Ended December 31, 1986

I) All items of income, loss and deduction reported with respect to the partnership's equipment leasing activities for the year 1986 are disallowed. For purposes of federal income taxation, the partnership cannot be considered the owner of the equipment with respect to which said items of income, loss and deduction are reported since, after examination of all facts and circumstances, the partnership is found not to have incurred the benefits and burdens of ownership of the equipment or to have made, in substance, a true economic investment in said equipment.

Alternatively, if it is held that the partnership was the owner of the eq ment for federal income tax purposes during the years at issue, then it is determined that the acquisition and lease of said equipment was not an activity entered into for profit under Internal Revenue Code Section 183(a). Accordingly, any deductions claimed which have not been disallowed in full for the specific reasons set forth below, are only allowed to the extent of income from such activity in accordance with, and in the manner provided by, Section 183(b)(1) and 183(b)(2).

I) It is further determined that the following deductions, to the extent laimed, are disallowed for the specific reasons stated:

. Depreciation

he partnership has not established the cost or depreciable basis of the quipment. In addition, the method of depreciation claimed is found materially o distort income during the year at issue.

lternatively, it is determined that the portion of the depreciation deduction ttributable to any notes, guarantees, or assumptions executed by the artnership is disallowed because such notes, guarantees, or assumptions lack onomic substance, and, therefore, cannot be added to the cost or depreciable isis of the equipment.

Other Rental Expenses

is determined that the claimed deductions for other rental expenses are sallowed because the partnership has not substantiated them or shown that ey were incurred, or that they constitute ordinary and necessary business penses. In addition, the amounts claimed are unreasonable and excessive.

it is determined that these deductions were, in fact, incurred, such penditures are either for syndication or are capital in nature with an determinable useful life and are, therefore, neither currently deductible r amortizable.



Exhibit "I" P6

Crystal Star Eagle
13-3558089

## EXPLANATION OF ADJUSTMENTS
## For The Taxable Year Ended December 31, 1986

III) Since the partnership's debt obligation is contingent and lacking in true economic substance, it cannot be considered a partnership liability and no part of said note can be considered in determining each partner's basis in his or her partnership interest under Section 752(c) of the Internal Revenue Code.

IV) Alternatively, if it is decided that the disallowed partnership deductions are allowable in whole or in part, then it is determined that each partner is only entitled to deduct his or her proportionate share of the partnership loss which does not exceed his or her amount "at risk," subject to the provisions of Section 465 of the Internal Revenue Code.

V) Any amounts shown as credits are disallowed because the property does not qualify for the credits under Section 38 of the Internal Revenue Code or under any other section of the Internal Revenue Code.



Exhibit "I" P7

FOR INFORMATION ONLY

The explanation stated below is provided for your information.

IRC 6621(c)

It is determined that the partnership has improperly taken deductions and/or credits for tax motivated reasons. The increased rate of interest prescribed in IRC 6621(c) is applicable at the individual partner level after the partnership proceedings have been completed. Where the only items raised in a subsequent affected items notice of deficiency are additions to tax, the Service takes the position that the Tax Court will not have jurisdiction to consider IRC 6621(c) interest unless the interest is prepaid. IRC 6621(c) interest will be assessed and collected as regular interest in those cases.

Exhibit "I" P8

Form **1040X** (Rev. November 2003)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year ▶** 1986 **, or fiscal year ended ▶**

| Please print or type | | |
|---|---|---|
| Your first name and initial: MILDRED L | Last name: PARK, DECEASED | Your social security number: [redacted]9852 |
| If a joint return, spouse's first name and initial: MARVIN C | Last name: PARK, DECEASED | Spouse's social security number: [redacted]3176 |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: c/o Thomas E. Redding; 2914 West T. C. Jester *(POA ATTACHED, FORM 2848)* | Apt. no. | Phone number: 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions: Houston, Texas 77018-7010 ****ADDRESS FOR THIS MATTER ONLY*** | | For Paperwork Reduction Act Notice, see page 6. |

**A** If the name or address shown above is different from that shown on the original return, check here . . . . . ▶ [X]

**B** Has the original return been changed or audited by the IRS or have you been notified that it will be? . . . . . [X] Yes [ ] No

**C** Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ▶ [ ] Single [X] Married filing jointly [ ] Married filing separately [ ] Head of household [ ] Qualifying widow(er)

On this return ▶ [ ] Single [X] Married filing jointly [ ] Married filing separately [ ] Head of household* [ ] Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| Use Part II on the back to explain any changes | | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 – 6)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | | | |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | | | |
| 3 Subtract line 2 from line 1 | 3 | | | |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | | | |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | | | |
| **Tax Liability** 6 Tax (see page 4). Method used in col. C | 6 | | | |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | | | |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | | | |
| **Payments** 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. If changing, see page 4 | 11 | | | |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 2439, Form 4136, or Form 8885 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 96,916 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 96,916 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | *Not Applicable* |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | | | *Not Applicable* |
| 21 **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | *Not Applicable*** |
| 23 Amount of line 22 you want **refunded to you** | 23 | | | 16,531 |
| 24 Amount of line 22 you want **applied to your** estimated tax | 24 | | | |

**Sign Here** Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

Mildred L. Park, Dec'd. Bonnie S. Murphy 11/11/04 Executrix — Your signature — Date

Marvin C. Park, Dec'd. By Ruth C. Loucas, Executrix By Thomas E Redding atty-in-fact 11/15/04 — Spouse's signature. If a joint return, both must sign. — Date

**Paid Preparer's Use Only**

Preparer's signature: [signature] CPA — Date: 11/8/04 — Check if self-employed [X] — Preparer's SSN or PTIN: [redacted]

Firm's name (or yours if self-employed), address, and ZIP code: BRETT A. THOMPSON, CPA, 20214 KINGSLAND BLVD. KATY TX 77450 — EIN — Phone no. 713-965-9244

*****or such greater amount as is legally refundable, plus interest.***

ISA STF FED3171F.1

B-126

PLAINTIFFS' EXHIBIT 2 USCFC 06-852

**Part I** **Exemptions.** See Form 1040 or 1040A instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25 – 31.
If claiming **fewer exemptions,** complete lines 25 – 30.

| | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|
| 25 Yourself and spouse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **Caution.** If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself. | 25 | | | |
| 26 Your dependent children who lived with you . . . . . . . . . . . . . . . . | 26 | | | |
| 27 Your dependent children who did not live with you due to divorce or separation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 27 | | | |
| 28 Other dependents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 28 | | | |
| 29 Total number of exemptions. Add lines 25 through 28 . . . . . . . . . . | 29 | | | |
| 30 Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 2003 | $3,050 | $104,625 |
| 2002 | 3,000 | 103,000 |
| 2001 | 2,900 | 99,725 |
| 2000 | 2,800 | 96,700 |

31 Dependents (children and other) not claimed on original (or adjusted) return:

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

No. of your children on line 31 who:
- lived with you . . . . . ▶ ☐
- did not live with you due to divorce or separation (see page 5) . . . ▶ ☐

Dependents on line 31 not entered above ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 2 of the instructions. Also, check here . . . . . . . . . ▶ ☐

***** *Please See Explanation Attached* *****

NOTE: This claim is filed on behalf of Mildred L. Park, Deceased as the surviving spouse of Marvin C. Park and as the sole payor of the amounts sought to be refunded, which were paid after the death of Marvin C. Park.

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here . . . . . . . . ▶ ☐

Form **2848**

(Rev. December 1997)

Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

**For IRS Use Only**
Received by:
Name
Telephone
Function
Date

**Part I** **Power of Attorney** (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| Marvin C. Park (Deceased) & Mildred L. Park (Deceased)<br>c/o Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | [redacted]8176<br>[redacted]9852 | |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. [redacted]<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. [redacted]<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. [redacted]<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 | Tax Periods Ending 12/31: 1985,1986,1987,1988,1989, |
| | | 1990,1991,1992,1993,1994, |
| | | 1995,1996 |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes but is not limited to authorization to exercise the taxpayer's rights under I.R.C.§6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here BMP / RCL and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.**

Form **2848** (Rev. 12-97)

ISA
STF FED4675F.1

B-128

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

**a** If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . ▶ ☐

**b** If you also want the second representative listed to receive a copy of such notices and communications, check this box . ▶ ☐

**c** If you do not want any notices or communications sent to your representative(s), check this box . . . ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Ruth C. Lucas, Executrix — Signature | 1/28/04 — Date | Executrix — Title (if applicable)

Marvin C. Park, Deceased, by Ruth C. Lucas — Print Name

Bonnie S. Murphy, executrix — Signature | 1/24/04 — Date | Executrix — Title (if applicable)

Mildred L. Park, Deceased, by Bonnie S. Murphy — Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

**a** Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
**b** Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
**c** Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
**d** Officer — a bona fide officer of the taxpayer's organization.
**e** Full-Time Employee — a full-time employee of the taxpayer.
**f** Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
**g** Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
**h** Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | Thomas E. Redding | 2-16-04 |
| A | Texas | Sallie W. Gladney | 2-16-04 |
| A | Texas | Teresa J. Womack | 2-16-04 |

STF FED4675F.2

**MILDRED L. PARK, DECEASED**
**(SS[redacted]9852)**
**EXPLANATION - 1985 and 1986 REFUND CLAIMS**

This refund claim, as it relates to tax and interest assessed relative to adjustments to partnership items and affected items related to the Crystal Star Eagle partnership (referred to in this explanation as "the Partnership") for 1985 and 1986, is filed based upon the following grounds:

1. The 1985 and 1986 assessments of tax and interest and subsequent interest assessments made on and after November 18, 2002 are invalid and the amounts paid pursuant to those assessments are fully refundable to the taxpayer. The United States Court of Appeals for the Second Circuit, in *Callaway v. Commissioner*, has clearly ruled that in the case of deceased taxpayers, a request for prompt assessment converts partnership items to non-partnership items and an assessment thereafter by the Internal Revenue Service without the issuance of a statutory notice of deficiency is an invalid assessment and any collections made on such assessment are refundable to the taxpayers. Enclosed as Exhibit "A" is a complete copy of the *Callaway* opinion. The 1985 tax and interest assessments were made on November 18, 2002 with subsequent interest assessments thereafter. Copies of transcripts of account provided by the Internal Revenue Service are attached as Exhibit "B," including both years. Each of these assessments was made by the Internal Revenue Service as a computational adjustment resulting from adjustments to partnership items of a partnership called Crystal Star Eagle. Copies of the Forms 4549 for 1985 and 1986 are attached hereto as Exhibit "C." Requests for Prompt Assessment on Forms 4810 covering the 1985 and 1986 tax years were filed with the Internal Revenue Service by Express Mail on May 28, 2002. Copies of those filings are attached hereto as Exhibits "D" and "E," respectively. Obviously both Mr. and Mrs. Park had died prior to that time. Pursuant to the *Callaway* case and all the legal authorities contained therein, the entire amounts assessed for both 1985 and 1986 were improperly assessed and are fully refundable.

2. Although 1985 and 1986 were filed as joint returns, this claim is filed and signed solely on behalf of Mildred L. Park, deceased, as both the surviving spouse and the sole payor of the amounts sought to be recovered because the entire amount of the payments was made from her estate and she is entitled to this refund as the source of the tax payments under IRC §6402(a) and Revenue Rulings 74-611 and 80-8.

3. The claim is timely. It is being filed within two years from the date of payment. Additionally, even if any of the periods under I.R.C. §6230 apply to any portion of this claim, it is timely under those provisions as well.

4. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." **The controlling case is the very recent Fifth Circuit Court of Appeals opinion in *Weiner v. United States*, ____F3d____, Fifth Cir., October 25, 2004, copy attached as Exhibit "F," in which the Fifth Circuit clearly held that where the tax liability resulted from a settlement in a TEFRA partnership proceeding where the original FPAA asserted both "tax motivated" grounds for the adjustments and non-tax motivated**

R:\DOCS\CORRESP.Q\REFUND.CLM\QSTEN084.PA1.wpd