Department of the Treasury – Internal Revenue Service

# Settlement Agreement For Partnership Adjustments

## Schedule of Adjustments

| | Tax Year(s) Ended | | |
|---|---|---|---|
| Name of Partnership Crystal Star Eagle | | | |
| Taxpayer Identifying Number: 13-3558089 | 12-31-86 | | |
| Detail of Adjustments To Ordinary Income<br><br>Ordinary Loss | $3,570,696 | | |
| Total Adjustments To Ordinary ~~Income~~ Loss | $3,570,696 | | |
| Other Adjustment: Tax Preference Item: Accelerated Depreciation | | | |
| (1) Adjustment | ($1,587,467) | | |
| (2) As Reported | 1,587,467 | | |
| (3) Corrected | -0- | | |
| Other Adjustment: | | | |
| (1) Adjustment | | | |
| (2) As Reported | | | |
| (3) Corrected | | | |

Remarks

See enclosed for explanation of adjustments.

Exhibit "I" P4

Crystal Star Eagle
13-3558089

EXPLANATION OF ADJUSTMENTS
For The Taxable Year Ended December 31, 1986

It is determined from the examination of the books and records of Crystal Star Eagle that the loss for the taxable year 1986 is zero.

Since you reported a loss in the amount of $3,570,696 for the year 1986, your ordinary income is increased by $3,570,696 computed as follows:

| | 1986 |
|---|---|
| Ordinary Net Income (Loss) per Partnership Return | ($3,570,696) |
| Add: Disallowed Deductions Net Of Expenses Allowed To The Extent Of Income | 3,570,696 |
| Corrected Distributable Partnership Income | $ -0- |



Exhibit "I" P5

B-4816

Crystal Star Eagle
13-3558089

EXPLANATION OF ADJUSTMENTS
For The Taxable Year Ended December 31, 1986

I) All items of income, loss and deduction reported with respect to the partnership's equipment leasing activities for the year 1986 are disallowed. For purposes of federal income taxation, the partnership cannot be considered the owner of the equipment with respect to which said items of income, loss and deduction are reported since, after examination of all facts and circumstances, the partnership is found not to have incurred the benefits and burdens of ownership of the equipment or to have made, in substance, a true economic investment in said equipment.

Alternatively, if it is held that the partnership was the owner of the equipment for federal income tax purposes during the years at issue, then it is determined that the acquisition and lease of said equipment was not an activity entered into for profit under Internal Revenue Code Section 183(a). Accordingly, any deductions claimed which have not been disallowed in full for the specific reasons set forth below, are only allowed to the extent of income from such activity in accordance with, and in the manner provided by, Section 183(b)(1) and 183(b)(2).

I) It is further determined that the following deductions, to the extent claimed, are disallowed for the specific reasons stated:

. Depreciation

he partnership has not established the cost or depreciable basis of the quipment. In addition, the method of depreciation claimed is found materially o distort income during the year at issue.

lternatively, it is determined that the portion of the depreciation deduction ttributable to any notes, guarantees, or assumptions executed by the artnership is disallowed because such notes, guarantees, or assumptions lack onomic substance, and, therefore, cannot be added to the cost or depreciable sis of the equipment.

Other Rental Expenses

is determined that the claimed deductions for other rental expenses are sallowed because the partnership has not substantiated them or shown that ey were incurred, or that they constitute ordinary and necessary business penses. In addition, the amounts claimed are unreasonable and excessive.

it is determined that these deductions were, in fact, incurred, such penditures are either for syndication or are capital in nature with an determinable useful life and are, therefore, neither currently deductible r amortizable.



Exhibit "I" P6
B-487

Crystal Star Eagle
13-3558089

EXPLANATION OF ADJUSTMENTS
For The Taxable Year Ended December 31, 1986

III) Since the partnership's debt obligation is contingent and lacking in true economic substance, it cannot be considered a partnership liability and no part of said note can be considered in determining each partner's basis in his or her partnership interest under Section 752(c) of the Internal Revenue Code.

IV) Alternatively, if it is decided that the disallowed partnership deductions are allowable in whole or in part, then it is determined that each partner is only entitled to deduct his or her proportionate share of the partnership loss which does not exceed his or her amount "at risk," subject to the provisions of Section 465 of the Internal Revenue Code.

V) Any amounts shown as credits are disallowed because the property does not qualify for the credits under Section 38 of the Internal Revenue Code or under any other section of the Internal Revenue Code.



Exhibit "I" P7

B-488

FOR INFORMATION ONLY

The explanation stated below is provided for your information.

IRC 6621(c)

It is determined that the partnership has improperly taken deductions and/or credits for tax motivated reasons. The increased rate of interest prescribed in IRC 6621(c) is applicable at the individual partner level after the partnership proceedings have been completed. Where the only items raised in a subsequent affected items notice of deficiency are additions to tax, the Service takes the position that the Tax Court will not have jurisdiction to consider IRC 6621(c) interest unless the interest is prepaid. IRC 6621(c) interest will be assessed and collected as regular interest in those cases.

Exhibit "I" P8

B-489

**REDDING & ASSOCIATES, P.C.**
ATTORNEYS AT LAW
2914 West T.C. Jester
Houston, Texas 77018-7010
Telephone: (713) 965-9244 Telecopier: (713) 621-5227

Thomas E. Redding, J.D.
Sallie W. Gladney, J.D.

Teresa J. Womack, J.D.
Brett A. Thompson, J.D., C.P.A.

November 15, 2004

**PRIORITY CERTIFIED MAIL**
**# 7001 2510 0002 0786 6311**
**RETURN RECEIPT REQUESTED**

Internal Revenue Service Center
Kansas City, Missouri 64999

Re: Mildred L. Park, Deceased (SSN [redacted] 9852)
Form 1040X, Amended U.S. Individual Income Tax Return, for 1985 and 1986
Form 843, Claim for Refund and Request for Abatement, for 1985 and 1986
Form 8822, Change of Address, for tax years 1985 and 1986
Form 1310, Statement of Person Claiming Refund Due a Deceased Taxpayer, for 1985 and 1986

Dear Sirs:

Enclosed are the above refund claims to be filed for the above clients. Please mail the refunds in my care in accordance with the instructions on Part 6 of the attached power of attorney.

Very truly yours,

REDDING & ASSOCIATES, P.C.

Thomas E. Redding

TER:js
Enclosures - Form 1040X (2)
Form 843 (2)
Form 8822
Form 1310 (2)
Power of Attorney

PLAINTIFFS' EXHIBIT 5
USCFC 06-852

R:\DOCS\CORRESP.Q\QSRLN084.PA2.wpd

B-49D

B-491

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

OFFICIAL USE

| | |
|---|---|
| Postage | $ 12.55 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 16.60 |

HOUSTON TX OAK FOREST STA NOV 15 2004 USPS 77018

Postmark Here — HOUSTON OAK FOREST STA NOV 2004 USPS 77018

Sent To: Internal Revenue Service Center
Street, Apt. No.; or PO Box No.: Kansas City, MO 64999
City, State, ZIP+4: Mildred Park

PS Form 3800, January 2001 — See Reverse for Instructions

7001 2510 0002 0786 6311

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Internal Revenue Service Center
Kansas City, MO 64999
Mildred Park

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

NOV 26 '04
RECEIVED
IRS
2306 BANNISTER ROAD
KANSAS CITY MO 64999

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7001 2510 0002 0786 6311

PS Form 3811, February 2004 Domestic Return Receipt 102595

Form **2848** (Rev. December 1997)
Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name
Telephone
Function
Date

**Part I** **Power of Attorney** (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| Marvin C. Park (Deceased) & Mildred L. Park (Deceased)<br>c/o Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | [redacted]176<br>[redacted]852 | |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. [redacted]<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. [redacted]<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. [redacted]<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 | Tax Periods Ending 12/31: 1985,1986,1987,1988,1989, |
| | | 1990,1991,1992,1993,1994, |
| | | 1995,1996 |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes but is not limited to authorization to exercise the taxpayer's rights under I.R.C.§6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here MCP / RCL and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.**



ISA
STF FED4675F.1

B-492

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Ruth C. Lucas, Executrix — 1/28/04 — Executrix

Signature — Date — Title (if applicable)

Marvin C. Park, Deceased, by Ruth C. Lucas

Print Name

Bonnie S. Murphy, executrix — 1/24/04 — Executrix

Signature — Date — Title (if applicable)

Mildred L. Park, Deceased, by Bonnie S. Murphy

Print Name

## Part II Declaration of Representative

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | Thomas E. Redding (signed) Thomas E. Redding | 2-16-04 |
| A | Texas | Sallie W. Gladney (signed) Sallie W. Gladney | 2-16-04 |
| A | Texas | Teresa J. Womack (signed) Teresa J. Womack | 2-16-04 |

IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
PROBATE DIVISION - ___________ DIVISION

IN THE MATTER OF THE ESTATE OF

2002-014
NO. ______________

MARVIN C. PARK, DECEASED

## LETTERS TESTAMENTARY

BE IT KNOWN:

That RUTH LUCAS, whose address is 10828 E. Betony Dr., Scottsdale, Arizona 85259, having been duly appointed Executrix of the Estate of MARVIN C. PARK, who died on July 12, 2000, and having qualified as such Executrix, is hereby authorized to act as such Executrix for and in behalf of the estate and to take possession of the property thereof as authorized by law.

ISSUED the 9 day of Jan, ~~2001~~ 2002.

Freddy Burton Probate Clerk

BY: Joan Babbitt
Deputy Clerk

STATE OF ARKANSAS
COUNTY OF SALINE
I HEREBY CERTIFY THIS TO BE A TRUE COPY
OF THE ORIGINAL INSTRUMENT FILED IN THIS OFFICE
ON THE 9 day of Jan, 2002
Freddy Burton COUNTY CLERK
Joan Babbitt Deputy Clerk

@PFDesktop\::ODMA/GRPWISE/LR.PO.Tax_Library:55773.1

B-494

F:\DOCS\NONLITIG\ESTATE\EstParkMildred\AffidavitSmallEst.wpd

State of Illinois )
)ss
County of Lake )

**SMALL ESTATE AFFIDAVIT**

I, Bonnie S. Murphy, on oath state:

(1) (a) my post office address is 428 Tallgrass Circle, Lake Zurich, Illinois;

(b) my residence address is 428 Tallgrass Circle, Lake Zurich, Illinois;

(c) I submit myself to the jurisdiction of Illinois courts for all matters related to the preparation and use of this Affidavit. My agent for service of process is: Kimberly S. Coogan, Manetti & Griffith, Ltd., 2311 West 22nd Street, Suite 217, Oak Brook, Illinois, 60523.

I understand that if no person is named above as my agent for service, or if for any reason, service on the named person cannot be effectuated, the attorney who prepared this Affidavit on my behalf is recognized by Illinois law as my agent for the service of process.

(2) The decedent's name is Mildred L. Park;

(3) The date of decedent's death was November 13, 2001, and I have attached a copy of the death certificate hereto.

(4) The decedent's place of residence immediately before death was 22320 Classic Ct., Apt. 451, Lake Barrington Woods, Illinois, 60010;

(5) No letters of office are now outstanding on the decedent's estate and no petition for letters is contemplated or pending in Illinois or in any other jurisdiction, to my knowledge.

(6) The gross value of the decedent's entire personal estate, including the value of all property passing to any party either by intestacy or under a will, does not exceed $50,000.00:

| | |
|---|---|
| Harris Bank Cary-Grove<br>Checking account number 0700466670 | $31,848.00 |
| Regions Bank, Hot Springs, AR<br>Certificate of Deposit number 679315970 | 11,100.00 |
| Total | $42,948.00 |

(7) (a) All of the decedent's funeral expenses have been paid; or

~~(b) The amount of the decedent's unpaid funeral expenses and the name and post office address of each person entitled thereto are as follows:~~

(Strike either 7(a) or 7(b).)

(8) There is no known, unpaid claimant or contested claim against the decedent, except as stated in paragraph 7.

(9) (a) The names and places of residence of any surviving spouse, minor children and adult dependent children of the decedent as follows:

| Name and Relationship | Place of Residence | Age of Minor Children |
|---|---|---|
| None | | |

(b) The award allowable to the surviving spouse of a decedent who was an Illinois resident is $ N/A ($10,000.00 plus $5,000.00 multiplied by the number of minor children and adult dependent children who reside with the surviving spouse at the time of the decedent's death. If any such child did not reside with the surviving spouse at the time of the decedent's death, so indicate).

(c) If there is no surviving spouse, the award allowable to minor children and adult dependent children of a decedent who was an Illinois resident is $ N/A ($10,000.00 plus $5,000.00 multiplied by the number of minor children and adult dependent children) to be divided among them in equal shares.

10. ~~(a) The decedent left no will. The names, places of residence and relationship of the decedent's heirs, and the portion of the estate to which each heir is entitled under the law where decedent died intestate are as follows:~~

| ~~Name, relationship & place of residence~~ | ~~Age of minor~~ | ~~Portion of estate~~ |
|---|---|---|

(or)

(b) The decedent left a will, which has been filed with the clerk of an appropriate court. A certified copy of the will on file is attached. To the best of my knowledge and belief, the will on file is the decedent's last will and was signed by the decedent and attesting witnesses as required by law and would be admissible to probate. The names and places of residence of the legatees and the portion of the estate, if any, to which each legatee is entitled are as follows:



B-496

| Name, relationship & place of residence | Age of minor | Portion of estate |
|---|---|---|
| Peter W. Murphy, Trustee of the Mildred L. Park Declaration of Trust dated November 26, 1986<br>428 Tallgrass Circle<br>Lake Zurich, Illinois 60047 | | 100% |

(c) Affiant is unaware of any dispute or potential conflict as to the heirship or will of the decedent.

11. The property described in paragraph 6 of this affidavit should be distributed as follows:

| Name | Specific sum or property to be distributed |
|---|---|
| Peter W. Murphy, Trustee of the Mildred L. Park Declaration of Trust dated November 26, 1986<br>428 Tallgrass Circle<br>Lake Zurich, Illinois 60047 | 100% |

The foregoing statement is made under penalties of perjury.*

Bonnie S. Murphy
Signature of Affiant

*(Note: A FRAUDULENT STATEMENT MADE UNDER THE PENALTIES OF PERJURY IS PERJURY, AS DEFINED IN SECTION 32-2 OF THE CRIMINAL CODE OF 1961 [720 ILCS 5/32-21]).

Prepared by:
MANETTI & GRIFFITH, LTD.
2311 West 22nd Street
Suite 217
Oak Brook, Illinois 60523
(630) 573-5300



B-497

STATE OF ILLINOIS )

LAKE COUNTY ) ss

)

I, Sally D. Coffelt, Clerk of the Circuit Court of the Nineteenth Judicial Circuit of Illinois in and for said County in the State of aforesaid and keeper of the records and seal thereof , do hereby certify the foregoing to be a true perfect and complete copy of an instrument purporting to be the Last Will of,MILDRED L. PARK, deceased filed DECEMBER 19,2001.

In testimony whereof I have hereunto set my hand and affixed the seal of said Court at my office in Waukegan in said County this 21st day of December, A.D.

2001

# LAST WILL AND TESTAMENT
# OF
# MILDRED L. PARK

I, **MILDRED L. PARK,** of Lake Barrington Woods, Illinois, being of sound and disposing mind and memory, do make, publish and declare this to be my Last Will and Testament, hereby revoking and annulling any and all prior Wills and Codicils by me made.

## ARTICLE I

### Personal Effects

I give and bequeath all of my personal and household effects of every kind including but not limited to boats, automobiles, and other vehicles, household furniture and furnishings, silverware, china, glass, books, pictures, jewelry, watches, and wearing apparel which I own at the date of my death, together with all insurance policies which are in force at the date of my death insuring any of the herein bequeathed property against any loss or liability, to my children who shall survive me by thirty (30) days, to be divided among them as they shall agree. If my children do not agree to the division of the said property among themselves, my Executor shall make such division among them, the division by my Executor to be in all respects binding upon my issue. There shall be no adjustment among my then living children in the event any child shall receive under this provision property of greater value than another child. I may leave a memorandum listing some or all of the items provided in this Article I that I wish certain persons to have and request that my wishes as set forth in the memorandum be observed.

## ARTICLE II

### Debts, Expenses and Taxes

I direct my Executor to pay out of the principal of my estate passing hereunder, after satisfaction of any gifts made pursuant to Article I, all my just debts (except such of them as shall be secured by any mortgage, lien or other encumbrance and/or which shall not have become due and payable at the date of my death), funeral expenses and costs of administration, including ancillary administration. My Executor shall also pay out of the principal of my estate after satisfaction of any gifts made in Article

I, or make deposits therefrom to secure such payments, all estate, inheritance, transfer and succession taxes including any penalties thereon, which may be assessed in any way by reason of my death, except that amount, if any, by which such taxes shall be increased as a result of the inclusion of property in which I may have a qualifying income interest for life or over which I may have a power of appointment, which shall be paid by the person holding or receiving that property. Interest and penalties concerning any tax shall be paid and charged in the same manner as the tax. I authorize my Executor to take such action as may be necessary to collect payments for these items from the legatees and beneficiaries responsible therefor, and my Executor may withhold such amounts from any property otherwise distributable to any legatee or beneficiary hereby made responsible for such payment. My Executor shall not seek to recover any part of such payments from any other person or persons. My Executor shall not reimburse any person interested in any insurance policy on account of the application of any of the proceeds or surrender value of such policy in satisfaction of any indebtedness to which such policy is subject, nor shall said person be subrogated to the rights of the creditor in any collateral because of such indebtedness. If my Executor shall be compelled at any time to pay any tax, interest or penalty with respect to my estate, my Executor shall be entitled to be reimbursed from the property of my estate, or if the property of my estate be then insufficient or if my estate be then distributed, my Executor shall be reimbursed by the person or persons to whom such property shall have been distributed to the extent of the amount received by each such person. My Executor, before making any distribution of either income or principal from my estate, may accordingly require an undertaking by said person or persons in form satisfactory to my Executor to reimburse her for all such taxes and penalties, or my Executor may withhold distribution pending release of any tax lien or the determination of any tax controversy.

## ARTICLE III

### Residuary Estate

§1 **Pour-Over to Revocable Trust.** I give, devise and bequeath all the rest, residue and remainder of my estate, of whatever kind and character, whether real, personal or mixed, and wheresoever located, of which I shall be seized or possessed or to which I shall be entitled in any way at the date of my death (excluding any property over which I may have a power of appointment, it being my intention not to exercise any such power, but including any lapsed bequest hereunder) all of which is hereinafter referred to as my "residuary estate," to the Trustee under a certain Trust Agreement, as heretofore executed on the 26th day of July, 2001, by and between myself as Grantor and Trustee, which created the FIRST AMENDMENT TO THE FIRST RESTATEMENT OF THE MILDRED L. PARK REVOCABLE TRUST DATED NOVEMBER 26, 1986, to be added to and become a part of the trust estate of said trust, and to be held, administered

and distributed pursuant to the provisions of said Trust Agreement as it shall have been last amended prior to my death.

§2 Alternative Disposition. If, prior to the date of my death, the said MILDRED L. PARK REVOCABLE TRUST shall have been revoked or otherwise terminated, or if for any other reason the gift, devise and bequest to the Trustee under said Trust Agreement shall fail or shall be legally ineffective, I give, devise and bequeath my residuary estate to PETER W. MURPHY of Lake Zurich, Illinois, or his named successor, as Trustee, to be held and disposed of pursuant to the terms and conditions of said Trust Agreement as they exist as of the date of this instrument, which terms and conditions are hereby expressly incorporated herein by this reference.

## ARTICLE IV

### Executor

§1 Appointment of Executor. I hereby nominate and appoint BONNIE S. MURPHY of Lake Zurich, Illinois as Executor of this my Last Will. In the event of the death, resignation, refusal, failure, or inability of BONNIE S. MURPHY to act as Executor, then the following, one at a time and in the order named, shall act as successor Executor in her place and stead:

(a) DAWN M. HOFFMAN of Cincinnati, Ohio; and

(b) PETER W. MURPHY of Lake Zurich, Illinois.

§2 Meaning of Executor. Wherever reference is made herein to my "Executor," such reference shall be deemed to include any and all successor Executors and Co-Executors at any time qualified to act and acting as Executor of this my Last Will and Testament and shall also include any Administrator with the Will Annexed and the time being in office, and each such successor Executor and Administrator with the Will Annexed shall, immediately upon qualification as such, be vested with all the powers, rights and duties as if originally named as the Executor hereof.

§3 Exculpatory Clause. My Executor shall not be liable for any loss to my estate occasioned by acts in good faith in the administration of my estate, or in reliance on an opinion of counsel, and in any event my Executor shall be liable only for willful wrongdoing, or gross negligence, but not for honest errors of judgment.

§4 Executor's Compensation and Expenses. My Executor shall be entitled to receive from my estate a fair and just compensation for services rendered as Executor,

and my Executor shall also be reimbursed for all reasonable expenses incurred in the management, protection and distribution of my estate.

§5 **Executor's Powers.** In addition to the powers confirmed by the law upon executors, and not by way of limitation thereof, my Executor is hereby authorized, in her sole discretion to exercise, the following powers without approval by or authorization of any court:

(a) to make any division or distribution of my estate in kind, or partly in kind and partly in money, and to determine the value of any property so divided or distributed;

(b) to hold, manage, improve, repair and control all property, real or personal, at any time forming a part of my estate;

(c) to continue to hold any or all property (real or personal) owned by me, even though same be of a kind not usually considered suitable for executors to select or hold, or be a larger proportion in one or more investments than my Executor should hold;

(d) to sell at public or private sale, to grant options to purchase, and to convey any and all of the property at any time forming a part of my estate for such price and upon such terms as my Executor shall determine;

(e) to lease any tangible personal property at any time forming a part of my estate upon such terms as my Executor shall determine;

(f) to open accounts, margin or otherwise, with brokerage firms, banks or others, and to invest the funds of my estate in, and to conduct, maintain and operate these accounts for the purchase, sale and exchange of stocks, bonds, and other securities, and in connection therewith to borrow money, obtain guarantees, and engage in all other activities necessary or incidental to conducting, maintaining and operating these accounts;

(g) to determine whether receipts shall constitute principal or income, and whether expenses are properly chargeable to principal or income (except as otherwise provided herein, my Executor shall be governed in such determinations by the provisions of the Uniform Principal and Income Act where applicable and from time to time existing, but in all cases not governed by such Act, my Executor is hereby authorized to determine what shall be charged or credited to income and what to principal, and the determination of my Executor shall be conclusive upon all persons); to establish out of income and credit to principal reasonable reserves for the

depreciation of tangible property; to amortize premiums paid on the purchase of securities or other property; provided, however, any capital gain dividends from investments in mutual funds, common trust funds or real estate investment trusts shall be deemed principal;

(h) to borrow money from any source (including my Executor), to extend or renew any existing indebtedness, and to mortgage, or pledge any property at any time forming a part of my estate;

(i) to settle, compromise, contest or abandon claims or demands in favor of or against my estate;

(j) to sell, convey, release, mortgage, encumber, lease, partition, improve, manage, protect and subdivide any real estate, interests therein or parts thereof;

(k) to invest and reinvest my estate wholly or partially in common stocks or in any other type or types of assets, including but not limited to bonds, notes, debentures, mortgages, preferred stocks, or other property, real or personal, either within or without the state of Illinois as my Executor may deem advisable without being limited by any statute or rule of law regarding investments by executors;

(l) to employ and pay reasonable compensation to such agents, accountants, attorneys, investment counsel and others, as may be reasonably necessary or desirable in managing, settling and protecting my estate;

(m) to cause any securities or other property which may at any time form a part of my estate to be issued, held, or registered in the name of my Executor without indication of any fiduciary capacity, or in the name of a nominee, or in such form that title will pass by delivery;

(n) to make loans in such amounts, upon such terms, at such rates of interest, and to such persons, partnerships, corporations, trusts or estates as my Executor may deem advisable; to own and pay premiums on insurance on the life of any person; and

(o) to claim any expenses of administration of my estate either as deductions upon an income tax return or returns or as deductions from my gross estate upon an estate tax return, and to exercise any other elections available under any tax law, in such manner as in the sole judgment of my Executor will achieve an overall reduction in income and death taxes for the benefit of my estate, and I hereby direct that no adjustment between income and

principal or in the amount of any bequest under this my Last Will shall be required or made as a result of any such election.

§6 **Bond of Executor.** I direct that no Executor herein designated shall be required to give any bond, and if notwithstanding this direction, any bond is required by any law, statute or rule of court I direct that no surety be required thereon.

## ARTICLE V

## Construction

§1 **Pronouns.** As used herein, the pronouns "he" "his" and "him" shall include the feminine, neuter and plural thereof wherever the context and facts require such construction.

§2 **Headings.** The headings, titles and subtitles herein are inserted for convenience of reference only and are to be ignored in any construction of the provisions hereof.

§3 **Children.** As used herein, the terms "child," "children" or "child or children" are intended to include my two (2) children now living, namely: DAWN M. HOFFMAN and BONNIE S. MURPHY.



B-504

01W2901151

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed my seal to this my Last Will and Testament, consisting of seven (7) pages, this page included for purposes of attestation, and for purposes of identification I have placed my initials at the foot of each preceding page, all this 26th day of July, 2001.

Mildred L Park
MILDRED L. PARK

We hereby certify that the foregoing instrument was in the presence of us on the date last above written, signed, sealed, published, and declared by MILDRED L. PARK to be her Last Will and Testament, and requested us to act as witnesses thereto, and we in her presence, and in the presence of each other, believing her then to be of sound mind and memory, acting voluntarily and not under duress or constraint of any kind, saw her sign the said instrument as aforesaid, and thereupon hereunto subscribed our names as attesting witnesses to said Last Will and Testament.

Missy Hale residing at 1531 S Prospect Wheaton IL 60187

Judith Ann Gatzak residing at 318 W. Jackson Elmhurst IL 60126

Margrit Neuman residing at 27W266 Jefferson Ct. Winfield IL 60190



B-505

01W2901152

01/14/08

U N I T E D  S T A T E S  T A X  C O U R T
D O C K E T  E N T R I E S

Docket No. 16434-96 INDEX

Crystal Star Eagle, Estate of Claude B. Amarnick, Deceased, and Aaron Amarnick, Personal Representative, A Partner Other Than the Tax Matters Partner

v. COMMISSIONER OF INTERNAL REVENUE

| | | |
|---|---|---|
| Crystal Star Eagle<br>C/O Aaron Amarnick | DS0177<br>NO. 1 | (Service Attorney)<br>Dolchin,Steven B.<br>Steven B. Dolchin, P.A.<br>3864 Sheridan Street<br>Hollywood, FL 33021 |
| Estate of Claude B. Amarnick,<br>Deceased<br>C/O Aaron Amarnick | DS0177<br>NO. 1 | Dolchin,Steven B.<br>Steven B. Dolchin, P.A.<br>3864 Sheridan Street<br>Hollywood, FL 33021 |
| Aaron Amarnick | DS0177<br>NO. 1 | Dolchin,Steven B.<br>Steven B. Dolchin, P.A.<br>3864 Sheridan Street<br>Hollywood, FL 33021 |

PARTICIPANTS:

Tax Matters Partner

| | | |
|---|---|---|
| James A. Grever<br>C/O Redding & Associates, P.C. | RT0167<br>NO. 2 | (Service Attorney)<br>Redding,Thomas E.<br>Redding & Associates<br>2914 West T.C. Jester<br>Houston, TX 77018 |
| | GS0451 | Gladney,Sallie W.<br>Redding & Associates<br>2914 West T.C. Jester<br>Houston, TX 77018-7010 |

Partner(s) Other Than the
Tax Matters Partner

| | | |
|---|---|---|
| Gary H. Arizala<br>Amy E. Arizala | RT0167<br>NO. 2 | Redding,Thomas E.<br>Redding & Associates<br>2914 West T.C. Jester<br>Houston, TX 77018 |
| | GS0451 | Gladney,Sallie W. |

PLAINTIFFS' EXHIBIT 6 USCFC 06-852

B-506

Redding & Associates
2914 West T.C. Jester
Houston, TX 77018-7010

(Continued to page 2)

B-507

Docket No. 16434-96 (Continuation Page 2) 01/14/08 INDEX

| | | |
|---|---|---|
| Roger Berlin<br>Barbara Berlin | RT0167<br>NO. 2 | Redding,Thomas E.<br>Redding & Associates<br>2914 West T.C. Jester<br>Houston, TX 77018 |
| | GS0451 | Gladney,Sallie W.<br>Redding & Associates<br>2914 West T.C. Jester<br>Houston, TX 77018-7010 |
| Paul A. Brown<br>Margaret C. Brown | RT0167<br>NO. 2 | Redding,Thomas E.<br>Redding & Associates<br>2914 West T.C. Jester<br>Houston, TX 77018 |
| | GS0451 | Gladney,Sallie W.<br>Redding & Associates<br>2914 West T.C. Jester<br>Houston, TX 77018-7010 |
| Donald M. Browning, Jr.<br>Karen S. Browning, Jr. | RT0167<br>NO. 2 | Redding,Thomas E.<br>Redding & Associates<br>2914 West T.C. Jester<br>Houston, TX 77018 |
| | GS0451 | Gladney,Sallie W.<br>Redding & Associates<br>2914 West T.C. Jester<br>Houston, TX 77018-7010 |
| Donald M. Browning, Sr.<br>Edith D. Browning, Sr. | RT0167<br>NO. 2 | Redding,Thomas E.<br>Redding & Associates<br>2914 West T.C. Jester<br>Houston, TX 77018 |
| | GS0451 | Gladney,Sallie W.<br>Redding & Associates<br>2914 West T.C. Jester<br>Houston, TX 77018-7010 |
| James R. Browning<br>Charlene R. Browning | RT0167<br>NO. 2 | Redding,Thomas E.<br>Redding & Associates<br>2914 West T.C. Jester<br>Houston, TX 77018 |
| | GS0451 | Gladney,Sallie W.<br>Redding & Associates<br>2914 West T.C. Jester<br>Houston, TX 77018-7010 |

B-508

David A. Clark RT0167 Redding,Thomas E.

(Continued to page 3)

B-509