IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-852 T

(Judge Robert H. Hodges, Jr.)

RUTH C. LUCAS, Executrix of the Estate of Marvin C. Park, and

BONNIE S. MURPHY, Executrix of the Estate of Mildred L. Park,

Plaintiffs,

VS.

UNITED STATES OF AMERICA,

Defendant.

# PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACT

1. For tax years 1985 and 1986, Marvin C. Park was a limited partner in the Crystal Star Eagle ("CSE") partnership. [App: B-38, B-40][1]

2. A dispute arose between the IRS and CSE as to certain partnership items reported on CSE's 1985 and 1986 partnership information returns and a §6226 TEFRA partnership-level suit was filed in the Tax Court contesting the IRS's proposed adjustments to those partnership items. [App: B-514]

3. Mr. Park was a party to the partnership-level suit because he was a CSE limited partner in 1985 and 1986.

4. Mildred L. Park was deemed a party to the partnership-level suit only because she filed joint 1985 and 1986 tax returns with her husband. By Order dated April 26, 2001, Mr. and Mrs. Park were dismissed from the partnership-level suit as "participating partners" but continued to be subject to

[1] References to [App:B-"x"] are to Bates stamped page "x" of the Plaintiffs' Appendix B attached to the Plaintiffs' Motion for Summary Judgment and Supporting Brief.

the outcome of that case as "nonparticipating partners." The distinction between participating and nonparticipating partners is irrelevant to the issues before the Court here. [App: B-522]

5. Mr. Park died on July 12, 2000. [App: B-49]

6. Ruth Lucas was appointed Executrix of the Estate of Marvin C. Park on January 9, 2002. [App: B-49]

7. Mrs. Park died on November 13, 2001. [App: B-68]

8. Bonnie Murphy was appointed Executrix of the Estate of Mildred L. Park on or about December 19, 2001. [App: B-72, B-75]

9. On September 15, 2000, the United States Court of Appeals for the Second Circuit issued its opinion in *Callaway v. Commissioner*, 231 F.3d 106 (2nd Cir. 2000), holding that where a request for prompt assessment is filed on behalf of a deceased partner, that partner's partnership items are converted to nonpartnership items, assessments related to those converted items may be made only under the provisions of subchapter B, any such assessments made without the IRS having first issued a statutory notice of deficiency ("stat notice") (a subchapter B requirement) are invalid, and amounts based on those assessments must be refunded.

10. On May 28, 2002, Separate Forms 4810 Request for Prompt Assessment Under Internal Revenue Code Section 6501(d) were filed for each estate. [App: B-44 to B-53, B-54 to B-83]

11. Each Form 4810 included both tax years 1985 and 1986. [App: B-48, B-71]

12. On November 18, 2002, the IRS assessed tax and interest against the Parks for 1985 ($5,153.00 tax and $23,514.31 interest) and 1986 ($16,531.00 tax and $65,652.97 interest) based on the partnership-level Tax Court decision. [App: B-34, B-36]

13. The IRS never issued a stat notice to the Parks or their estates prior to the assessments. The

assessed amounts were paid in full. [App: B-34 to B-37]

14. On November 11, 2004, claims were timely filed with the IRS for refund of the amounts paid for tax years 1986 and 1985, respectively, because, among other grounds, the IRS failed to issue stat notices as required before the assessments were made. [App: B-1 to B-124, B-126 to B-247, B-248 to B-368, B-369 to B-489, B-490 to B-505]

15. The IRS denied those claims and the plaintiffs timely filed this suit. [App: B-523]

Respectfully submitted

/s/ Thomas E. Redding

Thomas E. Redding, Attorney of Record
Sallie W. Gladney
Teresa J. Womack
REDDING & ASSOCIATES, P.C.
P.O. Box 924328
Houston, Texas 77292-4328
(713) 965-9244
(713) 621-5227 Fax
**ATTORNEYS FOR PLAINTIFFS**