No. 06-852 T
(Judge Robert H. Hodges, Jr.)

---

***IN THE UNITED STATES COURT OF FEDERAL CLAIMS***

RUTH C. LUCAS, Executrix of the Estate of Marvin C. Park, and
BONNIE S. MURPHY, Executrix of the Estate of Mildred L. Park,

Plaintiffs,

v.

THE UNITED STATES,

Defendant

**DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

NATHAN J. HOCHMAN
Assistant Attorney General

DAVID GUSTAFSON
STEVEN I. FRAHM
JOSEPH B. SYVERSON
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P. O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6508
(202) 514- 9440

# TABLE OF CONTENTS

**Defendant's Cross-Motion for Partial Summary Judgment** . . . . . . . . . . . . . . . . . . . . . . . . . . vii

**Defendant's Brief in Support of its Cross-Motion for Partial Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment** . . . . . . . . . . . . . . . . . . . . . 1

**Question Presented** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Statement** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Argument** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**I. Introduction: the Treatment of Partnership Items under the Tax Equity and Fiscal Responsibility Act of 1982** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**II. Plaintiffs' Requests for Prompt Assessment of the Parks' 1985 and 1986 Tax Liabilities Did Not Convert the Parks' 1985 and 1986 CSE Partnership Items into Nonpartnership Items** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**III. The Conditions Established in Treas. Reg. § 301.6231(c)-3T Have Been Met in this Case** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**A. Both of the Tax Matters Partners for the Crystal Star Eagle Partnership were mailed copies of the Crystal Star Eagle FPAAs for 1985 and 1986 before May 28, 2002, so the condition set forth in paragraph (a) of Section 301.6231(c)-3T has been satisfied.** . . . . . . . . . 13

**1. Plaintiffs are bound by the finding in *Crystal Star Eagle* that the tax matters partners for Crystal Star Eagle were mailed copies of the Crystal Star Eagle FPAAs for 1985 and 1986.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**2. Regardless, all of the evidence before the Court indicates that the tax matters partners for Crystal Star Eagle were mailed copies of the Crystal Star Eagle FPAAs for 1985 and 1986.** . . . 16

**3. In any event, plaintiffs have admitted that the tax matters partners for Crystal Star Eagle were mailed copies of the Crystal Star Eagle FPAAs for 1985 and 1986 by failing to timely respond to defendant's requests for admission.** . . . . . . . . . . . . . 18

**B. The decision of the Tax Court in *Crystal Star Eagle* became final before May 28, 2002, so the condition set forth in paragraph (b) of Section 301.6231(c)-3T has been satisfied.** . . . . . . . . . . 19

**IV. Since Plaintiffs' Requests for Prompt Assessment Did Not Convert the Parks' Partnership Items into Nonpartnership Items, the Additional Tax and Interest Resulting from the *Crystal Star Eagle* Decision Could Be Assessed Without Sending Plaintiffs a Notice of Deficiency.** . . . . . . . . . . 19

**Conclusion**. . . . . . . . . . 21

**Appendix**. . . . . . . . . . Separate Volume

**Attachments to Appendix:**

Attachment A: Defendant's First Requests For Admissions

Attachment B: Plaintiffs' Responses to Defendant's First Set of Requests for Admissions

**Exhibits included in Appendix:**

Exhibit 1: Petition filed with the United States Tax Court in *Crystal Star Eagle, Estate of Claude B. Amarnick, Deceased, Aaron Amarnick, Personal Representative, a Partner other than the Tax Matters Partner v. Commissioner of Internal Revenue*, No. 16434-96 (U.S. Tax Ct.)

Exhibit 2: Answer filed with the United States Tax Court in *Crystal Star Eagle, Estate of Claude B. Amarnick, Deceased, Aaron Amarnick, Personal Representative, a Partner other than the Tax Matters Partner v. Commissioner of Internal Revenue*, No. 16434-96 (U.S. Tax Ct.)

Exhibit 3: Notice of Election to Participate filed with the United States Tax Court in *Crystal Star Eagle, Estate of Claude B. Amarnick, Deceased, Aaron Amarnick, Personal Representative, a Partner other than the Tax Matters Partner v. Commissioner of Internal Revenue*, No. 16434-96 (U.S. Tax Ct.)

Exhibit 4: First Amendment to Petition filed with the United States Tax Court in *Crystal Star Eagle, Estate of Claude B. Amarnick, Deceased, Aaron Amarnick, Personal Representative, a Partner other than the Tax Matters Partner v. Commissioner of Internal Revenue*, No. 16434-96 (U.S. Tax Ct.)

Exhibit 5: Answer to First Amendment to Petition filed with the United States Tax Court in *Crystal Star Eagle, Estate of Claude B. Amarnick, Deceased,*

*Aaron Amarnick, Personal Representative, a Partner other than the Tax Matters Partner v. Commissioner of Internal Revenue*, No. 16434-96 (U.S. Tax Ct.)

Exhibit 6: Motion to Dismiss as Participating Partners filed with the United States Tax Court in *Crystal Star Eagle, Estate of Claude B. Amarnick, Deceased, Aaron Amarnick, Personal Representative, a Partner other than the Tax Matters Partner v. Commissioner of Internal Revenue*, No. 16434-96 (U.S. Tax Ct.)

Exhibit 7: Order, dated April 26, 2001, entered by the United States Tax Court in *Crystal Star Eagle, Estate of Claude B. Amarnick, Deceased, Aaron Amarnick, Personal Representative, a Partner other than the Tax Matters Partner v. Commissioner of Internal Revenue*, No. 16434-96 (U.S. Tax Ct.)

Exhibit 8: Motion for Entry of Decision filed with the United States Tax Court in *Crystal Star Eagle, Estate of Claude B. Amarnick, Deceased, Aaron Amarnick, Personal Representative, a Partner other than the Tax Matters Partner v. Commissioner of Internal Revenue*, No. 16434-96 (U.S. Tax Ct.)

Exhibit 9: Decision entered by the United States Tax Court in *Crystal Star Eagle, Estate of Claude B. Amarnick, Deceased, Aaron Amarnick, Personal Representative, a Partner other than the Tax Matters Partner v. Commissioner of Internal Revenue*, No. 16434-96 (U.S. Tax Ct.)

Exhibit 10: Docket Sheet for *Crystal Star Eagle, Estate of Claude B. Amarnick, Deceased, Aaron Amarnick, Personal Representative, a Partner other than the Tax Matters Partner v. Commissioner of Internal Revenue*, No. 16434-96 (U.S. Tax Ct.)

## TABLE OF AUTHORITIES

**Cases:** **Page**

*An-Port, Inc. v. MBR Industries, Inc.*, 772 F. Supp. 1301 (D.P.R. 1991). . . . . . . . . . . . . . 19

*Conway v. United States*, 326 F.3d 1268 (Fed. Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . 8

*Crnkovich v. United States*, 202 F.3d 1325 (Fed. Cir. 2000).. . . . . . . . . . . . . . . . . . . . . . . . 9

*Crystal Star Eagle, Estate of Claude B. Amarnick, Deceased, Aaron Amarnick, Personal Representative, a Partner other than the Tax Matters Partner v. Commissioner of Internal Revenue*, No. 16434-96 (U.S. Tax Ct.). . . . . . . . . . . . . *Passim*

**Cases (Continuation):** **Page**

*Furst v. United States*, 230 Ct. Cl. 375 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Jet, Inc. v. Sewage Aeration System*, 223 F.3d 1360 (Fed. Cir. 2000). . . . . . . . . . . . . . . . . 15

*Olson v. United States*, 37 Fed. Cl. 727 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Estate of Shafer v. Commissioner*, 749 F.2d 1216 (6th Cir. 1984). . . . . . . . . . . . . . . . . 17, 18

*United States v. Basye*, 410 U.S. 441 (1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Woody v. Commissioner*, 95 T.C. 193 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**Statutes:**

Internal Revenue Code of 1986 (26 USC):

§ 701.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

§ 702.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

§ 703.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

§ 704.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

§ 6031.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

§ 6201.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

§ 6212.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

§ 6213.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

§§ 6221-6233. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Passim*

§ 6501.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 12

§ 6626.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 10, 15, 16

§ 7481.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 19

§ 7483.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 19

**Statutes (Continuation):** **Page**

Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, § 402(a), 96 Stat. 324, 648-671. . . . . 9

**Miscellaneous:**

Fed. R. Civ. P. 36. . . . . 19

Fed. R. Evid. 801 (d)(2d)(l). . . . . 17, 18

H.R. Conf. Rep. No. 97-760, 97th Cong., 2d Sess. 599-600 (1982). . . . . 9

Rules of the Court of Federal Claims:

R. 6. . . . . 18

R. 36. . . . . 18, 19

Treasury Regulations (26 C.F.R.):

§ 1.701-1 . . . . . 8

§ 1.6031(a)-1(a)(1). . . . . 8

§ 301.6231(c)-3T. . . . . 2, 7, 8, 11-15

§ 301.6231(c)-8T. . . . . 1, 2, 7, 8, 12, 13

Rules of the United States Tax Court:

R. 36. . . . . 3, 15

R. 190. . . . . 6

R. 245(b). . . . . 3, 16

R. 248(b)(3) . . . . . 5

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-852 T
(Judge Robert H. Hodges, Jr.)

---

RUTH C. LUCAS, Executrix of the Estate of Marvin C. Park, and
BONNIE S. MURPHY, Executrix of the Estate of Mildred L. Park,

Plaintiffs,

v.

THE UNITED STATES,

Defendant

---

**DEFENDANT'S CROSS-MOTION**
**FOR PARTIAL SUMMARY JUDGMENT**

---

Defendant, the United States, respectfully requests that the Court grant summary judgment pursuant to RCFC 56 in favor of defendant and against plaintiffs on the issue of plaintiffs' claim for refund grounded on their filing of requests for prompt assessment of the 1985 and 1986 tax liabilities of Marvin and Mildred Park. In support of its motion, defendant relies on the attached Brief, the attached Appendix and documents contained therein, and plaintiffs' and defendant's Proposed Findings of Uncontroverted Fact.

Respectfully submitted,

February 25, 2008

s/ Joseph B. Syverson

JOSEPH B. SYVERSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
TELEPHONE (202) 307-6508
FACSIMILE (202) 514-9440
Joseph.B.Syverson@usdoj.gov

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

s/ Steven I. Frahm

February 25, 2008

Of Counsel

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-852 T
(Judge Robert H. Hodges, Jr.)

---

RUTH C. LUCAS, Executrix of the Estate of Marvin C. Park, and
BONNIE S. MURPHY, Executrix of the Estate of Mildred L. Park,

Plaintiffs,

v.

THE UNITED STATES,

Defendant

---

**DEFENDANT'S BRIEF IN SUPPORT OF ITS CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

---

The issue in this case is whether plaintiffs are entitled to a refund of taxes and interest paid with respect to Marvin and Mildred Park's ("the Parks") 1985 and 1986 individual income taxes. Plaintiffs offer various grounds for refund and have moved for summary judgment on the basis that the Internal Revenue Service ("IRS") failed to issue them statutory notices of deficiency prior to assessing tax and interest when the it applied to the Parks' the results of a partnership-level proceeding in Tax Court. Plaintiffs' argue that the IRS was required to first issue notices of deficiency, because their filing of Requests for Prompt Assessment for 1985 and 1986 converted the partnership items at issue in the Tax Court litigation into nonpartership items by operation of Treas. Reg. § 301.6231(c)-8T.

Defendant opposes plaintiffs' motion and cross-moves for partial summary judgment to resolve this issue. Plaintiffs ignore the effect of Treas. Reg. § 301.6231(c)-3T. Section 301.6231(c)-3T operates to negate the effect of § 301.6231(c)-8T when, as here, two conditions are met: (1) the tax matters partner ("TMP") has been mailed a copy of the notice of final partnership administrative adjustment ("FPAA"), and (2) the judgment of the Tax Court in a petition for judicial review of a FPAA under § 6226 has become final. Since those two conditions were met here the IRS was not required to issue plaintiffs statutory notices of deficiency for the Parks' 1985 and 1986 tax years prior to assessment.

## QUESTION PRESENTED

Whether the IRS was required to issue plaintiffs statutory notices of deficiency under Section 6212 of the Internal Revenue Code[1] prior to making assessments of the Parks' 1985 and 1986 individual income taxes in accordance with the determination of the partnership items of the Crystal Star Eagle partnership in the United States Tax Court's decision in *Crystal Star Eagle, Estate of Claude B. Amarnick, Deceased, Aaron Amarnick, Personal Representative, a Partner other than the Tax Matters Partner v. Commissioner of Internal Revenue*, No. 16434-96 (U.S. Tax Ct.)[2].

---

[1]Unless otherwise noted, the section symbol ("§") or the word "section" shall refer to the Internal Revenue Code, codified in Title 26 of the United States Code, as amended and in effect during the relevant period.

[2]Hereafter, "*Crystal Star Eagle*."

## STATEMENT

Marvin Park was a partner in Crystal Star Eagle ("CSE") during calendar years 1985 and 1986. (PPF ¶ 1.)[3] The IRS issued FPAAs with respect to CSE's taxable years ending December 31, 1985, and December 31, 1986 ("the CSE FPAAs"). (DPF ¶ 1.)[4] The CSE FPAAs were later the subject of a petition for readjustment pursuant to § 6226 in *Crystal Star Eagle*. (DPF ¶ 2; PPF ¶ 2.) This petition was filed on July 30, 1996, by Aaron Amarnick, the personal representative of the Estate of Claude B. Amarnick, a partner in CSE. (DPF ¶ 3.) The petition was filed as a petition by a partner other than the TMP, pursuant to § 6226(b). (DPF ¶ 4.)

In the original *Crystal Star Eagle* petition, the petitioner alleged, in paragraph 2 of the petition, that "[t]he Notice of Final Partnership Administrative Adjustment, a copy of which is attached as Exhibit 'A' was mailed to the Tax Matters Partner on March 4, 1996 . . . ." (DPF ¶ 5.) In his answer to the original petition, filed September 23, 1996, the Commissioner admitted this allegation, and further alleged that Exhibit A to the petition consisted of two FPAAs, one for CSE's 1985 tax year, and another for CSE's 1986 tax year. (DPF ¶¶ 6-8.)

On October 3, 1996, a number of persons ("the CSE participants"), including the Parks, filed a Notice of Election to Participate with the Court in *Crystal Star Eagle*. (DPF ¶¶ 9-10.) In this notice, the CSE participants stated that they were parties to the *Crystal Star Eagle* because they met the requirements of § 6226(d), and were moving to participate pursuant to § 6226(c)(2) and Tax Court Rule 245(b). (DPF ¶¶ 11-12.) This Rule permits persons who satisfy the requirements of § 6226(d) to participate in an action under § 6226, provided that they file a

[3] "PPF" refers to Plaintiffs' Proposed Findings of Uncontroverted Fact.

[4] "DPF" refers to Defendant's Proposed Findings of Uncontroverted Fact.

notice of election to participate within 90 days of service of the petition for readjustment on the Commissioner. The CSE participants were represented by Thomas E. Redding of Redding & Associates, P.C., counsel for plaintiffs in this case. (DPF ¶ 13.)

In addition to the Parks, the CSE participants included two persons who served as TMP for CSE during the *Crystal Star Eagle* litigation, William A. Tauskey, Sr., and James A. Greaver. (DPF ¶¶ 14-15.) Mr. Tauskey was appointed the TMP for CSE pursuant to § 6231(a)(7)[5] sometime prior to the filing of the petition for readjustment in *Crystal Star Eagle*. (DPF ¶ 16.) Later in the course of the *Crystal Star Eagle* litigation, the Court, by order dated March 30, 1999, replaced William A. Tauskey, Sr., with James A. Greaver as the TMP for CSE. (DPF ¶ 17.) No one besides Mr. Tauskey and Mr. Greaver served as the TMP for CSE during the pendency of the *Crystal Star Eagle* litigation. (DPF ¶ 18.)

Shortly after electing to participate, the CSE participants filed an amendment to the original petition filed by Mr. Amarnick. (DPF ¶ 19.) In this amendment, the CSE participants alleged that the CSE "FPAAs for 1985 and 1986" were "mailed to the petitioner," and that "[e]ach of the Participating Partners were mailed essentially identical copies of the FPAAs." (DPF ¶¶ 20-21.) The term "Participating Partners," as used in the amendment to the petition, referred to the CSE participants, including the TMPs, Mr. Tauskey and Mr. Greaver. (DPF ¶¶ 14, 15, 22.) In his answer to the CSE participants' amendment to the petition, the Commissioner admitted that each of the "Participating Partners" had been mailed copies of the CSE FPAAs. (DPF ¶¶ 23-24.) The CSE FPAAs were, in fact, mailed both to Mr. Tauskey and to Mr. Greaver

---

[5]Section 6231(a)(7) permits the Secretary to select a TMP of a partnership, if no person has been designated as TMP pursuant to § 6231(a)(7)(A), and the Secretary determines that it is "impractical to apply" the selection rule in § 6231(a)(7)(B).

before May 28, 2002. (DPF ¶¶ 25-26.)

Later in the course of the *Crystal Star Eagle* litigation, on April 16, 2001, after Marvin Park had died, their representatives moved to dismiss the Parks as participating partners. (DPF ¶ 27; PPF ¶ 5.) In this motion, the Parks' representatives stated that the Parks were deceased, and that the Parks' representatives did not "wish to substitute into this proceeding." (DPF ¶¶ 28-29.) The Commissioner did not oppose this motion. (DPF ¶ 30.)

On April 26, 2001, the *Crystal Star Eagle* court granted this motion in part. (DPF ¶ 31.) In its order, the court explained that the motion was granted only "*in that* the participation of [the Parks] is considered stricken for purposes of any motion for entry of decision pursuant to Tax Court Rule 248(b).[6]" (DPF ¶ 32.) The court then went on to clarify that the Parks "will be affected by the decision entered in this proceeding irrespective of their participation." (DPF ¶ 33.)

Later, on August 30, 2001, the Commissioner moved for entry of decision pursuant Tax Court Rule 248(b). (DPF ¶ 34.) On December 7, 2001, the *Crystal Star Eagle* court entered decision in accordance with the motion. (DPF ¶ 35.) The court's decision made the following adjustments to CSE's partnership items for taxable years 1985:

---

[6]Tax Court Rule 248(b) governs settlements of § 6226 proceedings when a settlement agreement has been reached between all participating partners and the Commissioner, but the TMP, if a participating partner, is not able to certify that no nonparticipating partners object to entry of decision in accordance with the settlement. In such circumstances, the TMP is obligated to serve the nonparticipating partners a copy of the motion for entry of decision. Tax Court Rule 248(b)(3). If, after 60 days from filing of the motion, no nonparticipating partner has sought to intervene or participate, or if such nonparticipating partner's motion for leave to intervene or participate has been denied, the Court may enter the decision proposed in the motion as the Court's decision. Tax Court Rule 248(b)(4).

| **Partnership Item** | **As Reported** | **As Determined** |
|---|---|---|
| Ordinary loss | $2,733,064.00 | $1,620,000.00 |
| Tax preference item: Accelerated depreciation | $1,460,037.00 | $0.00 |

(DPF ¶ 36.) The court's decision made adjustments to the same two partnership items for CSE's 1986 taxable year:

| **Partnership Item** | **As Reported** | **As Determined** |
|---|---|---|
| Ordinary loss | $3,570,696.00 | $0.00 |
| Tax preference item: Accelerated depreciation | $1,587,467.00 | $0.00 |

(DPF ¶ 37.)

The court's decision also explained that the reasons for the adjustments to CSE's 1985 and 1986 tax years were that CSE "did not have an objective profit motive for entering into the transactions which gave rise to the disallowed deductions, and the transactions lacked economic substance." (DPF ¶ 38.) No notice of appeal of this decision was filed with the *Crystal Star Eagle* court. (DPF ¶ 39.)

The *Crystal Star Eagle* decision became final on March 14, 2002, 90 days after the entry of the decision, in accordance with §§ 7481 and 7483 and Tax Court Rule 190. Over two months later, on May 28, 2002, the plaintiffs, then the executrixes of the Parks' estates, filed with the IRS, pursuant to § 6501(d), requests for prompt assessment against the Parks for many of the Parks' tax years, including, *inter alia*, 1985 and 1986. (PPF ¶¶ 6, 8, 10, 11.)

On November 18, 2002, the IRS assessed additional tax and interest for the Parks' 1985 and 1986 individual income tax years in accordance with the *Crystal Star Eagle* decision. (PPF ¶

12.) The Parks were assessed the following amounts for these years:

| **Taxable Year** | Additional Tax Assessed | Interest Assessed |
|---|---|---|
| 1985 | $5,153.00 | $23,514.31 |
| 1986 | $16,531.00 | $65,652.97 |

(*Ibid.*)

**ARGUMENT**

The Parks participated in Tax Court proceedings which resulted in a decision, determining partnership items. Shortly after the decision became final, plaintiffs requested prompt assessments of the taxes and interest. The IRS assessed taxes and interest against the Parks, in accordance with the Tax Court's decision. Nevertheless, plaintiffs now contend that the assessments were invalid, because the IRS did not first issue statutory notices of deficiency, designed to provide an opportunity for taxpayers to contest disputes with the IRS in the Tax Court.

Plaintiffs' argument, in essence, is that, because of § 301.6231(c)-8T, their filing of requests for prompt assessments for the Parks' 1985 and 1986 taxable years converted all of the Parks' partnership items for those years into nonpartnership items and that, because of that, they were entitled to statutory notices of deficiency before taxes and interest could be assessed. The paradoxical result this would lead to (the invalidation of assessments made in accordance with litigation and which plaintiffs requested) does not occur, however, because plaintiffsfail to take into account the effect of Treas. Reg. § 301.6231(c)-3T. The plaintiffs' filing of the requests for prompt assessment did not convert the Parks' *CSE* partnership items for 1985 and 1986 into nonpartnership items, notwithstanding whether the requirements of § 301.6231-8T were met.

This is so because § 301.6231(c)-3T operates to negate the ordinary effect of § 301.6231(c)-8T on a partnership item when two conditions are met: (1) an FPAA relating to those items has been mailed to the TMP, and (2) if a suit is filed under § 6226 with respect to such an FPAA, the judgment of the court in which the suit is filed has become final. As demonstrated below, the evidence before the Court establishes beyond controversy that both these conditions have been satisfied.

## I.

## INTRODUCTION: THE TREATMENT OF PARTNERSHIP ITEMS UNDER THE TAX EQUITY AND FISCAL RESPONSIBILITY ACT OF 1982

The resolution of the issue before the Court depends on whether the Parks' CSE partnership items for 1985 and 1986 were converted into nonpartnership items. To understand this issue, it is first necessary to understand what a partnership item is, and the role it plays under the Internal Revenue Code with respect to the taxation of partners.

Partnerships are pass-through entities that do not themselves pay federal income tax. Rather, all income, deductions, and credits are allocated among the individual partners. §§ 701, 702; *Conway v. United States*, 326 F.3d 1268, 1271 (Fed. Cir. 2003). Although partnerships are not themselves taxpayers, they are nevertheless required to file annual information returns, reporting the partners' distributive shares of income, gain, deductions or credits. § 6031; Treas. Reg. §§ 1.701-1, 1.6031(a)-1(a)(1); *United States v. Basye*, 410 U.S. 441, 448 (1973). The individual partners then report their distributive shares on their federal income tax returns. §§ 701-704.

To achieve consistent treatment of all partners in the same partnership, and to remove the

substantial administrative burden occasioned by duplicative audits and litigation, Congress enacted coordinated procedures for determining the proper treatment of "partnership items" at the partnership level in a single, unified audit and judicial proceeding, as part of the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. No. 97-248, § 402(a), 96 Stat. 324, 648-671, codified in §§ 6221-6233. *See* H.R. Conf. Rep. No. 97-760, 97th Cong., 2d Sess. 599-600 (1982); *Crnkovich v. United States*, 202 F.3d 1325, 1329 (Fed. Cir. 2000) (per curiam). Partnership items include items of income, gain, loss, deduction, or credit, that the Secretary of Treasury has determined are "more appropriately determined at the partnership level than at the partner level." § 6231(a)(3); Treas. Reg. § 301.6231(a)(3)-1(a)(1)(i).

When the IRS audits a partnership return to determine the proper treatment of partnership items, it must send the partners a notice of the beginning of that administrative proceeding. § 6223(a)(1).[7] If the IRS disagrees with the partnership's reporting of any partnership item, it must issue a FPAA before making any assessments against the partners attributable to that item. §§ 6223(a)(2), (d)(2), 6225(a). The TMP then has 90 days from the date of the FPAA to file a petition in the Tax Court, a federal district court, or this Court, contesting the adjustments in the FPAA. § 6226(a). If the TMP does not file a petition, then any other partner entitled to notice of partnership proceedings may file a petition within 60 days after the close of the 90-day period. § 6226(b)(1).

If a petition contesting adjustments in an FPAA is filed (by either the TMP or any notice

[7]In general, all partners whose addresses have been furnished to the IRS are entitled to notice that the audit has commenced, and although the tax matters partner takes the lead and must keep the other partners apprised, § 6223(g), any partner may participate. § 6224(a). If the partnership has more than 100 partners, special notice rules apply. § 6223(b).

partner), all partners with interests in the outcome are treated as parties. §§ 6226(c), (d). The filing of a petition contesting the FPAA gives the court "jurisdiction to determine all partnership items of the partnership for the partnership taxable year to which the [FPAA] relates." § 6226(f). Once the FPAA is mailed, § 6225(a) prohibits the IRS from making an assessment attributable to partnership items during the time a § 6226 proceeding may be filed, and, if one is brought in the Tax Court, until the decision therein becomes final.

Once a final partnership-level adjustment has been made to a partnership item in a unified partnership administrative proceeding, a corresponding "computational adjustment" must be made to the tax liability of each partner. §§ 6201, 6230(a)(1). Such computational adjustments may, in turn, affect the amount of other items on an individual partner's return (called "affected items").

Where a a partner's tax liability flows strictly from a mere computational adjustment (even where a portion of the liability stems from an affected item), the liability may be assessed immediately. There is no need, or occasion, for sending a notice of deficiency to a partner (giving the right to contest the notice by filing a petition in the Tax Court petition), as the underlying matter has already been determined at the partnership level. Any partner challenge to the computational adjustment itself, must be done in a refund suit. *See* § 6230(c)(3). On the other hand, if a deficiency stemming from an affected item requires an independent factual determination at the partner level, the normal deficiency procedures outlined in § 6212 and § 6213 apply. § 6230(a)(2)(A)(i); Treas. Reg. § 301.6231(a)(6)-1. After the completion of these procedures, any income tax attributable to partnership items is assessed at the partner level. *See* § 701.

## II.

## PLAINTIFFS' REQUESTS FOR PROMPT ASSESSMENT OF THE PARKS' 1985 AND 1986 TAX LIABILITIES DID NOT CONVERT THE PARKS' 1985 AND 1986 CSE PARTNERSHIP ITEMS INTO NONPARTNERSHIP ITEMS

To carry their burden of establishing that the Parks' CSE partnership items for 1985 and 1986 converted into nonpartnership items, plaintiffs must establish that the conditions set forth in Treas. Reg. § 301.6231(c)-3T were not met. They cannot do so.

Under § 6231(c)(2), the Secretary is empowered to promulgate regulations to treat as nonpartnership items certain items that otherwise would be treated as partnership items under TEFRA:

> To the extent that the Secretary determines and provides by regulations that to treat items as partnership items will interfere with the effective and efficient enforcement of this title in any case described in paragraph (1), such items shall be treated as non-partnership items for purposes of this subchapter.

Section 6231(c)(1) details the cases in which the Secretary has this regulatory power, which include any situation in which the Secretary determines by regulation that a case presents "special enforcement considerations":

> APPLICABILITY OF SUBSECTION.— This subsection applies in the case of—
>
> > (A) assessments under section 6851 (relating to termination assessments of income tax) or section 6861 (relating to jeopardy assessments of income, estate, gift, and certain excise taxes),
> >
> > (B) criminal investigations,
> >
> > (C) indirect methods of proof of income,
> >
> > (D) foreign partnerships, and
> >
> > (E) other areas that the Secretary determines by regulation to present special enforcement considerations.

One of the areas that the Secretary determined by regulation would present "special enforcement considerations" within the meaning of § 6231(c)(1)(E) is "[t]he treatment of items as partnership items with respect to a partner on whose behalf a request for prompt assessment of tax under section 6501(d) is filed." Treas. Reg. § 301.6231(c)-8T. With respect to such items, the Secretary provided in § 301.6231(c)-8T that:

> [P]artnership items of such a partner arising in any partnership taxable year ending with or within any taxable year of the partner with respect to which a request for prompt assessment of tax is filed shall be treated as nonpartnership items as of the date that the request is filed.

Thus, looking at § 301.6231(c)-8T in isolation, if a request for prompt assessment is filed on behalf of a partner for a particular tax year of that partner, the partnership items of that partner for that tax year are treated as nonpartnership items.

Treas. Reg. § 301.6231(c)-3T, however, places conditions on the operation of the subsequent Treas. Reg. § 301.6231(c)-8T. Treas. Reg. § 301.6231(c)-3T, provides that Treas. Reg. §§ 301.6231(c)-4T through 301.6231(c)-8T "shall not apply" if the following conditions are met:

> *Limitation on applicability of §§ 301.6231(c)-4T through 301.6231(c)-8T (temporary).*
>
> A provision of §§ 301.6231(c)-4T through 301.6231(c)-8T shall not apply with respect to partnership items arising in a partnership taxable year if, as of the date on which those items would otherwise begin to be treated as nonpartnership items under that provision—
>
> (a) A notice of final partnership administrative adjustment with respect to those items has been mailed to the tax matters partner, and
>
> (b) Either—
>
> (1) The period during which an action with respect to that final

> partnership administrative adjustment may be brought under section 6226 has expired and no such action has been brought, or
>
> (2) The decision of the court in an action brought under section 6226 with respect to that final partnership administrative adjustment has become final.

In other words, a request for prompt assessment will not convert a partnership item into a nonpartnership item if, on the date it was filed, the IRS had already challenged the partnership's reporting in an FPAA mailed to the tax matters partner which either was not challenged or was challenged in litigation that has become final.

Applied to the facts of this case, § 301.6231(c)-3T provides that the Parks' partnership items in CSE for CSE's 1985 and 1986 taxable years remain partnership items, notwithstanding § 301.6231(c)-8T, provided that, as of May 28, 2002, (the date the requests for prompt assessment were filed), the following two conditions had been satisfied:

(1) The CSE FPAAs for 1985 and 1986 were mailed to the TMP for CSE, and

(2) The Tax Court's decision in *Crystal Star Eagle* had become final.

As demonstrated below, the record before the Court unquestionably establishes that both of these conditions have been met.

## III.

## THE CONDITIONS ESTABLISHED IN TREAS. REG. § 301.6231(c)-3T HAVE BEEN MET IN THIS CASE

### A. Both of the Tax Matters Partners for the Crystal Star Eagle Partnership were mailed copies of the Crystal Star Eagle FPAAs for 1985 and 1986 before May 28, 2002, so the condition set forth in paragraph (a) of Section 301.6231(c)-3T has been satisfied

In the *Crystal Star Eagle* proceedings in Tax Court, the petitioner alleged that both

William A. Tauskey, Sr., and James A. Greaver, the two persons who were TMPs for CSE during the *Crystal Star Eagle* litigation, had been mailed copies of the CSE FPAAs for 1985 and 1986, and the Commissioner admitted the truth of this allegation. *See* DPF ¶¶ 14-24. These facts about the *Crystal Star Eagle* proceedings are sufficient by themselves to establish for purposes of this case that the CSE TMPs were mailed copies of the CSE FPAAs. Since the Parks were parties to the *Crystal Star Eagle* litigation, and plaintiffs are in privity with them, plaintiffs are bound by these facts established in the Tax Court proceeding In any event, even if they were not so bound, summary judgment is still appropriate, because *all* of the evidence relevant to this issue indicates that the TMPs were mailed copies of the CSE FPAAs, and, furthermore, plaintiffs have admitted that the TMPs were mailed the FPAAs by failing to timely answer defendant's requests for admissions on that point.

**1. Plaintiffs are bound by the finding in *Crystal Star Eagle* that the tax matters partners for Crystal Star Eagle were mailed copies of the Crystal Star Eagle FPAAs for 1985 and 1986**

It was established in the Tax Court in *Crystal Star Eagle* that Mr. Tauskey and Mr. Greaver were mailed copies of the CSE FPAAs for 1985 and 1986. The Parks were parties to that proceeding, and plaintiffs are in privity with them in their capacity as representatives of their estates. Under the doctrine of collateral estoppel, plaintiffs are bound by those determined facts and cannot recontest them in this proceeding.

Collateral estoppel, also known as issue preclusion, bars relitigation of an issue raised in a prior proceeding when the following four elements are established: "(1) identity of the issues in a prior proceeding; (2) the issues were actually litigated; (3) the determination of the issues was necessary to the resulting judgment; and, (4) the party defending against preclusion had a full and

fair opportunity to litigate the issues." *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1365-66 (Fed. Cir. 2000).

The first element, identity of the issues, is clearly established in this case. The factual issue placed before the Court in this case by § 301.6231(c)-3T(a) and the factual issue raised by the allegation in the CSE participants' amended petition in *Crystal Star Eagle* are the same: whether Mr. Greaver and Mr. Tauskey were mailed copies of the CSE FPAAs for 1985 and 1986.

The second element, actual litigation, is also unquestionably satisfied. The issue of whether Mr. Tauskey and Mr. Greaver were mailed copies of the CSE FPAAs for 1985 and 1986 was placed before the *Crystal Star Eagle* court when the Parks, along with the other CSE participants, alleged as such in the amendment to the *Crystal Star Eagle* petition, and was resolved when the Commissioner admitted this allegation. *See* Tax Court Rule 36.

The third element, necessity to the judgment, is satisfied because the mailing of the FPAA to the TMP is a prerequisite to the Tax Court's jurisdiction over a petition for readjustment under § 6226. Under § 6226(a), the TMP "may file a petition for a readjustment . .. with . . . the Tax Court," provided that it is filed "[w]ithin 90 days after the day on which a notice of final partnership administrative adjustment is mailed to the [TMP]." Likewise, under § 6226(b), if the TMP does not file a petition for readjustment within the 90-day period in § 6226(a), a notice partner "may . . . file a petition for readjustment . . . with any of the courts described in subsection (a)," provided that it is filed "within 60 days after the close of the 90-day period set forth in subsection (a)." Thus, regardless of whether a petition for readjustment is brought under § 6226(a) or § 6226(b), the petition can only be brought in Tax Court *after* the

TMP has been mailed a copy of the FPAA.

The fourth and final element, full and fair opportunity to litigate, also is satisfied. To begin,plaintiffs, as executrixes of the Parks' estates, are in privity with the Parks, and hence are subject to collateral estoppel on the basis of prior litigation involving the Parks. *See, e.g., Furst v. United States*, 230 Ct. Cl. 375, 387 n.9 (1982). Marvin Park was a CSE partner, so the Parks, as joint filers, were both parties to the *Crystal Star Eagle* litigation by operation of §§ 6226(c) and (d). As parties, under Tax Court Rule 245(b).[8] the Parks could participate in the *Crystal Star Eagle* litigation, and thus had an opportunity to litigate.

Furthermore, the Parks not only had an opportunity to participate in the *Crystal Star Eagle* litigation, they actually did participate in the litigation, including in the portion of the litigation concerning the issue of the mailing of the CSE FPAAs to Mr. Tauskey and Mr. Greaver. The Parks exercised their right under Tax Court Rule 245 to participate in the *Crystal Star Eagle* litigation, filing a notice of election to participate in the case. Indeed, after electing to participate, they, along with the other CSE participants (including Mr. Tauskey and Mr. Greaver) filed an amendment to the *Crystal Star Eagle* petition, in which they alleged that Mr. Tauskey and Mr. Greaver had been mailed copies of the CSE FPAAs for 1985 and 1986, which the Commissioner admitted in his answer to the amendment to the petition.

**2. Regardless, all of the evidence before the Court indicates that the tax matters partners for Crystal Star Eagle were mailed copies of the Crystal Star Eagle FPAAs for 1985 and 1986**

[8]Tax Court Rule 245(b) provides that "[a]ny other partner [besides the TMP] who satisfies the requirements of Code section 6226(d) . . . may participate in the action by filing a notice of election to participate with the Court . . . within 90 days from the date of service of the petition by the Clerk on the Commissioner."

Regardless of whether plaintiffs are collaterally estopped from contesting the mailing of the CSE FPAAs to the CSE TMPs by virtue of the proceedings in *Crystal Star Eagle*, the Court should grant defendant's motion for summary judgment, because *all* of the evidence before the Court on the issue indicates that Mr. Tauskey and Mr. Greaver were mailed copies of the CSE FPAAs for 1985 and 1986.

The first piece of evidence showing the CSE FPAAs were mailed to Mr. Tauskey and Mr. Greaver is the Parks' own statements in their Tax Court filings. As detailed *supra*, the Parks, along with the other CSE participants, alleged in the amendment to the *Crystal Star Eagle* petition that Mr. Tauskey and Mr. Greaver were mailed copies of the CSE FPAAs for 1985 and 1986. This statement is admissible against plaintiffs in this case, because it is excluded from the definition of "hearsay" in the Federal Rules of Evidence ("FRE") by operation of FRE 801(d)(2)(A). Under FRE 801(d)(2)(A), a statement is "not hearsay" if it is "offered against a party," and is "the party's own statement." The Parks, as decedents whose claims are being litigated by their estates, are considered "parties" for purposes of application of FRE 801(d)(2)(A). *See Estate of Shafer v. Comm'r*, 749 F.2d 1216, 1220 (6th Cir. 1984) (holding that because decedent, through his estate, was a party to the action, "his statements [were] a 'classic example of an admission.'" (quoting FRE 801(d)(2)(A) advisory committee's note)).

The second item of evidence indicating the CSE FPAAs were mailed to Mr. Tauskey and Mr. Greaver is the statement of plaintiff Bonnie Murphy to that effect in the Protest filed with the IRS during the administrative proceedings in this case. *See* DPF ¶¶ 25, 26. Like the Parks' statements in their *Crystal Star Eagle* pleadings, this statement is not hearsay, because it is the statement of a party-opponent, and hence excluded from the definition of hearsay. FRE

801(d)(2)(A); *see Estate of Shafer*, 749 F.2d at 1219 (holding that an out-of-court statement of an executor bringing an action on behalf of an estate was admissible against the estate, regardless of whether the statement was made by the executor in a representative capacity).[9]

By contrast, plaintiffs have offered *no* evidence to rebut this evidence. Indeed, plaintiffs have proposed no factual findings at all relating to the TMP of CSE. Consequently, *all* the evidence before the Court indicates that the TMPs of CSE were mailed copies of the CSE FPAAs for 1985 and 1986, the Court should conclude that no material dispute of fact exists on this issue.

**3. In any event, plaintiffs have admitted that the tax matters partners for Crystal Star Eagle were mailed copies of the Crystal Star Eagle FPAAs for 1985 and 1986 by failing to timely respond to defendant's requests for admission**

In addition to collateral estoppel and the all the evidence indicating that the CSE FPAAs were mailed to the CSE TMPs, plaintiffs must be deemed to have admitted that is the case by their failure to timely respond to defendant's requests for admission. *See* DPF ¶¶ 25, 26. A Request for Admission "is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." RCFC 36(a).

Defendant served Requests for Admission, which included the question of the mailing of FPAAs to the TMPs on November 7, 2007. Thus, plaintiffs had until December 10, 2007, to serve defendant with their response. *See* RCFC 6(e). Plaintiffs, however, did not serve their

---

[9]Even if FRE 801(d)(2)(A) only applied to the statements of an executrix if made in her representative capacity, FRE 801(d)(2)(A) would still apply, as the statement in the Protest was unquestionably made by Ms. Murphy in her capacity as the executrix of Mildred Park's estate.

response to this request until December 14, 2007. Consequently, plaintiffs have admitted that Mr. Tauskey and Mr. Greaver were mailed copies of the CSE FPAAs, thereby "conclusively establish[ing]" these facts. RCFC 36(b); *see An-Port, Inc. v. MBR Industries, Inc.*, 772 F. Supp. 1301, 1305 (D.P.R. 1991) (failure to timely respond to requests for admission resulted in "automatic admission" of the requests under Fed. R. Civ. P. 36).

### B. The decision of the Tax Court in *Crystal Star Eagle* became final before May 28, 2002, so the condition set forth in paragraph (b) of Section 301.6231(c)-3T has been satisfied

The *Crystal Star Eagle* decision became final before the plaintiffs' May 28, 2002 filing of the requests for prompt assessment of the Parks' tax liabilities for 1985 and 1986. The *Crystal Star Eagle* decision was entered on December 7, 2001. *See* DPF ¶ 35. No notice of appeal of this decision was filed with the *Crystal Star Eagle* court. *See id.* ¶ 39. Thus, under § 7481(a), the decision of the Tax Court in *Crystal Star Eagle* became final "[u]pon the expiration of the time allowed for filing a notice of appeal." The time for filing such a notice is "within 90 days after the decision of the Tax Court is entered." § 7483. Therefore, the *Crystal Star Eagle* decision became final on March 14, 2002, over two months before the May 28, 2002, filing of the requests for prompt assessment.

## IV.

## SINCE PLAINTIFFS' REQUESTS FOR PROMPT ASSESSMENT DID NOT CONVERT THE PARKS' PARTNERSHIP ITEMS INTO NONPARTNERSHIP ITEMS, THEADDITIONAL TAX AND INTEREST RESULTING FROM THE *CRYSTAL STAR EAGLE* DECISION COULD BE ASSESSED WITHOUT SENDING PLAINTIFFS A NOTICE OF DEFICIENCY

Since, as explained above, the plaintiffs' requests for prompt assessment did not convert the Parks's CSE partnership items for 1985 and 1986 into nonpartnership items, the IRS was not

required to issue notices of deficiency before assessing the Parks for 1985 and 1986 in accordance with the *Crystal Star Eagle* decision. It is undisputed that the November 18, 2002, assessments were made in accordance with the *Crystal Star Eagle* decision, *see* PPF ¶ 12, and hence reflect computational adjustments within the meaning of § 6231(a)(6). Indeed, a notice of deficiency, which advises a taxpayer of the right to contest a proposed tax adjustment in the Tax Court, would be senseless here, where the matter already has been litigated in the Tax Court. Plaintiffs' request for prompt assessment, made after the litigation was completed, cannot require the IRS to do exactly the opposite by first issuing a notice of deficiency. Under § 6230(a), the IRS could make the assessments without first issuing a notice of deficiency, because the determination of the deficiency involved is "'merely computational.'" *Olson v. United States*, 37 Fed. Cl. 727, 732 (1997) (quoting *Woody v. Comm'r*, 95 T.C. 193, 202 (1990)).

## CONCLUSION

For the reasons stated above, defendant respectfully requests that the Court deny plaintiffs' motion for summary judgment, and grant its cross-motion for summary judgment on the issue of plaintiffs' claim for refund grounded on the plaintiffs' filing of requests for prompt assessment of the Parks' 1985 and 1986 tax liabilities.

Respectfully submitted,

February 25, 2008

s/ Joseph B. Syverson
JOSEPH B. SYVERSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
TELEPHONE (202) 307-6508
FACSIMILE (202) 514-9440
Joseph.B.Syverson@usdoj.gov

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

s/ Steven I. Frahm
Of Counsel

February 25, 2008