4-14 Houston TX

**ORIGINAL**

RECEIVED

**UNITED STATES TAX COURT**

**FILED**

CRYSTAL STAR EAGLE, ESTATE OF )
CLAUDE B. AMARNICK, DECEASED, )
AARON AMARNICK, PERSONAL REPRESEN- )
TATIVE, A PARTNER OTHER THAN THE )
TAX MATTERS PARTNER, )
                       )
             Petitioner, )
                       )
   v. )
                       )
COMMISSIONER OF INTERNAL REVENUE, )
                       )
             Respondent. )

Docket No. 16434-96

ADM.
RECORDED
SERVICE
CAL.
STAT.
S.I.
FILED

### ANSWER TO FIRST AMENDMENT TO PETITION

THE RESPONDENT, in answer to the First Amendment to Petition

filed in the above-entitled case, admits, denies and alleges as

follows:

First unnumbered, unlettered paragraph:  Admits.

1.  Admits, except denies for lack of sufficient

information, the date of death of Petitioner Claude B. Amarnick.

Admits that the Participating Partners who have allegedly joined

in the first amendment to the petition are set forth in the

amendment to the petition.  Alleges, however, that Participating

Partners Howard S. and Ilene S. Lapidos and Merrill F. and

Elizabeth J. Wymer cannot participate in this action as they have

already entered binding settlement agreements with the Internal

Revenue Service.  Attached hereto as Exhibit A is a copy of the

Form 870-P(AD) for the 1985 year of Howard S. and Ilene S.

GOVERNMENT
EXHIBIT
5

CERTIFIED TRUE COPY
ROBERT R. DI TROLIO, CLERK
BY: *Glenn Trier*
     DEPUTY CLERK

Docket No. 16434-96

Lapidos.  Attached hereto as Exhibit B is a copy of the Form 870-P(AD) for the 1986 year of Howard S. and Ilene S. Lapidos. Attached hereto as Exhibit C is a copy of the Form 870-P(AD) for the 1985 year of Merrill F. and Elizabeth J. Wymer.  Attached hereto as Exhibit D is a copy of the Form 870-P(AD) for the 1986 year of Merrill F. and Elizabeth J. Wymer.  As such, alleges that the partnership items of said individuals have become nonpartnership items and that said Participating Partners are subject to dismissal from the instant action and that separate, appropriate motions regarding same will be filed.

Regarding Petitioner's unnumbered and unlettered assertion regarding Participating Partners Merrill F. and Elizabeth J. Wymer and the extent of their involvement in the petition, Respondent further alleges that the Wymers have entered into a binding settlement agreement which was only available to partners if both the 1985 and 1986 tax years were resolved and that the Wymers could not have settled only one year.  Alleges that the Wymers cannot join in the petition regarding only one year and that they actually settled both years.

2.  Sentences 1 through 4.  Admits.  Admits that Crystal Star did not file partnership returns for the years 1985 and 1986.  Denies that Crystal Star investors "never held themselves

-2-

Exhibit 5, Page 2 of 27

Docket No. 16434-96

out to be partners."    Alleges that even though there may not
have been a document entitled "Partnership Agreement" that they
joined capital and services with the intent of conducting a
business and sharing profits and/or losses.

    3.  Admits, except denies that the Lapidoses and Wymers are
proper parties to this proceeding.

    4.  Admits that the partnership items have not become
nonpartnership items with the exception of the 1985 and 1986
years for both the Lapidoses and the Wymers.    Admits that the
Wymers assert that their settlement regarding the 1986 year was
withdrawn but denies that same is true.    Denies that the 1986
settlement agreement is invalid and alleges that the settlement
agreement is valid.

    5.  Admits.

    6.  Admits.

    7.  Admits.

    8.  Admits except denies that copies of the FPAAs for 1985
and 1986 were attached to the copy of the First Amendment to
Petition served on Respondent.    Alleges that complete copies of
the FPAAs for 1985 and 1986 were attached to the copy of the
original petition served on Respondent.    Denies the second

-3-

Docket No. 16434-96

sentence and alleges that the FPAAs were issued by the Service
Center in Holtsville, New York. Admits the third sentence.
Denies and alleges that one of the Participating Partners,
William Tauskey was designated the Tax Matters Partner, an FPAA
was issued to him and that both he and his counsel know when the
FPAA was issued to Mr. Tauskey. Cannot form an answer to
Petitioner's assertion regarding "generic" FPAAs since it is
unclear what that term means in this context.

        9.  Admits.

        10.  (a) through (g), inclusive. Denies that the
Commissioner erred.

        (h)  Denies that the Commissioner erred. Alleges that
information about § 6621(c) was included for informational
purposes only and that no determination about § 6621(c) was made
by the Commissioner in the FPAA.

        11.  (a). Admits that the facts alleged as undisputed were
found by the Ninth Circuit Court of Appeals and/or the United
States Tax Court.

        (b)  Admits, except denies for lack of sufficient
information, Petitioner's allegation regarding the treatment of
Crystal Star as a "co-ownership."

-4-

Docket No. 16434-96

(c)  Admits that the "TCM participants" petitioned the Tax Court but denies for lack of sufficient information Petitioner's allegation regarding when the Respondent raised the issue of Crystal Star's status as a partnership "for the first time."

(d)  Admits.

(e)  Admits the first and second sentences.  Admits that Petitioner and Participating Partners dispute the finding of the United States Tax Court and the Ninth Circuit Court of Appeals but denies that the status of the Crystal Star program as a partnership must be determined in the instant proceeding. Alleges that such a "re-trial" of the issue violates the principles of res judicata and related doctrines.

(f)  Admits.

(g)  Admits.

(h)  Admits that the Court found as indicated and that the Petitioner disputes the Court's finding.  Alleges that the Petitioner cannot contest same in the present proceeding because it violates the principles of res judicata and related doctrines. Denies the remainder of the sub-paragraph.

(i)  Admits.

(j)  Admits that the Petitioner alleges additional "facts."

(i)  Denies and alleges that the fair market value of the computer leasing equipment was $9,944,431.00.

-5-

Docket No. 16434-96

(ii) Admits that the computer equipment was appraised as stated but denies either the "independence" or "qualifications" of Computer Sales, Inc.

(iii) Admits except alleges that the date of the appraisal was December 4, 1989.

(iv) Denies.

(v) Denies.

(vi) Denies.

(vii) Denies.

(viii) Admits that the manager was to receive fixed fees and a percentage of gross rents. Further alleges that the manager was to share in the net remarketing proceeds.

(ix) Denies that the manager was not to share in losses. Admits that the advances were ostensibly subject to repayment but denies that the manager was ever to exercise the right of repayment.

(x) Admits.

(xi) Admits that the manager was entitled to full payment due under the management agreement for both "initial" and "continuing" services but alleges that the manager was also to share in the net remarketing proceeds.

-6-

Docket No. 16434-96

(xii)  Admits except alleges that the termination right
was illusory.  Alleges that the termination right was as
characterized by this Court in <u>Alhouse v. Commissioner</u>,
"that the right to withdraw is illusory in that the economic
value of the investment lies in the many relationships that
constitute the program."  <u>Alhouse</u> at 1681.

(xiii) Denies and alleges that the taxpayers' ability
to partition out an interest, judicially if needed, was
illusory.  <u>Bergford v. Commissioner</u>, at 83,020.

(xiv)   Denies.

(xv)    Denies.

(xvi)   Denies.

(xvii)  Denies.

(xviii) Denies.

(xix)   Denies.

(xx)    Denies.

(xxi)   Denies.

(xxii)  Denies.

(xxiii) Denies.

(xxiv)  Denies and alleges that, at least in this
instance, certain aspects and components of the "at risk"
issue are more appropriately determined at the partnership
level than at the partner level.

-7-

Docket No. 16434-96

　　　　(xxv)  Denies.

　　　　(xxvi) Petitioners were certainly advised of the
detriment that would inure to them if the Internal Revenue
Service determined that their computer leasing program was a
partnership.  Therefore, Respondent alleges while
Petitioners may have sought to avoid a partnership
classification and thus, did not intend the formation of a
partnership or joint venture, that they in fact did form a
partnership or joint venture.

　　　　(xxvii) Admits that the Confidential Placement
Memorandum specifically addressed the partnership status
issue.  Alleges that significant qualifying language was
contained in the Placement Memorandum which undermined the
supposed conclusion that the investment was not a
partnership or joint venture.

　　　　(xxviii) Denies.

　　　　(xxix)   Denies.

　　　　(xxx)    Denies.

　　　　(xxxi)   Denies that beneficial interest was "freely
transferrable."  Alleges that certain prerequisites needed
to be met before any interest was transferred.  Alleges that
the written consent of the Manager was required before an

-8-

Exhibit 5, Page 8 of 27

Docket No. 16434-96

interest was transferrable and before a transferee could become a substitute owner. Further alleges that the Manager, as representative of Amerigroup Management, had the sole and absolute discretion to withhold consent.

(xxxii) Admits.

(xxxiii) Admits the first sentence. Admits that settlements regarding the Crystal Star Eagle Partnership were offered in late 1995.

(xxxiv) Denies. Alleges, on information and belief, that the settlement offers previously made by Appeals Officer Scheller cannot be used to seek "consistent settlement" of the Petitioner's and Participating Partners' interest in Crystal Star Eagle. Alleges, on information and belief, that the currently petitioning parties are differently situated than those parties to whom a settlement offer was previously made and that therefore, the previously offered settlement is not available to these petitioning parties.

(xxxv) Admits that settlements have been entered into between the Respondent and various investors in the Crystal Star program. Denies that information about the settlements has been intentionally or negligently withheld from the TMP.

-9-

Docket No. 16434-96

Alleges that the TMP has been notified of all settlements. Attached hereto as Exhibit E is a copy of a letter from the Internal Revenue Service to counsel for Participating Partners, Thomas Redding, regarding the consistent settlement dispute.

(xxxvi)  Denies.

12.  Denies generally each and every allegation of the Amendment to Petition not herein specifically admitted, qualified or denied.

WHEREFORE, it is prayed:

(1)  That Respondent's determination, as set forth in the Final Notices of Partnership Administrative Adjustment, be in all respects approved.

(2)  That the relief sought in the First Amendment to the Petition be denied;

(3)  That the share of each partnership item be determined by this Court and not as previously reported by the Petitioner and (properly) Participating Partners on their respective tax returns for 1985 and 1986;

(4)  That the Court find that the Respondent did not err;

(5)  That the Court reject Petitioner's and Participating Partner's attempts to have this Court review the status of the Crystal Star partnership;

-10-

Docket No. 16434-96

(6)   That the Court determine that Petitioner and
Participating Partners are prevented from having this Court
review the status of the Crystal Star partnership;

(7)   That the Court determine that Petitioner and
Participating Partners were not "at risk" and determine that the
Court has jurisdiction to hear the "at risk" issue; and

(8)   That the Court determine that the Petitioner and
Participating Partners are not entitled to the relief requested.


                              STUART L. BROWN
                              Chief Counsel
                              Internal Revenue Service


Date:  _11-27-96_        By: _Kenneth A. Hochman_
                              KENNETH A. HOCHMAN
                              Assistant District Counsel
                              Tax Court Bar No. HK0097
                              Atrium West, Suite 240
                              7771 W. Oakland Park Blvd.
                              Sunrise, FL 33351
                              Telephone: (954) 572-5131


                         By: _Alison W. Lehr_
                              ALISON W. LEHR
                              Senior Attorney
                              Tax Court Bar No. LA0369

OF COUNSEL:
WILLIAM A. GOSS
   Regional Counsel
DAVID R. SMITH
   District Counsel


                         -11-

```
FORM 870-P(AD)(5-88)   DEPARTMENT OF THE TREASURY          IN REPLY
                          INTERNAL REVENUE SERVICE          REFER TO:
DATE:  12-18-95          SETTLEMENT AGREEMENT               C:T:S:APPEALS
                     FOR PARTNERSHIP ADJUSTMENTS            121895-0026
```

TAXPAYER(S) NAME(S) AND ADDRESS     NAME OF PARTNERSHIP

HOWARD & ILENE LAPIDOS              CRYSTAL STAR EAGLE
104 ATKINSON RD
ROCKVILLE CENTER  NY 11570-1107043  TIN:  13-3558089

TIN:  ████████████              ████████████████

UNDER THE PROVISIONS OF SECTION 6224(c) OF THE INTERNAL REVENUE CODE,
THE UNDERSIGNED OFFERS TO ENTER INTO A SETTLEMENT AGREEMENT WITH RESPECT
TO THE DETERMINATION OF PARTNERSHIP ITEMS OF THE PARTNERSHIP FOR THE
YEAR SHOWN ON THE ATTACHED SCHEDULE OF ADJUSTMENTS. THE UNDERSIGNED, IN
ACCORDANCE WITH THE PROVISIONS OF SECTION 6224(b) OF THE CODE, ALSO
OFFERS TO WAIVE THE RESTRICTIONS ON THE ASSESSMENT AND COLLECTION OF ANY
DEFICIENCY ATTRIBUTABLE TO PARTNERSHIP ITEMS (WITH INTEREST AS REQUIRED
BY LAW) PROVIDED IN SECTION 6225(a).

THIS OFFER IS SUBJECT TO ACCEPTANCE FOR THE COMMISSIONER OF THE INTERNAL
REVENUE SERVICE. IT WILL TAKE EFFECT AS A WAIVER OF RESTRICTIONS ON THE
( ) IT IS ACCEPTED. UNLESS AND UNTIL IT IS ACCEPTED, IT WILL HAVE NO
    FORCE OR EFFECT.

IF THIS OFFER IS ACCEPTED FOR THE COMMISSIONER, THE TREATMENT OF
PARTNERSHIP ITEMS UNDER THIS AGREEMENT WILL NOT BE REOPENED IN THE
ABSENCE OF FRAUD, MALFEASANCE, OR MISREPRESENTATION OF FACT; AND NO
CLAIM FOR REFUND OR CREDIT BASED ON ANY CHANGE IN THE TREATMENT OF
PARTNERSHIP ITEMS MAY BE FILED OR PROSECUTED.

| SIGNATURE OF TAXPAYER | *Howard Lapidos* | DATE 1/5/96 |
|---|---|---|
| SIGNATURE OF TAXPAYER | *Ilene Lapidos* | DATE 1/5/96 |
| BY (SIGNATURE AND TITLE) | | DATE |

IF ( ) THIS OFFER IS EXECUTED BY A TAX MATTERS PARTNER, PLEASE INCLUDE TITLE
IN THE SIGNATURE.

NOTE:  THE EXECUTION AND FILING OF THIS OFFER WILL EXPEDITE THE
ADJUSTMENT OF TAX LIABILITY.

    IF THIS OFFER IS EXECUTED WITH RESPECT TO A YEAR FOR WHICH A JOINT
    RETURN OF A HUSBAND AND WIFE WAS FILED. IT MUST BE SIGNED BY BOTH
    SPOUSES, UNLESS ONE SPOUSE, ACTING UNDER A POWER OF ATTORNEY, SIGNS
    AS AGENT FOR THE OTHER.

    IF THE TAXPAYER IS A CORPORATION, THE OFFER MUST BE SIGNED WITH THE
    CORPORATE NAME FOLLOWED BY THE SIGNATURE AND TITLE OF THE OFFICER
    AUTHORIZED TO SIGN.

    THIS OFFER MAY BE EXECUTED BY THE TAXPAYER'S ATTORNEY OR AGENT
    PROVIDED THIS ACTION IS SPECIFICALLY AUTHORIZED BY A POWER OF
    ATTORNEY, WHICH, IF NOT PREVIOUSLY FILED, MUST ACCOMPANY THIS FORM.

    THE SUBMISSION OF THIS OFFER BY YOU AND THE ACCEPTANCE OF THE OFFER
    FOR THE COMMISSIONER MAY RESULT IN AN ADDITIONAL TAX LIABILITY TO
    YOU PLUS INTEREST AS PROVIDED BY LAW. IF THE RESULT IS A DECREASE
    IN TAX, THE AMOUNT OF THE DECREASE WILL BE SENT TO YOU WITH INTEREST
    AS PROVIDED BY LAW.

| FOR INTERNAL REVENUE USE ONLY | DATE ACCEPTED FOR COMMISSIONER 2-1-96 | SIGNATURE *Robt Rosenblatt* |
|---|---|---|
| | OFFICE NYC Appeals | TITLE Acting Assistant Chief |

FORM 870-P(AD)(5-88)

Ex. A

Department of the Treasury — Internal Revenue Service
## Settlement Agreement For Partnership Adjustments

### Schedule of Adjustments

Name of Partnership  Crystal Star Eagle

Taxpayer Identifying Number:  13–3558089

| Detail of Adjustments To Ordinary Income | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12–31–85 | | |
| Ordinary Loss | $2,733,064 | | |
| Cash Allowance: Approximately One-Half Of Cash Invested | (1,620,000) | | |
| IRC Section 6621(c) Is Applicable | | | |
| | | | |
| Total Adjustments To Ordinary ~~Income~~ Loss | $1,113,064 | | |
| Other Adjustment: Tax Preference Item: Accelerated Depreciation | | | |
| (1) Adjustment | | | |
| (2) As Reported | ($1,460,037) | | |
| (3) Corrected | 1,460,037 | | |
| Other Adjustment: | –0– | | |
| (1) Adjustment | | | |
| (2) As Reported | | | |
| (3) Corrected | | | |
| Remarks | | | |

This settlement will not be accepted on behalf of the Commissioner unless the partner signs and returns the agreement forms for both of the years 1985 and 1986.

North Atlantic Region

Limited Partner Investor
in Crystal Star Eagle

Person to Contact: Irwin Lieberman

Telephone: (212) 264-7011

Refer Reply to: AP:NY:IL

Re: Crystal Star Eagle

EIN: 13-3558089

Tax Years Ended: 8512 and 8612

Dear Partner:

**Purpose of This Letter:** The cover letter and agreement form that is included in this settlement package is being sent to you because our records show that you are an investor in the above named partnership. This will be a binding settlement only if you sign the enclosed Form 870-P(AD) and return it to us and we sign on behalf of the Commissioner. When we sign the agreement form, the one-year period of limitations on assessments will begin under Internal Revenue Code section 6229(f).

**Description of the Settlement:** The New York City Appeals Office has formulated a settlement for investors in this partnership. The terms of the settlement will produce the following results:
1) The partnership loss allowed for the first year (1985) should approximate one-half of your cash invested.
2) The second year (1986) will result in a full disallowance of the reported loss.
3) For both 1985 and 1986, the Appeals Office will concede all penalties.
4) Internal Revenue Code Section 6621(c) will be applicable to both 1985 and 1986.

You can only avail yourself of this settlement if you sign and return the agreement forms for both of the years 1985 and 1986.

**Party to contact if you have any questions:** If you have any questions relative to the technical aspects of the proposed settlement, you may contact me at the telephone number shown above or at the address listed below.

Thank you for your cooperation.

Sincerely Yours,

Irwin Lieberman

Irwin Lieberman
Appeals Officer

New York City Appeals Office
Church Street, New York, New York 10007

FORM 870-P(AD)(5-88)   DEPARTMENT OF THE TREASURY              IN REPLY
                           INTERNAL REVENUE SERVICE            REFER TO:
DATE:   12-18-95          SETTLEMENT AGREEMENT                 C:T:S:APPEALS
                        FOR PARTNERSHIP ADJUSTMENTS            121895-0J02
--------------------------------------------------------------------
TAXPAYER(S) NAME(S) AND ADDRESS       NAME OF PARTNERSHIP

HOWARD & ILENE LAPIDOS                CRYSTAL STAR EAGLE
104 ATKINSON RD
ROCKVILLE CENTER  NY 11570-1107043    TIN:  13-3558089

                                      TAX YEAR ENDED:  1986

TIN:  ████  ███
--------------------------------------------------------------------
UNDER THE PROVISIONS OF SECTION 6224(c) OF THE INTERNAL REVENUE CODE,
THE UNDERSIGNED OFFERS TO ENTER INTO A SETTLEMENT AGREEMENT WITH RESPECT
TO THE DETERMINATION OF PARTNERSHIP ITEMS OF THE PARTNERSHIP FOR THE
YEAR SHOWN ON THE ATTACHED SCHEDULE OF ADJUSTMENTS.  THE UNDERSIGNED, IN
ACCORDANCE WITH THE PROVISIONS OF SECTION 6224(b) OF THE CODE, ALSO
OFFERS TO WAIVE THE RESTRICTIONS ON THE ASSESSMENT AND COLLECTION OF ANY
DEFICIENCY ATTRIBUTABLE TO PARTNERSHIP ITEMS (WITH INTEREST AS REQUIRED
BY LAW) PROVIDED IN SECTION 6225(a).

THIS OFFER IS SUBJECT TO ACCEPTANCE FOR THE COMMISSIONER OF THE INTERNAL
REVENUE SERVICE.  IT WILL TAKE EFFECT AS A WAIVER OF RESTRICTIONS ON THE
DATE IT IS ACCEPTED.  UNLESS AND UNTIL IT IS ACCEPTED, IT WILL HAVE NO
FORCE OR EFFECT.

IF THIS OFFER IS ACCEPTED FOR THE COMMISSIONER, THE TREATMENT OF
PARTNERSHIP ITEMS UNDER THIS AGREEMENT WILL NOT BE REOPENED IN THE
ABSENCE OF FRAUD, MALFEASANCE, OR MISREPRESENTATION OF FACT; AND NO
CLAIM FOR REFUND OR CREDIT BASED ON ANY CHANGE IN THE TREATMENT OF
PARTNERSHIP ITEMS MAY BE FILED OR PROSECUTED.
--------------------------------------------------------------------
SIGNATURE OF                                            DATE
TAXPAYER      *Howard Lapidos*                          1/5/96
--------------------------------------------------------------------
SIGNATURE OF                                            DATE
TAXPAYER      *Ilene Lapidos*                           1/5/96
--------------------------------------------------------------------
BY (SIGNATURE                                           DATE
AND TITLE)
--------------------------------------------------------------------
IF THIS OFFER IS EXECUTED BY A TAX MATTERS PARTNER, PLEASE INCLUDE TITLE
IN THE SIGNATURE.

NOTE:  THE EXECUTION AND FILING OF THIS OFFER WILL EXPEDITE THE
ADJUSTMENT OF TAX LIABILITY.

   IF THIS OFFER IS EXECUTED WITH RESPECT TO A YEAR FOR WHICH A JOINT
   RETURN OF A HUSBAND AND WIFE WAS FILED, IT MUST BE SIGNED BY BOTH
   SPOUSES, UNLESS ONE SPOUSE, ACTING UNDER A POWER OF ATTORNEY, SIGNS
   AS AGENT FOR THE OTHER.

   IF THE TAXPAYER IS A CORPORATION, THE OFFER MUST BE SIGNED WITH THE
   CORPORATE NAME FOLLOWED BY THE SIGNATURE AND TITLE OF THE OFFICER
   AUTHORIZED TO SIGN.

   THIS OFFER MAY BE EXECUTED BY THE TAXPAYER'S ATTORNEY OR AGENT
   PROVIDED THIS ACTION IS SPECIFICALLY AUTHORIZED BY A POWER OF
   ATTORNEY, WHICH, IF NOT PREVIOUSLY FILED, MUST ACCOMPANY THIS FORM.

   THE SUBMISSION OF THIS OFFER BY YOU AND THE ACCEPTANCE OF THE OFFER
   FOR THE COMMISSIONER MAY RESULT IN AN ADDITIONAL TAX LIABILITY TO
   YOU PLUS INTEREST AS PROVIDED BY LAW.  IF THE RESULT IS A DECREASE
   IN TAX, THE AMOUNT OF THE DECREASE WILL BE SENT TO YOU WITH INTEREST
   AS PROVIDED BY LAW.
--------------------------------------------------------------------
              DATE ACCEPTED FOR          SIGNATURE
FOR           COMMISSIONER
INTERNAL      2-1-96                     *Robert Rawlett*
REVENUE
USE ONLY      OFFICE  *NYC Appeals*      TITLE  *Attng Associate Chief*
--------------------------------------------------------------------
                                         FORM 870-P(AD)(5-88)

                                                              Ex. B

Department of the Treasury — Internal Revenue Service
## Settlement Agreement For Partnership Adjustments

**Schedule of Adjustments**

Name of Partnership  Crystal Star Eagle

Taxpayer Identifying Number: 13-3558089

| Detail of Adjustments To Ordinary Income | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12-31-86 | | |
| Ordinary Loss | $3,570,696 | | |
| IRC Section 6621(c) Is Applicable | | | |
| Total Adjustments To Ordinary ~~Income~~ Loss | $3,570,696 | | |
| Other Adjustment: Tax Preference Item: Accelerated Depreciation | | | |
| (1) Adjustment | ($1,587,467) | | |
| (2) As Reported | 1,587,467 | | |
| (3) Corrected | -0- | | |
| Other Adjustment: | | | |
| (1) Adjustment | | | |
| (2) As Reported | | | |
| (3) Corrected | | | |

Remarks

This settlement will not be accepted on behalf of the Commissioner unless the partner
signs and returns the agreement forms for both of the years 1985 and 1986.

Exhibit 5, Page 16 of 27

U.S. GOVERNMENT PRINTING OFFICE

North-Atlantic Region

Limited Partner Investor
in Crystal Star Eagle

Person to Contact: Irwin Lieberman

Telephone: (212) 264-7011

Refer Reply to: AP:NY:IL

Re: Crystal Star Eagle

EIN: 13-3558089

Tax Years Ended: 8512 and 8612

Dear Partner:

Purpose of
This Letter:

The cover letter and agreement form that is included
in this settlement package is being sent to you
because our records show that you are an investor
in the above named partnership. This will be a
binding settlement only if you sign the enclosed
Form 870-P(AD) and return it to us and we sign on
behalf of the Commissioner. When we sign the
agreement form, the one-year period of limitations
on assessments will begin under Internal Revenue
Code section 6229(f).

Description
of the
Settlement:

The New York City Appeals Office has formulated a
settlement for investors in this partnership. The
terms of the settlement will produce the following results:
1) The partnership loss allowed for the first year (1985)
should approximate one-half of your cash invested.
2) The second year (1986) will result in a full disallowance
of the reported loss.
3) For both 1985 and 1986, the Appeals Office will concede
all penalties.
4) Internal Revenue Code Section 6621(c) will be applicable
to both 1985 and 1986.

You can only avail yourself of this settlement if you sign
and return the agreement forms for both of the years 1985
and 1986.

Party to
Contact if
you have any
questions:

If you have any questions relative to the technical aspects
of the proposed settlement, you may contact me at the
telephone number shown above or at the address listed below.

Thank you for your cooperation.

Sincerely Yours,

Irwin Lieberman
Appeals Officer

New York City Appeals Office
Church Street, New York, New York 10007



Department of the Treasury — Internal Revenue Service

Settlement Agreement For Partnership Adjustments

## Schedule of Adjustments

| Name of Partnership   Crystal Star Eagle | Tax Year(s) Ended | | |
|---|---|---|---|
| Taxpayer Identifying Number:   13-3558089 | 12-31-85 | | |
| Detail of Adjustments To Ordinary Income | | | |
| Ordinary Loss | $2,733,064 | | |
| Cash Allowance: Approximately One-Half Of Cash Invested | (1,620,000) | | |
| IRC Section 6621(c) Is Applicable | | | |
| Total Adjustments To Ordinary Income  Loss | $1,113,064 | | |
| Other Adjustment: Tax Preference Item: Accelerated Depreciation | | | |
| (1) Adjustment | ($1,460,037) | | |
| (2) As Reported | 1,460,037 | | |
| (3) Corrected | -0- | | |
| Other Adjustment: | | | |
| (1) Adjustment | | | |
| (2) As Reported | | | |
| (3) Corrected | | | |

Remarks

This settlement will not be accepted on behalf of the Commissioner unless the partner
signs and returns the agreement forms for both of the years 1985 and 1986.

North Atlantic Region

Limited Partner Investor
in Crystal Star Eagle

Person to Contact: Irwin Lieberman

Telephone: (212) 264-7011

Refer Reply to: AP:NY:IL

Re: Crystal Star Eagle

EIN: 13-3558089

Tax Years Ended: 8512 and 8612

Dear Partner:

**Purpose of This Letter:**
The cover letter and agreement form that is included in this settlement package is being sent to you because our records show that you are an investor in the above named partnership. This will be a binding settlement only if you sign the enclosed Form 870-P(AD) and return it to us and we sign on behalf of the Commissioner. When we sign the agreement form, the one-year period of limitations on assessments will begin under Internal Revenue Code section 6229(f).

**Description of the Settlement:**
The New York City Appeals Office has formulated a settlement for investors in this partnership. The terms of the settlement will produce the following results:
1) The partnership loss allowed for the first year (1985) should approximate one-half of your cash invested.
2) The second year (1986) will result in a full disallowance of the reported loss.
3) For both 1985 and 1986, the Appeals Office will concede all penalties.
4) Internal Revenue Code Section 6621(c) will be applicable to both 1985 and 1986.

You can only avail yourself of this settlement if you sign and return the agreement forms for both of the years 1985 and 1986.

**Party to contact if you have any questions:**
If you have any questions relative to the technical aspects of the proposed settlement, you may contact me at the telephone number shown above or at the address listed below.

Thank you for your cooperation.

Sincerely Yours,

*Irwin Lieberman*

Irwin Lieberman
Appeals Officer

New York City Appeals Office
Church Street, New York, New York 10007

Exhibit 5, Page 21 of 27 *NYC APPEALS*

| FORM 870-P(AD)(5-88)    DEPARTMENT OF THE TREASURY | IN REPLY |
|---|---|
| INTERNAL REVENUE SERVICE | REFER TO: |
| DATE:  12-18-95    SETTLEMENT AGREEMENT | C:T:S:APPEALS |
| FOR PARTNERSHIP ADJUSTMENTS | 121895-0117 |

| TAXPAYER(S) NAME(S) AND ADDRESS | NAME OF PARTNERSHIP |
|---|---|
| MERRILL F & ELIZABETH J WYMER | CRYSTAL STAR EAGLE |
| PO BOX 6774 | |
| WHEELING WV 26003-0918740 | TIN: 13-3558089 |
| | TAX YEAR ENDED:  1986 |
| TIN: ▮▮▮▮▮▮ | |

UNDER THE PROVISIONS OF SECTION 6224(c) OF THE INTERNAL REVENUE CODE,
THE UNDERSIGNED OFFERS TO ENTER INTO A SETTLEMENT AGREEMENT WITH RESPECT
TO THE DETERMINATION OF PARTNERSHIP ITEMS OF THE PARTNERSHIP FOR THE
YEAR SHOWN ON THE ATTACHED SCHEDULE OF ADJUSTMENTS.  THE UNDERSIGNED, IN
ACCORDANCE WITH THE PROVISIONS OF SECTION 6224(b) OF THE CODE, ALSO
OFFERS TO WAIVE THE RESTRICTIONS ON THE ASSESSMENT AND COLLECTION OF ANY
DEFICIENCY ATTRIBUTABLE TO PARTNERSHIP ITEMS (WITH INTEREST AS REQUIRED
BY LAW) PROVIDED IN SECTION 6225(a).

THIS OFFER IS SUBJECT TO ACCEPTANCE FOR THE COMMISSIONER OF THE INTERNAL
REVENUE SERVICE.  IT WILL TAKE EFFECT AS A WAIVER OF RESTRICTIONS ON THE
DATE IT IS ACCEPTED.  UNLESS AND UNTIL IT IS ACCEPTED, IT WILL HAVE NO
FORCE OR EFFECT.

IF THIS OFFER IS ACCEPTED FOR THE COMMISSIONER, THE TREATMENT OF
PARTNERSHIP ITEMS UNDER THIS AGREEMENT WILL NOT BE REOPENED IN THE
ABSENCE OF FRAUD, MALFEASANCE, OR MISREPRESENTATION OF FACT; AND NO
CLAIM FOR REFUND OR CREDIT BASED ON ANY CHANGE IN THE TREATMENT OF
PARTNERSHIP ITEMS MAY BE FILED OR PROSECUTED.

| SIGNATURE OF TAXPAYER | DATE |
|---|---|
| *Merrill F. Wymer*   RECEIVED | 1-2-96 |

| SIGNATURE OF TAXPAYER | DATE |
|---|---|
| *Elizabeth J Wymer*   JAN 31 1995 | Jan 2, 1996 |

| BY (SIGNATURE AND TITLE) | DATE |
|---|---|
| ESU/PSC | |

IF THIS OFFER IS EXECUTED BY A TAX MATTERS PARTNER, PLEASE INCLUDE TITLE
IN THE SIGNATURE.

NOTE:  THE EXECUTION AND FILING OF THIS OFFER WILL EXPEDITE THE
ADJUSTMENT OF TAX LIABILITY.

IF THIS OFFER IS EXECUTED WITH RESPECT TO A YEAR FOR WHICH A JOINT
RETURN OF A HUSBAND AND WIFE WAS FILED, IT MUST BE SIGNED BY BOTH
SPOUSES, UNLESS ONE SPOUSE, ACTING UNDER A POWER OF ATTORNEY, SIGNS
AS AGENT FOR THE OTHER.

IF THE TAXPAYER IS A CORPORATION, THE OFFER MUST BE SIGNED WITH THE
CORPORATE NAME FOLLOWED BY THE SIGNATURE AND TITLE OF THE OFFICER
AUTHORIZED TO SIGN.

THIS OFFER MAY BE EXECUTED BY THE TAXPAYER'S ATTORNEY OR AGENT
PROVIDED THIS ACTION IS SPECIFICALLY AUTHORIZED BY A POWER OF
ATTORNEY, WHICH, IF NOT PREVIOUSLY FILED, MUST ACCOMPANY THIS FORM.

THE SUBMISSION OF THIS OFFER BY YOU AND THE ACCEPTANCE OF THE OFFER
FOR THE COMMISSIONER MAY RESULT IN AN ADDITIONAL TAX LIABILITY TO
YOU PLUS INTEREST AS PROVIDED BY LAW.  IF THE RESULT IS A DECREASE
IN TAX, THE AMOUNT OF THE DECREASE WILL BE SENT TO YOU WITH INTEREST
AS PROVIDED BY LAW.

| FOR INTERNAL REVENUE USE ONLY | DATE ACCEPTED FOR COMMISSIONER | SIGNATURE |
|---|---|---|
| | 5-23-96 | *Robt Rubloff* |
| | OFFICE NYC Appeals | TITLE *Aty Council Cht* |

FORM 870-P(AD)(5-88)

Ex. D

Department of the Treasury — Internal Revenue Service

## Settlement Agreement For Partnership Adjustments

### Schedule of Adjustments

| Name of Partnership  Crystal Star Eagle | Tax Year(s) Ended | | |
|---|---|---|---|
| Taxpayer Identifying Number: 13-3558089 | 12-31-86 | | |
| **Detail of Adjustments To Ordinary Income** | | | |
| Ordinary Loss | $3,570,696 | | |
| IRC Section 6621(c) Is Applicable | | | |
| | | | |
| **Total Adjustments To Ordinary Income  Loss** | $3,570,696 | | |
| **Other Adjustment:** Tax Preference Item: Accelerated Depreciation | | | |
| (1) Adjustment | ($1,587,467) | | |
| (2) As Reported | 1,587,467 | | |
| (3) Corrected | -0- | | |
| **Other Adjustment:** | | | |
| (1) Adjustment | | | |
| (2) As Reported | | | |
| (3) Corrected | | | |

**Remarks**

This settlement will not be accepted on behalf of the Commissioner unless the partner signs and returns the agreement forms for both of the years 1985 and 1986.

Department of the Treasury

North-Atlantic Region

Person to Contact: Irwin Lieberman

Limited Partner Investor
in Crystal Star Eagle

Telephone: (212) 264-7011

Refer Reply to: AP:NY:IL

Re: Crystal Star Eagle

EIN: 13-3558089

Tax Years Ended: 8512 and 8612

Dear Partner:

| | |
|---|---|
| Purpose of this Letter: | The cover letter and agreement form that is included in this settlement package is being sent to you because our records show that you are an investor in the above named partnership. This will be a binding settlement only if you sign the enclosed Form 870-P(AD) and return it to us and we sign on behalf of the Commissioner. When we sign the agreement form, the one-year period of limitations on assessments will begin under Internal Revenue Code section 6229(f). |
| Description of the Settlement: | The New York City Appeals Office has formulated a settlement for investors in this partnership. The terms of the settlement will produce the following results: 1) The partnership loss allowed for the first year (1985) should approximate one-half of your cash invested. 2) The second year (1986) will result in a full disallowance of the reported loss. 3) For both 1985 and 1986, the Appeals Office will concede all penalties. 4) Internal Revenue Code Section 6621(c) will be applicable to both 1985 and 1986. You can only avail yourself of this settlement if you sign and return the agreement forms for both of the years 1985 and 1986. |
| Party to contact if you have any questions: | If you have any questions relative to the technical aspects of the proposed settlement, you may contact me at the telephone number shown above or at the address listed below. |

Thank you for your cooperation.

Sincerely Yours,

Irwin Lieberman
Appeals Officer

New York City Appeals Office
Church Street, New York, New York 10007

DEPARTMENT OF THE TREASURY          INTERNAL REVENUE SERVICE

August 26, 1996


Thomas E Redding
Redding & Associates, P.C.
515 Post Oak Boulevard, Suite 500
Houston, Texas 77027

Dear Mr. Redding:

We received your letters dated July 25, 1996 regarding the
following investors in Crystal Star Eagle:

> Charles H and Charisse L. Straight
> Jay E. and Shirley M. Frieling
> Bert R. and Frances Vanderzee
> R. Norman and Peggy J. Stone
> Michael B. and Iris Lewiston
> Howard S. and Ilene S. Lapidos
> Julius and Blanche Jaffe
> James A. and Patricia A. Grever
> Joseph H. and Barbara E. Goldfarb
> Gary H. and Amy E. Arizala
> David M. Phelan
> Merrill F. and Elizabeth Wymer
> David A. and Terice B. Clark
> Roger and Barbara Berlin
> Paul B. and Margaret C. Brown

In your letter you state that "this request is not an admission
by the taxpayers that the taxpayers' partnership items have not
previously been converted to nonpartnership items due to a prior
bankruptcy or a prior settlement, that the taxpayers will accept
the settlement offer, or that the Crystal Star Eagle investment
program constituted a partnership for purposes of IRC sections
6221-6231."

In several of the requests you ask for the same settlement as
that arrived at with Merrill F. and Elizabeth Wymer.  Since you
are also making such a request for the Wymers, I do not
understand how you can ask for a consistent settlement for
others, if you are saying the Wymers have not settled.

Section 6224 allows partners whose partnership items have not
been converted to nonpartnership items to request a consistent
settlement based on a settlement entered into with a partner
prior to their own settlement.  Partners who have previously


New York City Appeals Office
P.O. Box 2954, Church Street Station, New York, NY  10008

Ex. E

settled are not entitled to the same terms as future settlements. If that were the case we could have no settlements based on the hazards of litigation since partners who settled would still be able to void their agreement if the Government eventually lost the case in court.  The agreements entered into have language which makes it clear that the settlements are final except in some very limited circumstances.

I must also point out to you that a consistent settlement request must give the name of the partner upon whose settlement your request is based.  Several of your requests do not mention such a partner and the rest mention the Wymers.

In any case, the settlement shown on the form 870-P schedule of adjustments (your exhibit "A") may still be offered by any partner still a party to this TEFRA proceeding.  We previously sent the forms 870-P to all partners whose partnership items had not been converted.  Any such partner may still sign those forms and return them to us.

This will be a binding settlement only if you/the taxpayers sign the Form 870-P and return it to us and we sign on behalf of the Commissioner.  When we sign the agreement form, the one-year period of limitations on assessments will begin under section 6229(f).

Note:  That agreement form clearly stated that this settlement will not be accepted on behalf of the commissioner unless the partner signs and returns the agreement forms for both of the years 1985 and 1986.

Consistent settlement requests must be all inclusive of the terms of the settlement upon which they are based.  If partners could pick the years in which they wanted to settle, partners could remove the gains in the gain years without agreeing to the disallowance of the losses in the loss years.  This issue has been litigated and I will be glad to discuss it with you if you give me a call.

One more important point I wish to make is that the 150 day period since the FPAA was issued has now expired.  Therefore, no partners have any rights to a consistent settlement based on prior agreements.  Still if you send us any properly signed forms 870-P (reflecting the settlement previously sent to the partners covering both years) within two weeks from the date of this letter, we will be able to accept your offer.

That offer is the best we know of which has been accepted for any partner.  If you are aware of numerous partners who settled on a

New York City Appeals Office
P.O. Box 2954 Church Street Station, New York, NY  10008

more favorable basis, please let us know their names.

The Tax Matters Partner has been advised of prior settlements by the Service Center. If you want this information sent to you, you must make a request under the Freedom of Information Act. There may be a charge for the photocopying. In any case I believe we have informed you of those partners whose partnership items have been converted. If any of them got a better offer, please let us know.

If you have any questions, please call me at 212-264-7647. If I cannot be reached at that number, you can call 212-264-3705 and leave a message and I will get back to you. You may also call Mr. Lieberman at 212-264-7011.

Sincerely,

Robert Rosenblatt
TEFRA Coordinator
New York City Appeals

New York City Appeals Office
P.O. Box 2954, Church Street Station, New York, NY    10008

Exhibit 5, Page 26 of 27

Docket No. 16434-96

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing ANSWER TO FIRST AMENDMENT TO PETITION was served on counsel for petitioner, counsel for participating partners and on the Tax Matters Partner by mailing the same on _____NOV 27 1996_____ in a postage paid wrapper addressed as follows:

> Steven B. Dolchin
> 4330 Sheridan Street
> Suite 202 B
> Hollywood, Florida  33021
>
> Thomas E. Redding
> Redding & Associates
> 515 Post Oak Boulevard, Suite 500
> Houston, Texas   77027
>
> William Tauskey, Sr.
> River Ridge Road
> PO Box  2217
> Blue Ridge, Georgia  30513

This is to further certify that the original of the aforementioned paper was mailed to the Court on _____NOV 27 1996_____.

Date:_____NOV 27 1996_____            *alison W. Lehr*
                                      ALISON W. LEHR
                                      Senior Attorney
                                      Tax Court Bar No. LA0369