IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-852 T
(Judge Robert H. Hodges, Jr.)

---

RUTH C. LUCAS, Executrix of the Estate of Marvin C. Park, and
BONNIE S. MURPHY, Executrix of the Estate of Mildred L. Park,

Plaintiffs,

v.

THE UNITED STATES,

Defendant

---

**DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

---

1. The IRS issued FPAAs with respect to Crystal Star Eagle ("CSE") for CSE's taxable years ending December 31, 1985, and December 31, 1986 ("the CSE FPAAs"). (Pls.' Compl. ¶¶ 15D, 26D; Ex. 1 at 1, 3-10, 18-24; Ex. 4 at 2, 4; Ex. 5 at 1, 3, 4.)[1]

2. The CSE FPAAs were the subject of a petition ("the *Crystal Star Eagle* petition") for readjustment pursuant to Section 6226 of the Internal Revenue Code in *Crystal Star Eagle, Estate of Claude B. Amarnick, Deceased, Aaron Amarnick, Personal Representative, a Partner other than the Tax Matters Partner v. Commissioner of Internal Revenue*, No. 16434-96 (U.S. Tax Ct.) ("*Crystal Star Eagle*"). (Pls.' Compl. ¶¶ 7, 19; Ex. 1; Ex. 10 at 1, 5.)

3. The *Crystal Star Eagle* petition was filed on July 30, 1996, by Aaron Amarnick,

---

[1]Citations of the form "Ex. __" shall refer to the exhibits attached to the Appendix filed with Defendant's Cross-Motion for Partial Summary Judgment.

the personal representative of the Estate of Claude B. Amarnick, a partner in CSE. (Ex. 1 at 1; Ex. 10 at 1, 5.)

4. The *Crystal Star Eagle* petition was filed as a petition by a partner other than the tax matters partner ("TMP"), pursuant to Section 6226(b) of the Internal Revenue Code. (Ex. 1 at 1, 2; Ex. 4 at 2-4; Ex. 10 at 1, 5.)

5. In the *Crystal Star Eagle* petition, the petitioner alleged, at paragraph 2, that "[t]he Notice of Final Partnership Administrative Adjustment, a copy of which is attached as Exhibit 'A' was mailed to the Tax Matters Partner on March 4, 1996 . . . ." (Ex. 1 at 1.)

6. The Commissioner of Internal Revenue ("Commissioner") filed an answer to the *Crystal Star Eagle* petition on September 23, 1996. (Ex. 2; Ex. 10 at 1, 6.)

7. In his answer to the *Crystal Star Eagle* petition, the Commissioner admitted the truth of the allegation in paragraph 2 of the petition. (Ex. 2 at 1.)

8. In his answer to the *Crystal Star Eagle* petition, the Commissioner alleged that Exhibit A to the petition consisted of two FPAAs, one for CSE's 1985 tax year, and another for CSE's 1986 tax year. (*Ibid.*)

9. On October 3, 1996, a number of persons ("the CSE participants") filed a Notice of Election to Participate with the Court in *Crystal Star Eagle*. (Ex. 3; Ex. 10 at 1, 6.)

10. Marvin and Mildred Park were among the group of CSE participants. (Ex. 3 at 1.)

11. In their notice of election to participate, the CSE participants stated that they were parties to the *Crystal Star Eagle* case because they met the requirements of Section 6226(d) of the Internal Revenue Code. (*Ibid.*)

12. In their notice of election to participate, the CSE participants stated that they were

moving to participate pursuant to § 6226(c)(2) and Tax Court Rule 245(b). (*Ibid.*)

13. The CSE participants were represented by Thomas E. Redding of Redding & Associates, P.C. (*Id.* at 2.)

14. William A. Tauskey, Sr., was among the group of CSE participants. (*Id.* at 1.)

15. James A. Grever was among the group of CSE participants. (*Ibid.*)

16. William A. Tauskey, Sr., was appointed the TMP for CSE pursuant to Section 6231(a)(7) of the Internal Revenue Code sometime prior to the filing of the *Crystal Star Eagle* petition. (Def.'s RFA 1; Pls.' Resps. to Def.'s RFA 1.)[2]

17. By order dated March 30, 1999, the *Crystal Star Eagle* court replaced William A. Tauskey, Sr., with James A. Grever as the TMP for CSE. (Def.'s RFA 2; Pls.' Resps. to Def.'s RFA 2.)

18. No one besides William A. Tauskey, Sr., and James A. Grever served as the TMP for CSE during the pendency of the *Crystal Star Eagle* litigation. (Def.'s RFA 3; Pls.' Resps. to Def.'s RFA 3; Ex. 10.)[3]

19. On October 10, 1996, the CSE participants filed an amendment to the *Crystal Star Eagle* petition. (Ex. 4; Ex. 10 at 1, 6.)

20. In their amendment to the *Crystal Star Eagle* petition, the CSE participants

---

[2]Citations of the forms "Def.'s RFA __" and "Pls.' Resps. to Def.'s RFA __" shall refer to Defendant's First Requests for Admissions and to Plaintiffs' Responses to Defendant's First Request for Admissions, respectively. These documents are attachments A and B, respectively, to Defendant's Appendix.

[3]This proposed finding, as do defendant's proposed findings 25 and 26, relies, in part, on plaintiffs' failure to timely respond to Defendant's First Requests for Admissions, which is explained at pages 18 and 19 of Defendant's Brief in Support of its Cross-Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment.

alleged that the CSE "FPAAs for 1985 and 1986" were "mailed to the petitioner." (Ex. 4 at 4.)

21. In their amendment to the *Crystal Star Eagle* petition, the CSE participants alleged that "[e]ach of the Participating Partners were mailed essentially identical copies of the FPAAs." (*Ibid.*)

22. The term "Participating Partners," as used in the CSE participants' amendment to the *Crystal Star Eagle* petition, referred to the CSE participants. (Ex. 3 at 1; Ex. 4 at 1.)

23. On December 4, 1996, the Commissioner filed an answer to the CSE participants' amendment to the *Crystal Star Eagle* petition. (Ex. 5; Ex. 10 at 1, 6.)

24. In his answer to the CSE participants' amendment to the *Crystal Star Eagle* petition, the Commissioner admitted that each of the "Participating Partners" had been mailed copies of the CSE FPAAs. (Ex. 4 at 4; Ex. 5 at 3, 4.)

25. The CSE FPAAs were mailed to William A. Tauskey, Sr., before May 28, 2002. (Def.'s RFA 4, 5, 8; Pls.' Resps. to Def.'s RFA 4, 5, 8; Ex. 4 at 1, 2, 4.)

26. The CSE FPAAs were mailed to James A. Grever before May 28, 2002. (Def.'s RFA 6-8; Pls.' Resps. to Def.'s RFA 6-8; Ex. 4 at 1, 2, 4.)

27. On April 16, 2001, the representatives of Marvin and Mildred Park filed a motion with the *Crystal Star Eagle* court to dismiss Marvin and Mildred Park as participating partners in the *Crystal Star Eagle* case. (Ex. 6; Ex. 10 at 1, 11.)

28. In the motion to dismiss the Parks as participating partners in the *Crystal Star Eagle* case, the Parks' representatives stated that the Parks were deceased. (Ex. 6 at 1.)

29. In the motion to dismiss the Parks as participating partners in the *Crystal Star Eagle* case, the Parks' representatives stated that they did not "wish to substitute into this

proceeding." (*Ibid.*)

30. The Commissioner did not oppose the motion to dismiss the Parks as participating partners in the *Crystal Star Eagle* case. (*Id.* at 2.)

31. On April 26, 2001, the *Crystal Star Eagle* court granted in part the motion to dismiss the Parks as participating partners. (Ex. 7; Ex. 10 at 1, 11.)

32. In its order granting in part the motion to dismiss the Parks as participating partners, the *Crystal Star Eagle* court stated that the motion was granted only "*in that* the participation of [the Parks] is considered stricken for purposes of any motion for entry of decision pursuant to Tax Court Rule 248(b)." (Ex. 7 at 1.)

33. In its order granting in part the motion to dismiss the Parks as participating partners, the *Crystal Star Eagle* court stated that the Parks "will be affected by the decision entered in this proceeding irrespective of their participation." (*Ibid.*)

34. On August 30, 2001, the Commissioner filed a motion for entry of decision pursuant Tax Court Rule 248(b) with the *Crystal Star Eagle* court. (Ex. 8; Ex. 10 at 1, 11.)

35. On December 7, 2001, the *Crystal Star Eagle* court entered decision in accordance with the Commissioner's motion for entry of decision filed on August 30, 2001. (Ex. 9; Ex. 10 at 1, 11.)

36. The decision of the *Crystal Star Eagle* court made the following adjustments to CSE's partnership items for taxable years 1985:

| **Partnership Item** | **As Reported** | **As Determined** |
|---|---|---|
| Ordinary loss | $2,733,064.00 | $1,620,000.00 |
| Tax preference item: Accelerated depreciation | $1,460,037.00 | $0.00 |

(Ex. 9 at 1.)

37. The decision of the *Crystal Star Eagle* court made the following adjustments to CSE's partnership items for taxable years 1986:

| **Partnership Item** | **As Reported** | **As Determined** |
|---|---|---|
| Ordinary loss | $3,570,696.00 | $0.00 |
| Tax preference item: Accelerated depreciation | $1,587,467.00 | $0.00 |

(*Ibid.*)

38. The decision of the *Crystal Star Eagle* court provided that the reasons for the adjustments to CSE's 1985 and 1986 tax years were that CSE "did not have an objective profit motive for entering into the transactions which gave rise to the disallowed deductions, and the transactions lacked economic substance." (*Id.* at 2.)

39. No notice of appeal of the *Crystal Star Eagle* decision was filed. (Ex. 10 at 1, 11.)

Respectfully submitted,

February 25, 2008

s/ Joseph B. Syverson

JOSEPH B. SYVERSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
TELEPHONE (202) 307-6508
FACSIMILE (202) 514-9440
Joseph.B.Syverson@usdoj.gov

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

s/ Steven I. Frahm

February 25, 2008

Of Counsel